## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D. | : | CIVIL ACTION |
| 23 Park Avenue, 2ⁿᵈ Floor | : | |
| Rockledge, PA 19046, | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS | : | |
| 3750 Market Street | : | |
| Philadelphia, PA 19104-3102, | : | |
| | : | |
| and | : | |
| | : | NO. |
| FEDERATION OF STATE MEDICAL BOARDS | : | |
| OF THE UNITED STATES, INC. | : | |
| Department of Examination Services | : | |
| 400 Fuller Wiser Street, Suite 300 | : | |
| Euless, TX 76039, | : | |
| | : | JURY TRIAL DEMANDED |
| and | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| BUREAU OF PROFESSIONAL  AND | : | |
| OCCUPATIONAL AFFAIRS | : | |
| STATE BOARD OF MEDICINE | : | |
| 2601 North 3ʳᵈ Street | : | |
| Harrisburg, PA 17110, | : | |
| Defendants. | : | |

## C O M P L A I N T

## I.        INTRODUCTION

1.        This is a civil rights action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985(2) and (3) and 1986.  Plaintiff seeks injunctive and declaratory relief, damages and attorney's fees.

## II.   JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343, 2201(a) and 2202.  In addition, Plaintiff invokes the pendent jurisdiction of the Court over her claims arising under state law.

3.      The alleged unlawful practices of the Defendants, their agents, servants, appointees, employees, attorneys, and assigns, as set forth particularly hereinbelow, were committed by them within the Commonwealth of Pennsylvania and the United States Eastern Judicial District of Pennsylvania, to wit Philadelphia and Dauphin Counties.

## III.   PARTIES

4.      Plaintiff, LESLIE M. PARTEM, M.D., is a duly naturalized citizen and resident of the United States and the Commonwealth of Pennsylvania, having immigrated from the former Soviet Union,  residing at 23 Park Avenue, Rockledge, Pennsylvania.

5.      Defendant, NATIONAL BOARD OF MEDICAL EXAMINERS (hereinafter "NBME"), is a non-profit nationwide organization consisting of individuals and representatives of organizations in various health, medical education, evaluation and practice professions, organized and existing primarily to provide examinations and assessments for the various health professions. The NBME maintains its principal Commonwealth of Pennsylvania offices at 3750 Market Street, Philadelphia.

6.      Defendant, FEDERATION OF STATE MEDICAL BOARDS OF THE UNITED STATES, INC. (hereinafter "FSMB"), is an incorporated national organization comprised of the approximately 70 medical boards of the United States (including the Pennsylvania State Board of Medicine), the District of Columbia, Puerto Rico, Guam, the Commonwealth of the Northern Marina Islands and the U.S. Virgin Islands. The FSMB

maintains its principal offices in the State of Texas at 400 Fuller Wiser Street, Suite 300, Euless.

7.     Defendant, COMMONWEALTH OF PENNSYLVANIA BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, STATE BOARD OF MEDICINE (hereinafter  "State Board" or "Board"), is an agency of the Commonwealth of Pennsylvania consisting of a Board established by the Pennsylvania Medical Practice Act of 1985, as amended, 63 P.S. §§422.1, et seq. (hereinafter "Act"), the members, terms of office and duties of which are prescribed by law, including the Act and regulations promulgated at Chapters 16 and 17 of Title 49 of the Pennsylvania Code. Said Defendant maintains its principal offices in the Commonwealth of Pennsylvania at 2601 North 3rd Street, Harrisburg.

## IV.     ALLEGATIONS OF FACT

### A. Background

8.     The duties of the State Board, as set forth in and authorized by the Act, include the licensure of medical doctors for the purpose of the lawful practice of medicine in the Commonwealth of Pennsylvania (hereinafter "Commonwealth"), and the establishment of standards and criteria for obtaining and maintaining such licenses.

9.     The various types of medical licenses in the Commonwealth, including a license without restriction (hereinafter "unrestricted license") are prescribed by the Act, and the requirements for obtaining and maintaining such licenses are set forth in the Act and regulations promulgated at Chapters 16 and 17 of Title 49 of the Pennsylvania Code.

10.     The requirements for persons wishing to apply for  medical licenses in the Commonwealth, including unrestricted licenses, include examinations prescribed in the Act at  63 P.S. §422.24, and the regulations at 49 Pa. Code §17.1.

