IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS | : | |
| | : | |
| and | : | |
| | : | NO. 06-2019 |
| FEDERATION OF STATE MEDICAL BOARDS | : | |
| OF THE UNITED STATES, INC. | : | |
| | : | JURY TRIAL DEMANDED |
| and | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| BUREAU OF PROFESSIONAL AND | : | |
| OCCUPATIONAL AFFAIRS | : | |
| STATE BOARD OF MEDICINE | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Rule 65, Fed. R. Civ. P., Plaintiff, through her undersigned counsel, hereby move this Honorable Court for a preliminary injunction as set forth in the proposed order attached hereto.

In support of the motion, plaintiff attaches hereto an Affidavit of Immediate and Irreparable Injury, the Complaint which was filed on May 12, 2006 (and exhibits which are attached thereto), and states as follows:

1. All defendants have been served.

2. Plaintiff, a naturalized U.S. citizen, is a medical doctor who immigrated from the former Soviet Union and is currently in her second year of the Family Practice Residency Program at the Bryn Mawr Hospital in Bryn Mawr, PA. (Complaint, ¶24; Affidavit, ¶ 2 &4).

3. On June 30, 2006 Plaintiff's employment agreement at the Bryn Mawr Hospital will terminate, and she will thus be unable to commence the third year of the Family Practice Residency Program, because Defendant National Board of Medical Examiners ("NBME") reported that she failed, by one point, the USMLE Step 3 examination which Plaintiff took in July, 2005.(Complaint, ¶45; Affidavit, ¶s 9 &10).

4. The USMLE is jointly administered by the NBME and the Federation of State Medical Boards (FSMB). (Complaint, ¶s 14, 15 & 60). The Pa. State Board of Medicine is a member of the FSMB.

5. Plaintiff contends that the NBME should have given her a passing score on the USMLE Step 3 examination, and has obtained the opinion of a medical expert whose conclusions regarding the NBME's scoring of her responses to certain examination questions supports her contention. (Complaint, ¶s 33 & 37; Affidavit, ¶s 11 & 12).

6. The NBME denied the requests of Plaintiff and her attorneys that it rescore her USMLE Step 3 examination. The NBME's final denials came in letters dated April 26 and May 8, 2006. (Complaint, ¶36, 39 & 41; Affidavit, ¶ 10).

7. The Pa. State Board of Medical Examiners denied a request that Plaintiff be permitted to apply for Pennsylvania licensure without restriction notwithstanding the reported result of her USMLE Step 3 examination, or that it give Plaintiff a hearing on her claims concerning the NBME's scoring of the examination. Said denial came by letter dated April 19, 2006 (Complaint, ¶s 47 & 48; Affidavit, ¶ 14).

8. By regulation, the Pa. State Board of Medical Examiners delegates to the NBME and the FSMB the authority to design, administer and score medical examinations

the passing of which are prerequisites to obtain various licenses to practice medicine in the Commonwealth of Pennsylvania, including an unrestricted license. (Complaint, ¶s 17, 18, 21, 53 & 60).

9. Plaintiff alleges that the above-referenced actions of the defendants, including but not limited to the refusal of the Pa. State Board of Medical Examiners to give her a hearing on her claims, violate the Fourteenth Amendment to the United States Constitution.

10. The action which is about to occur insofar as plaintiff's residency at the Bryn Mawr Hospital, which action is based exclusively on the aforesaid actions of the defendants, is one which cannot be reversed, remedied, or otherwise undone should plaintiff prevail on the merits of her claims. That is, there is no remedy which this Court, or anyone else, could fashion in the future which would return plaintiff to the exact situation in which she currently stands in terms of her career.

11. Plaintiff, by and through her undersigned counsel, hereby avers that all of the criteria for the issuance of a preliminary injunction are met in that:

   (a) plaintiff has a strong likelihood of success on the merits of her federal constitutional claims;

   (b) if the requested relief is not granted, plaintiff will suffer immediate and irreparable harm;

   (c) if the requested preliminary injunction is granted, the defendants will suffer no substantial harm; and

   (d) the public interest supports the grant of plaintiff's motion.

The foregoing criteria, and the manner in which they apply to the facts in the instant case, are more fully set forth in the accompanying Memorandum of Law.

Respectfully submitted,

____FF3651_____        ____June 5, 2006____
Frank Finch, III, Esquire (Pa. I.D. #15728)                    Date
Law Offices of Frank Finch, III
Two Penn Center, Suite 950
15th Street & Kennedy Blvd.
Philadelphia, PA  19102
Tel.: (215) 567-6996
Fax: (215) 567-1998