11.     The Board's function of administering written, oral and practical examinations to qualified candidates for medical licenses in the Commonwealth is required  by the Act, at 63 P.S. §422.24(c)  and (d),  to be discharged via "third-party testing" conducted by an "examining agency".

12.     The Act, at 63 P.S. §422.24(d), authorizes the Board to establish, by regulation, the "maximum number of examination attempts it will recognize for the purpose of receiving a passing score on an examination recognized but not given by the Board."

13.     Pursuant to the above-referenced statutory delegation and authorization, the Board, at 49 Pa. Code §17.1, designates the United States Medical Licensing Examination (hereinafter "USMLE") as an examination acceptable to the Board for the purpose of testing candidates for an unrestricted license, and delegates to the Defendant NBME the function of determining what constitutes a passing score on the USMLE.

14.     The USMLE is a trade-marked, proprietary three-step examination for medical licensure in the United States sponsored and jointly-administered by the Defendants NBME and FSMB.

15.     Defendants NBME and FSMB jointly establish rules for the USMLE, and the scoring of the USMLE.  The determination of what constitutes a passing score, and the establishment of standard errors of scoring measurement, are determined by the NBME.

16.     USMLE scores are reported by the Defendant NBME to individual medical licensing authorities of the various jurisdictions in the United States and its territories, including the Defendant State Board.

17.     Pursuant to 49 Pa. Code §§17.1(a) and 17.12c, persons eligible to apply for an unrestricted license in the Commonwealth of Pennsylvania may  qualify for application by achieving a passing score, as determined by the NBME,  on Steps 1, 2 and 3 of the USMLE completed within a 7-year period.

18.     By Board regulation, at 49 Pa. Code §17.12c(b), "[i]f an individual fails to secure a passing score on Step 3 [of the USMLE] in a third attempt [within a 7-year period], the individual shall repeat a year of graduate medical training at a first or second-year level before retaking Step 3".

**B.     Plaintiff's Attempts To Pass the USMLE, Step 3**

19.     Plaintiff obtained her medical degree in the former Soviet Union where she practiced for eleven (11) years, specializing in Obstetrics and Gynecology. Plaintiff and her daughter immigrated to the United States for political reasons.

20.     A graduate of a foreign country's medical school, in order to obtain a license to practice medicine in the United States, must complete at least three (3) years of graduate-level training at an accredited medical institution in the United States.

21.     The Board, at 49 Pa. Code §17.5, has promulgated regulations for the issuance of a "graduate license" which authorizes the licensee to:

        (a)     participate in a year of graduate medical training at a hospital to which the licensee is assigned;

        (b)     participate in a second year of graduate training at a hospital to which the licensee is assigned upon obtaining a passing score on Step 1 or Step 2 of the USMLE or other licensing examination acceptable to the Board; and

(c)     participate in a third or higher year of graduate training at a hospital to which the licensee is assigned upon obtaining a passing score on Step 3 of the USMLE or other licensing examination acceptable to the Board.

22.     Pursuant to 49 Pa. Code §17.5, Plaintiff obtained a graduate medical license and entered into a contract for her graduate medical training at the Bryn Mawr Hospital in Bryn Mawr, PA.

23.     Plaintiff took and passed Steps 1 and 2 of the USMLE on December 11, 1998 and May 17, 2000, respectively.

24.     Plaintiff is currently in her second year of graduate medical training in the Family Medicine Residency Program at Bryn Mawr Hospital.

25.     Having begun her USMLE testing in December, 1998, Plaintiff's 7-year period under Pennsylvania law for completing all three steps of the USMLE ended in December, 2005.

26.     On or about December 9, 2003, Plaintiff took Step 3 of the USMLE for the first time, and did not obtain a passing score.

27.     On or about December 16, 2004, Plaintiff took Step 3 of the USMLE for a second time, and did not obtain a passing score.

28.     On or about July 5, 2005, Plaintiff took Step 3 of the USMLE for a third time, and did not obtain a passing score.

29.     On or about December 5, 2005, Plaintiff took Step 3 of the USMLE for a fourth time [for purposes of licensure in the State of Delaware, 3 attempts being the PA. limit under 49 Pa. Code §17.12c(b)] and did not obtain a passing score.

**C.**     **Allegations Concerning the July and December, 2005 Step 3 Examinations**

30.     On the July 2005 Step 3 exam (her last attempt for purposes of licensure in Pennsylvania), Defendant NBME gave Plaintiff scores of 74 (overall exam performance) and 182 (Step 3 exam performance) on a scale in which the NBME defined scores of *75* and *184*, respectively, as passing.

31.     On the December, 2005 USMLE (taken for purposes of Delaware licensure), Defendant NBME gave Plaintiff scores of 74 (overall exam performance) and 183 (Step 3 exam performance) on a scale in which the NBME defined scores of *75* and *184*, respectively, as passing.

32.      According to NBME documents, the overall exam performance rating scale has a standard error of measurement of approximately 3 points, and the Step 3 performance rating scale has a standard error of measurement of approximately 6 points.

33.     Plaintiff believes and therefore avers that her responses to two of the questions on the July, 2005 examination were scored incorrectly. Had those two questions, or either one of them, been scored correctly, Plaintiff would have obtained a passing score on Step 3.

34.     By way of various letters, email and telephone calls, Plaintiff and her attorney at the time, Nancy O'Mara Ezold, Esquire, requested that Defendant NBME reevaluate her responses to the above-referenced two contested exam items on the July, 2005 Step 3 USMLE, and  to adjust the score upward from 74 to compensate for the incorrect scoring.

35.     Plaintiff and her attorney, Ms. Ezold, also contacted Defendant FSMB to contest the manner in which the July Step 3 USMLE was administered to her at the

7

examination facility. Plaintiff asserted defects in the computer equipment on which the examination was given, and the procedure used in administering said examination to her.

36.     Defendants NMBE and FSMB denied Plaintiff's requests for a reevaluation and rescoring of the July, 2005 USMLE Step 3, and Defendant FSMB rejected Plaintiff's complaints about the equipment problems and process by which the examination was administered to her.

37.     Plaintiff thereafter retained the services of a practicing physician who is an expert in the subject matters of the two disputed questions. That physician has provided a report supporting Plaintiff's contentions concerning the correctness of her responses to the above-referenced two disputed examination questions.

38.     By letter dated April 10, 2006 from her undersigned attorney, Plaintiff again requested that Defendant NBME reevaluate and rescore Plaintiff's July, 2005, USMLE Step 3. Said letter mentions the fact that Plaintiff obtained the above-referenced expert opinion concerning her responses to the aforementioned two disputed examination questions. A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "A".

39.     Despite Plaintiff's above-referenced requests, Defendant NBME refuses to reevaluate and rescore Plaintiffs July, 2005, USMLE Step 3 exam.  The NBME's refusal, in which the two examination items at issue are described as "unscored pre-test materials that were not used in calculating her score", is set forth in its letter dated April 26, 2006, a true and correct copy of which is attached hereto and made part hereof as Exhibit "B".

40.     By letter dated April 28, 2006, Plaintiff's counsel responded to the NBME's letter of April 26, 2006 inquiring as to whether the so-called "unscored pre-test" questions were identified as such on the day of the examination. A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "C".

41.     By letter dated May 8, 2006, the NBME responded to the letter of April 28, 2006 from Plaintiff's counsel. In that letter, the NBME indicates that the examination included "…pretest material that included, but was not limited to, the two…" examination items at issue, and that said items are not identified for examinees in order to "…make sure that the item is performing as expected,…[and]…for pretest data to be useful and meaningful in this process,…" A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "D".

42.      Plaintiff believes and therefore avers that her national origin is a factor in the refusal of Defendant NBME to re-score her July, 2005 examination.

43.     Notwithstanding the Defendant NBME's refusal, as indicated hereinabove, Dr. Plaintiff's scores on the USMLE Step 3 are well within the standard errors of measurement on the NBME's own rating scales.

44.     The refusal of Defendant NBME to re-score Plaintiff's July, 2005 examination precludes her application for Pennsylvania licensure, without repeating at least a year of her graduate study, because that examination was her third attempt to pass Step 3.

45.     Even if Plaintiff opted to attempt to repeat a year of graduate medical training in order to take Step 3 again for purposes of licensure in Pennsylvania, pursuant to  49 Pa. Code §17.12c(b), she could not because Plaintiff  has been informed by the

Bryn Mawr Hospital (hereinafter "Hospital") that because the NBME has not deemed her to have achieved passing scores on Step 3 of the USMLE, the Hospital will be unable to renew her contract, and she will therefore lose her position in June, 2006 because of her ineligibility for Pennsylvania licensure.

46.     The only impediment to Plaintiff's eligibility for an unrestricted Pennsylvania license is that the NBME has not deemed her to have achieved passing scores on Step 3 of the USMLE. That is, she has received excellent clinical evaluations at the Hospital, the endorsement of her professional colleagues, support of the Hospital's administration, and otherwise meets the licensure eligibility criteria set forth in the Act and above-referenced Board regulations.

47.     By letter dated April 11, 2006 from Plaintiff's undersigned attorney to the State Board, Plaintiff requested a determination by said Board that Plaintiff be deemed to have passed Step 3 of the USMLE, administered in July, 2005, for purposes of applying for a license without restriction via endorsement pursuant to 49 Pa. Code §17.2(a). Alternatively, in said letter Plaintiff requested that the Board promptly refer the matter for a hearing for purposes of receiving and evaluating Plaintiff's evidence concerning the 2005 administration and scoring of her USMLE Step 3 examinations, and deciding whether said evidence warrants (1) waiver by the Board of the requirement of 49 Pa. Code §17.12c(b); and (2) the Board's granting of leave to Plaintiff and Bryn Mawr Hospital to apply for licensure by Board endorsement pursuant to 49 Pa. Code §17.2(a). A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "E".

48.     Despite Plaintiff's above-referenced request, by letter dated April 19, 2006, the State Board denied the requests contained in the aforementioned letter dated April 11, 2006, including Plaintiff's request for a hearing. A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "F".

**D.     Plaintiff's Injuries**

49.     As a result of the Defendants' aforesaid actions and failures to act, Plaintiff's ability to practice medicine in the state of her residence and graduate training, the Commonwealth of Pennsylvania, has been substantially diminished if not completely foreclosed, to her great detriment and loss.

50.     As a result of the Defendants' aforesaid actions and failures to act, Plaintiff suffered national origin-based stigmatization; mental and emotional distress with related physical ramifications; anxiety and depression; feelings of self-worthlessness; humiliation; embarrassment; pain and suffering with diagnosed related physical repercussions; loss of professional esteem among her professional colleagues; and elimination of professional opportunities in the United States, all to her great detriment and loss.

51.     Plaintiff has sought and received medical and psychological treatment for the above-referenced symptoms.

**COUNT I**
**42 U.S.C. §1983**
**(Plaintiff v. NBME)**

52.     Paragraphs 1 through 51 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

53.   The Defendant NBME, although a private entity, is a state actor, and has acted under color of state law for purposes of 42 U.S.C. §1983 because, *inter alia*:

(a)   the NBME is, by express reference in the aforementioned laws and regulations of the Commonwealth, designated as the entity approved to discharge a state function, i.e., the examination of candidates for medical licenses, and is the entity to which that function has been delegated by the Commonwealth;

(b)   based upon the aforementioned statutory and regulatory authorization, the actions of the NBME with respect to the administration and scoring of the USMLE, including the NBME's acts and refusals to act with respect to Plaintiff's Step 3 portion thereof, may be deemed the actions of the Commonwealth of Pennsylvania;

(c)   based upon the aforementioned statutory and regulatory authorization, the actions of the NBME with respect to the administration and scoring of the USMLE, including the NBME's acts and refusals to act with respect to Plaintiff's Step 3 portion thereof, are directly attributable to the Commonwealth of Pennsylvania;

(d)   the aforesaid acts and failures to act of the NBME carry the imprimatur of the Defendant State Board of Medicine, such that there is a nexus between the two defendants which is sufficiently close to deem the actions of the NBME with respect to scoring the USMLE to be actions of the Commonwealth of Pennsylvania;

(e)   but for the aforesaid actions and inactions of Defendant NBME, Plaintiff would now possess an unrestricted license to practice medicine in the Commonwealth of Pennsylvania;

(f)     absent the above-referenced statutory and regulatory authority and recognition accorded the Defendant NBME by the Defendant State Board, and the deference given to the NBME's judgment by the State Board, the injury which Plaintiff alleges has been inflicted by the NBME would not have been possible;

(g)     by rejecting the requests contained in the letter from Plaintiff's counsel dated April 11, 2006 (Exhibit "C"), Defendant State Board has ceded to Defendant NBME the authority to determine qualifications for medical licensure, at least with respect to Plaintiff; and

(h)     by rejecting the requests contained in the letter from Plaintiff's counsel dated April 11, 2006 (Exhibit "C"), Defendant State Board and Defendant NBME have purposely acted in concert, one with the other, and were willfully jointly engaged in denying, or collaborating to deny,  Plaintiff the opportunity to obtain an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

54.     By committing the aforesaid acts, and by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, Defendant NBME, acting under color of state law, has deprived Plaintiff of her right to equal privileges and immunities under the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

55.     By committing the aforesaid acts,  by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania,  and by failing to accord Plaintiff equal treatment under the law, as compared to the treatment accorded U.S.-born doctors, Defendant NBME,  acting under color of state law, has deprived Plaintiff of her right to the equal protection of the laws, and equal privileges and immunities under the laws, as

guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

56.     By committing the aforesaid acts, by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, specifically by failing to correctly score Plaintiff's USMLE Step 3 examination, Defendant NBME, acting under color of state law, made a manifestly unreasonable determination or classification which has deprived Plaintiff of her right to substantive due process, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

57.     The aforesaid acts and practices of Defendant NBME were willful, purposeful, deliberate and performed with the specific intent of denying Plaintiff medical licensure.

58.     As a result of Defendant NBME's aforesaid violations of 42 U.S.C. §1983, Plaintiff suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendant NBME, and  seeks compensatory damages,  punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

**COUNT II**
**42 U.S.C. §1983**
**(Plaintiff v. FSMB)**

59.     Paragraphs 1 through 58 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

60.     The Defendant FSMB, although a private entity, is a state actor, and has acted under color of state law for purposes of 42 U.S.C. §1983 because, *inter alia*:

(a)     Defendant State Board, as are most if not all state medical licensing authorities of the various states, is a member of the FSMB;

(b)     Defendant FSMB is, by express reference in the aforementioned laws and regulations of the Commonwealth, designated as the entity approved to discharge a state function, i.e., the examination of candidates for medical licenses, specifically the administration of the FLEX I AND FLEX II examinations, and is the entity to which that function has been delegated by the Commonwealth pursuant to 49 Pa. Code §§16.1 and 17.1;

(c)     Defendant FSMB is, by express reference in the aforementioned regulations of the Commonwealth, designated as the entity approved to discharge a state function, i.e., the verification of the authenticity of credentials of candidates for medical licenses,  pursuant to 49 Pa. Code §17.9;

(d)     Defendant FSMB is authorized by the State Board to jointly administer, with Defendant NBME, the USMLE;

(e)     Pursuant to the above-referenced authorization by the State Board, Defendant FSMB provides facilities and equipment for the administration of the USMLE including but not limited to the location, facilities, X-ray photographs, computers and other equipment provided in the administration to Plaintiff of the Step 3 portion of her USMLE examination;

(f)     Pursuant to the above-referenced authorization by the State Board, Defendant FSMB retains the scores given to persons who have taken the USMLE and reports said scores to the various state medical licensing authorities;

(g)     absent the above-referenced statutory and regulatory authority and recognition accorded the Defendant FSMB by the Defendant State Board, and the deference given to the FSMB's judgment by the State Board, the injury which Plaintiff alleges has been inflicted by the FSMB would not have been possible;

(h)     by rejecting the aforesaid requests of Plaintiff and her former attorney, Ms. Ezold, concerning the manner in which the July, 2005 USMLE Step 3 examination was administered to Plaintiff, Defendant FSMB acted on behalf of the State Board to deny Plaintiff a fair opportunity to pass said examination;

(i)     Defendant State Board has ceded to Defendant FSMB the authority to determine complaints concerning the administration of the USMLE, such as the aforementioned complaints submitted to the FSMB by Plaintiff and Ms. Ezold; and

(j)     by rejecting the complaints of Plaintiff and her previous counsel concerning the administration to Plaintiff of the July, 2005 USMLE Step 3 examination, Defendant State Board and Defendant FSMB have purposely acted in concert, one with the other, and were willfully jointly engaged in denying, or collaborating to deny, Plaintiff a fair opportunity to obtain an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

61.     By committing the aforesaid acts, and by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, Defendant FSMB, acting under color of state law, has deprived Plaintiff of her right to equal privileges and immunities under

16

the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

62.     By committing the aforesaid acts,  by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania,  and by failing to accord Plaintiff equal treatment under the law, as compared to the treatment accorded U.S.-born doctors, Defendant FSMB,  acting under color of state law, has deprived Plaintiff of her right to the equal protection of the laws, and equal privileges and immunities under the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

63.     By committing the aforesaid acts,  by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, specifically  by failing to take action to correct the defects complained of by Plaintiff and her former attorney concerning the administration of Plaintiff's USMLE Step 3 examination,  Defendant FSMB, acting under color of state law, made a manifestly unreasonable determination or classification which has deprived Plaintiff of her right to substantive due process, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

64.     The aforesaid acts and practices of Defendant FSMB were willful, purposeful, deliberate and performed with the specific intent of denying Plaintiff medical licensure.

65.     As a result of Defendant FSMB's aforesaid violations of 42 U.S.C. §1983, Plaintiff suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendant FSMB, and  seeks compensatory damages,  punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT III
### 42 U.S.C. §1983
### (Plaintiff v. State Board of Medicine)

66.     Paragraphs 1 through 65 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

67.     By committing the aforesaid acts, and by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, Defendant State Board, acting under color of state law, has deprived Plaintiff of her right to equal privileges and immunities under the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

68.     By committing the aforesaid acts,  by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania,  and by failing to accord Plaintiff equal treatment under the law, as compared to the treatment accorded U.S.-born doctors, Defendant State Board,  acting under color of state law, has deprived Plaintiff of her right to the equal protection of the laws, and equal privileges and immunities under the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

69.     By committing the aforesaid acts,  by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, specifically  by failing to direct Defendant NBME to correctly score Plaintiff's USMLE Step 3 examination, Defendant

State Board,  acting under color of state law, made a manifestly unreasonable determination or classification which has deprived Plaintiff of her right to substantive due process, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

70.     By rejecting the requests contained in the aforementioned letter dated from Plaintiff's attorney dated April 11, 2006 (Exhibit "C"), Defendant State Board, acting under color of state law, deprived Plaintiff of her right to procedural due process, as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

71.     The aforesaid acts and practices of Defendant State Board were willful, purposeful, deliberate and performed with the specific intent of denying Plaintiff medical licensure.

72.     As a result of aforesaid violations of 42 U.S.C. §1983 by Defendant State Board, Plaintiff suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendant State Board, and  seeks compensatory damages,  punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT IV
## 42 U.S.C. §1985
## (Plaintiff v. All Defendants)

73.     Paragraphs 1 through 72 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

74.     By committing the above-referenced acts, Defendants have conspired with each other, and with their respective deputies, assistants, agent and employees, to deprive Plaintiff of her right to the equal protection of the laws, the equal privileges and immunities under the laws, and the substantive and procedural due process of the law, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America, in violation of 42 U.S.C. §1985(3).

75.     As a result of Defendants' aforesaid acts and practices, they became willing partners with each other, in depriving Plaintiff of the opportunity to obtain an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

76.     The aforesaid acts and practices of Defendants, in conspiracy one with the other, and with their respective deputies, assistants, agents and employees were willful, purposeful, deliberate and performed with the specific intent of preventing Plaintiff from obtaining an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

77.     As a result of Defendants' aforesaid violations of 42 U.S.C. §1985(3), Plaintiff has suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against all Defendants, and  seeks compensatory damages,  punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT V
## 42 U.S.C. §1986
## (Plaintiff v. All Defendants)

78.     Paragraphs 1 through 77 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

79.     Defendants, at all times pertinent hereto, were aware of the aforesaid actions which constitute violations of 42 U.S.C. §1985(3), but callously neglected or intentionally refused to take action to prevent the commission of the said actions, in violation of 42 U.S.C. §1986.

80.     The aforesaid acts and practices of Defendants, in conspiracy one with the other, and with their respective deputies, assistants, agents and employees were willful, purposeful, deliberate and performed with the specific intent of preventing Plaintiff from obtaining an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

81.     As a result of said Defendants' aforesaid violations of 42 U.S.C. §1986, Plaintiff has suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against all Defendants, and  seeks compensatory damages,  punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT VI
## Breach of Contract
## (Plaintiff v. NBME)

82.     Paragraphs 1 through 81 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

83.     When Plaintiff registered to take Step 3 of the USMLE in the year 2005, and the Defendant NBME accepted her registration fee and agreed to administer said examination to Plaintiff, the parties entered into a binding, enforceable contract, the terms and conditions of which are set forth in the NBME's Bulletin of Information for the USMLE and related registration documents. A true and correct copy of the 2006 Bulletin of Information is attached hereto and made part hereof as Exhibit "E".

84.     By failing to correctly score Plaintiff's examination, as described hereinabove, Defendant NBME breached its contract with Plaintiff.

85.     By failing to reevaluate and rescore Plaintiff's examination in response to her various requests, as described hereinabove, Defendant NBME breached its contract with Plaintiff.

86.     As a direct result of the aforesaid acts and failures to act of Defendant NBME, including said breach of contract, Plaintiff suffered the injuries and consequential damages described hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendant NBME, and seeks compensatory damages and appropriate declaratory relief.

### COUNT VII
### Negligence
### (Plaintiff v. NBME and FSMB)

87.     Paragraphs 1 through 86 hereinabove are incorporated herein by reference as if fully set forth hereinbelow. This claims contained in this Count are pled in the alternative to those set forth in Counts I to V.

88.     Defendants NBME and FSMB had a duty to Plaintiff to exercise reasonable care in the administration and scoring of the Step 3 portion of Plaintiff's USMLE.

89.     Defendants NBME and FSMB knew or had reason to know that the negligent administration and scoring of the Step 3 portion of Plaintiff's USMLE would cause Plaintiff harm, as said Defendants know that the results of the examination are reported to governmental licensing authorities and employers, and that said results affect Plaintiff's ability to become a licensed practitioner and otherwise engage in her chosen profession.

90.     Defendants NBME and FSMB knew or had reason to know that the negligent refusal to reevaluate and rescore  the Step 3 portion of Plaintiff's USMLE would cause Plaintiff harm, for the reasons set forth hereinabove.

91.     The above-described administration and scoring of the Step 3 portion of Plaintiff's USMLE by Defendants NBME and FSMB, and the failure of said Defendants to reevaluate and rescore said examination upon the requests of Plaintiff and her attorneys, was negligent and violated their duty of care to Plaintiff concerning said examination, causing Plaintiff the injuries described hereinabove, to her great detriment and loss.

92.     After Defendants NBME and FSMB were informed or otherwise became aware of the fact that Plaintiff had retained the services of an expert medical consultant who supported her contentions concerning the incorrect scoring of two of the items on the Step 3 portion of the USMLE administered to her by said Defendants in July, 2005, their failure to take prompt corrective action, or to otherwise consider Plaintiff's evidence,

constituted gross negligence and a callous disregard for Plaintiff's well-being, causing

Plaintiff the injuries described hereinabove, to her great detriment and loss.

    WHEREFORE, Plaintiff demands judgment in her favor, against Defendants

NBME and FSMB,  and  seeks compensatory damages,  punitive damages, mandatory

injunctive and declaratory relief, an the costs of this litigation including attorney's fees.


                                        _____FF/3651_____
                                        FRANK FINCH, III
                                        Attorney for Plaintiff

Two Penn Center, Suite 950
15th & Kennedy Boulevard
Philadelphia, PA 19102
(215) 567-6996

Date:  May 12,  2006

## **VERIFICATION**

Pursuant to 28 U.S.C. §1746, I Leslie Partem, M.D., hereby declare under penalty of perjury, that I am a plaintiff in this action, that I have read the foregoing Complaint, and that the facts set forth therein are true and correct to the best of my knowledge, information and belief.

_____
LESLIE PARTEM, M.D.


Executed on this _____ day of _____, 2006.