

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE M. PARTEM, M.D.<br>23 Park Avenue, 2nd Floor<br>Rockledge, PA 19046,<br>　　　　　　　　Plaintiff, | : CIVIL ACTION<br>:<br>:<br>: |
| vs. | : |
| NATIONAL BOARD OF MEDICAL EXAMINERS<br>3750 Market Street<br>Philadelphia, PA 19104-3102, | :<br>:<br>: |
| and | : **06 -2019**<br>: NO. |
| FEDERATION OF STATE MEDICAL BOARDS<br>OF THE UNITED STATES, INC.<br>Department of Examination Services<br>400 Fuller Wiser Street, Suite 300<br>Euless, TX 76039, | :<br>:<br>:<br>:<br>: |
| and | : JURY TRIAL DEMANDED<br>: |
| COMMONWEALTH OF PENNSYLVANIA<br>BUREAU OF PROFESSIONAL AND<br>OCCUPATIONAL AFFAIRS<br>STATE BOARD OF MEDICINE<br>2601 North 3rd Street<br>Harrisburg, PA 17110,<br>　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: |

## C O M P L A I N T

### I.    INTRODUCTION

1.     This is a civil rights action brought pursuant to the Civil Rights Act of

1871, 42 U.S.C. §§1983, 1985(2) and (3) and 1986.  Plaintiff seeks injunctive and

declaratory relief, damages and attorney's fees.

## II.   JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343, 2201(a) and 2202.  In addition, Plaintiff invokes the pendent jurisdiction of the Court over her claims arising under state law.

3.      The alleged unlawful practices of the Defendants, their agents, servants, appointees, employees, attorneys, and assigns, as set forth particularly hereinbelow, were committed by them within the Commonwealth of Pennsylvania and the United States Eastern Judicial District of Pennsylvania, to wit Philadelphia and Dauphin Counties.

## III.   PARTIES

4.      Plaintiff, LESLIE M. PARTEM, M.D., is a duly naturalized citizen and resident of the United States and the Commonwealth of Pennsylvania, having immigrated from the former Soviet Union, residing at 23 Park Avenue, Rockledge, Pennsylvania.

5.      Defendant, NATIONAL BOARD OF MEDICAL EXAMINERS (hereinafter "NBME"), is a non-profit nationwide organization consisting of individuals and representatives of organizations in various health, medical education, evaluation and practice professions, organized and existing primarily to provide examinations and assessments for the various health professions. The NBME maintains its principal Commonwealth of Pennsylvania offices at 3750 Market Street, Philadelphia.

6.      Defendant, FEDERATION OF STATE MEDICAL BOARDS OF THE UNITED STATES, INC. (hereinafter "FSMB"), is an incorporated national organization comprised of the approximately 70 medical boards of the United States (including the Pennsylvania State Board of Medicine), the District of Columbia, Puerto Rico, Guam, the Commonwealth of the Northern Marina Islands and the U.S. Virgin Islands. The FSMB

maintains its principal offices in the State of Texas at 400 Fuller Wiser Street, Suite 300, Euless.

7.     Defendant, COMMONWEALTH OF PENNSYLVANIA BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, STATE BOARD OF MEDICINE (hereinafter "State Board" or "Board"), is an agency of the Commonwealth of Pennsylvania consisting of a Board established by the Pennsylvania Medical Practice Act of 1985, as amended, 63 P.S. §§422.1, et seq. (hereinafter "Act"), the members, terms of office and duties of which are prescribed by law, including the Act and regulations promulgated at Chapters 16 and 17 of Title 49 of the Pennsylvania Code. Said Defendant maintains its principal offices in the Commonwealth of Pennsylvania at 2601 North 3rd Street, Harrisburg.

## IV.     **ALLEGATIONS OF FACT**

### A. **Background**

8.     The duties of the State Board, as set forth in and authorized by the Act, include the licensure of medical doctors for the purpose of the lawful practice of medicine in the Commonwealth of Pennsylvania (hereinafter "Commonwealth"), and the establishment of standards and criteria for obtaining and maintaining such licenses.

9.     The various types of medical licenses in the Commonwealth, including a license without restriction (hereinafter "unrestricted license") are prescribed by the Act, and the requirements for obtaining and maintaining such licenses are set forth in the Act and regulations promulgated at Chapters 16 and 17 of Title 49 of the Pennsylvania Code.

10.    The requirements for persons wishing to apply for  medical licenses in the Commonwealth, including unrestricted licenses, include examinations prescribed in the Act at  63 P.S. §422.24, and the regulations at 49 Pa. Code §17.1.

11.     The Board's function of administering written, oral and practical examinations to qualified candidates for medical licenses in the Commonwealth is required by the Act, at 63 P.S. §422.24(c) and (d), to be discharged via "third-party testing" conducted by an "examining agency".

12.     The Act, at 63 P.S. §422.24(d), authorizes the Board to establish, by regulation, the "maximum number of examination attempts it will recognize for the purpose of receiving a passing score on an examination recognized but not given by the Board."

13.     Pursuant to the above-referenced statutory delegation and authorization, the Board, at 49 Pa. Code §17.1, designates the United States Medical Licensing Examination (hereinafter "USMLE") as an examination acceptable to the Board for the purpose of testing candidates for an unrestricted license, and delegates to the Defendant NBME the function of determining what constitutes a passing score on the USMLE.

14.     The USMLE is a trade-marked, proprietary three-step examination for medical licensure in the United States sponsored and jointly-administered by the Defendants NBME and FSMB.

15.     Defendants NBME and FSMB jointly establish rules for the USMLE, and the scoring of the USMLE. The determination of what constitutes a passing score, and the establishment of standard errors of scoring measurement, are determined by the NBME.

16.     USMLE scores are reported by the Defendant NBME to individual medical licensing authorities of the various jurisdictions in the United States and its territories, including the Defendant State Board.

4

17.     Pursuant to 49 Pa. Code §§17.1(a) and 17.12c, persons eligible to apply for an unrestricted license in the Commonwealth of Pennsylvania may qualify for application by achieving a passing score, as determined by the NBME, on Steps 1, 2 and 3 of the USMLE completed within a 7-year period.

18.     By Board regulation, at 49 Pa. Code §17.12c(b), "[i]f an individual fails to secure a passing score on Step 3 [of the USMLE] in a third attempt [within a 7-year period], the individual shall repeat a year of graduate medical training at a first or second-year level before retaking Step 3".

**B.     Plaintiff's Attempts To Pass the USMLE, Step 3**

19.     Plaintiff obtained her medical degree in the former Soviet Union where she practiced for eleven (11) years, specializing in Obstetrics and Gynecology. Plaintiff and her daughter immigrated to the United States for political reasons.

20.     A graduate of a foreign country's medical school, in order to obtain a license to practice medicine in the United States, must complete at least three (3) years of graduate-level training at an accredited medical institution in the United States.

21.     The Board, at 49 Pa. Code §17.5, has promulgated regulations for the issuance of a "graduate license" which authorizes the licensee to:

(a)     participate in a year of graduate medical training at a hospital to which the licensee is assigned;

(b)     participate in a second year of graduate training at a hospital to which the licensee is assigned upon obtaining a passing score on Step 1 or Step 2 of the USMLE or other licensing examination acceptable to the Board; and

5

(c)     participate in a third or higher year of graduate training at a hospital to which the licensee is assigned upon obtaining a passing score on Step 3 of the USMLE or other licensing examination acceptable to the Board.

22.     Pursuant to 49 Pa. Code §17.5, Plaintiff obtained a graduate medical license and entered into a contract for her graduate medical training at the Bryn Mawr Hospital in Bryn Mawr, PA.

23.     Plaintiff took and passed Steps 1 and 2 of the USMLE on December 11, 1998 and May 17, 2000, respectively.

24.     Plaintiff is currently in her second year of graduate medical training in the Family Medicine Residency Program at Bryn Mawr Hospital.

25.     Having begun her USMLE testing in December, 1998, Plaintiff's 7-year period under Pennsylvania law for completing all three steps of the USMLE ended in December, 2005.

26.     On or about December 9, 2003, Plaintiff took Step 3 of the USMLE for the first time, and did not obtain a passing score.

27.     On or about December 16, 2004, Plaintiff took Step 3 of the USMLE for a second time, and did not obtain a passing score.

28.     On or about July 5, 2005, Plaintiff took Step 3 of the USMLE for a third time, and did not obtain a passing score.

29.     On or about December 5, 2005,  Plaintiff took Step 3 of the USMLE for a fourth time [for purposes of licensure in the State of Delaware, 3 attempts being the PA. limit under  49 Pa. Code §17.12c(b)] and did not obtain a passing score.

6

**C.    Allegations Concerning the July and December, 2005 Step 3 Examinations**

30.    On the July 2005 Step 3 exam (her last attempt for purposes of licensure in Pennsylvania), Defendant NBME gave Plaintiff scores of 74 (overall exam performance) and 182 (Step 3 exam performance) on a scale in which the NBME defined scores of 75 and *184*, respectively, as passing.

31.    On the December, 2005 USMLE (taken for purposes of Delaware licensure), Defendant NBME gave Plaintiff scores of 74 (overall exam performance) and 183 (Step 3 exam performance) on a scale in which the NBME defined scores of *75* and *184*, respectively, as passing.

32.    According to NBME documents, the overall exam performance rating scale has a standard error of measurement of approximately 3 points, and the Step 3 performance rating scale has a standard error of measurement of approximately 6 points.

33.    Plaintiff believes and therefore avers that her responses to two of the questions on the July, 2005 examination were scored incorrectly. Had those two questions, or either one of them, been scored correctly, Plaintiff would have obtained a passing score on Step 3.

34.    By way of various letters, email and telephone calls, Plaintiff and her attorney at the time, Nancy O'Mara Ezold, Esquire, requested that Defendant NBME reevaluate her responses to the above-referenced two contested exam items on the July, 2005 Step 3 USMLE, and  to adjust the score upward from 74 to compensate for the incorrect scoring.

35.    Plaintiff and her attorney, Ms. Ezold, also contacted Defendant FSMB to contest the manner in which the July Step 3 USMLE was administered to her at the

7

examination facility. Plaintiff asserted defects in the computer equipment on which the examination was given, and the procedure used in administering said examination to her.

36. Defendants NMBE and FSMB denied Plaintiff's requests for a reevaluation and rescoring of the July, 2005 USMLE Step 3, and Defendant FSMB rejected Plaintiff's complaints about the equipment problems and process by which the examination was administered to her.

37. Plaintiff thereafter retained the services of a practicing physician who is an expert in the subject matters of the two disputed questions. That physician has provided a report supporting Plaintiff's contentions concerning the correctness of her responses to the above-referenced two disputed examination questions.

38. By letter dated April 10, 2006 from her undersigned attorney, Plaintiff again requested that Defendant NBME reevaluate and rescore Plaintiff's July, 2005, USMLE Step 3. Said letter mentions the fact that Plaintiff obtained the above-referenced expert opinion concerning her responses to the aforementioned two disputed examination questions. A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "A".

39. Despite Plaintiff's above-referenced requests, Defendant NBME refuses to reevaluate and rescore Plaintiffs July, 2005, USMLE Step 3 exam. The NBME's refusal, in which the two examination items at issue are described as "unscored pre-test materials that were not used in calculating her score", is set forth in its letter dated April 26, 2006, a true and correct copy of which is attached hereto and made part hereof as Exhibit "B".

8

40.     By letter dated April 28, 2006, Plaintiff's counsel responded to the NBME's letter of April 26, 2006 inquiring as to whether the so-called "unscored pre-test" questions were identified as such on the day of the examination. A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "C".

41.     By letter dated May 8, 2006, the NBME responded to the letter of April 28, 2006 from Plaintiff's counsel. In that letter, the NBME indicates that the examination included "...pretest material that included, but was not limited to, the two..." examination items at issue, and that said items are not identified for examinees in order to "...make sure that the item is performing as expected,...[and]...for pretest data to be useful and meaningful in this process,..." A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "D".

42.     Plaintiff believes and therefore avers that her national origin is a factor in the refusal of Defendant NBME to re-score her July, 2005 examination.

43.     Notwithstanding the Defendant NBME's refusal, as indicated hereinabove, Dr. Plaintiff's scores on the USMLE Step 3 are well within the standard errors of measurement on the NBME's own rating scales.

44.     The refusal of Defendant NBME to re-score Plaintiff's July, 2005 examination precludes her application for Pennsylvania licensure, without repeating at least a year of her graduate study, because that examination was her third attempt to pass Step 3.

45.     Even if Plaintiff opted to attempt to repeat a year of graduate medical training in order to take Step 3 again for purposes of licensure in Pennsylvania, pursuant to  49 Pa. Code §17.12c(b), she could not because Plaintiff has been informed by the

Bryn Mawr Hospital (hereinafter "Hospital") that because the NBME has not deemed her to have achieved passing scores on Step 3 of the USMLE, the Hospital will be unable to renew her contract, and she will therefore lose her position in June, 2006 because of her ineligibility for Pennsylvania licensure.

46.     The only impediment to Plaintiff's eligibility for an unrestricted Pennsylvania license is that the NBME has not deemed her to have achieved passing scores on Step 3 of the USMLE. That is, she has received excellent clinical evaluations at the Hospital, the endorsement of her professional colleagues, support of the Hospital's administration, and otherwise meets the licensure eligibility criteria set forth in the Act and above-referenced Board regulations.

47.     By letter dated April 11, 2006 from Plaintiff's undersigned attorney to the State Board, Plaintiff requested a determination by said Board that Plaintiff be deemed to have passed Step 3 of the USMLE, administered in July, 2005, for purposes of applying for a license without restriction via endorsement pursuant to 49 Pa. Code §17.2(a). Alternatively, in said letter Plaintiff requested that the Board promptly refer the matter for a hearing for purposes of receiving and evaluating Plaintiff's evidence concerning the 2005 administration and scoring of her USMLE Step 3 examinations, and deciding whether said evidence warrants (1) waiver by the Board of the requirement of 49 Pa. Code §17.12c(b); and (2) the Board's granting of leave to Plaintiff and Bryn Mawr Hospital to apply for licensure by Board endorsement pursuant to 49 Pa. Code §17.2(a). A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "E".

10

48.     Despite Plaintiff's above-referenced request, by letter dated April 19, 2006, the State Board denied the requests contained in the aforementioned letter dated April 11, 2006, including Plaintiff's request for a hearing. A true and correct copy of said letter is attached hereto and made part hereof as Exhibit "F".

**D.     Plaintiff's Injuries**

49.     As a result of the Defendants' aforesaid actions and failures to act, Plaintiff's ability to practice medicine in the state of her residence and graduate training, the Commonwealth of Pennsylvania, has been substantially diminished if not completely foreclosed, to her great detriment and loss.

50.     As a result of the Defendants' aforesaid actions and failures to act, Plaintiff suffered national origin-based stigmatization; mental and emotional distress with related physical ramifications; anxiety and depression; feelings of self-worthlessness; humiliation; embarrassment; pain and suffering with diagnosed related physical repercussions; loss of professional esteem among her professional colleagues; and elimination of professional opportunities in the United States, all to her great detriment and loss.

51.     Plaintiff has sought and received medical and psychological treatment for the above-referenced symptoms.

**COUNT I**
**42 U.S.C. §1983**
**(Plaintiff v. NBME)**

52.     Paragraphs 1 through 51 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

53.     The Defendant NBME, although a private entity, is a state actor, and has acted under color of state law for purposes of 42 U.S.C. §1983 because, *inter alia*:

(a)     the NBME is, by express reference in the aforementioned laws and regulations of the Commonwealth, designated as the entity approved to discharge a state function, i.e., the examination of candidates for medical licenses, and is the entity to which that function has been delegated by the Commonwealth;

(b)     based upon the aforementioned statutory and regulatory authorization, the actions of the NBME with respect to the administration and scoring of the USMLE, including the NBME's acts and refusals to act with respect to Plaintiff's Step 3 portion thereof, may be deemed the actions of the Commonwealth of Pennsylvania;

(c)     based upon the aforementioned statutory and regulatory authorization, the actions of the NBME with respect to the administration and scoring of the USMLE, including the NBME's acts and refusals to act with respect to Plaintiff's Step 3 portion thereof, are directly attributable to the Commonwealth of Pennsylvania;

(d)     the aforesaid acts and failures to act of the NBME carry the imprimatur of the Defendant State Board of Medicine, such that there is a nexus between the two defendants which is sufficiently close to deem the actions of the NBME with respect to scoring the USMLE to be actions of the Commonwealth of Pennsylvania;

(e)     but for the aforesaid actions and inactions of Defendant NBME, Plaintiff would now possess an unrestricted license to practice medicine in the Commonwealth of Pennsylvania;

12

(f)     absent the above-referenced statutory and regulatory authority and recognition accorded the Defendant NBME by the Defendant State Board, and the deference given to the NBME's judgment by the State Board, the injury which Plaintiff alleges has been inflicted by the NBME would not have been possible;

(g)     by rejecting the requests contained in the letter from Plaintiff's counsel dated April 11, 2006 (Exhibit "C"), Defendant State Board has ceded to Defendant NBME the authority to determine qualifications for medical licensure, at least with respect to Plaintiff; and

(h)     by rejecting the requests contained in the letter from Plaintiff's counsel dated April 11, 2006 (Exhibit "C"), Defendant State Board and Defendant NBME have purposely acted in concert, one with the other, and were willfully jointly engaged in denying, or collaborating to deny, Plaintiff the opportunity to obtain an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

54.     By committing the aforesaid acts, and by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, Defendant NBME, acting under color of state law, has deprived Plaintiff of her right to equal privileges and immunities under the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

55.     By committing the aforesaid acts, by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, and by failing to accord Plaintiff equal treatment under the law, as compared to the treatment accorded U.S.-born doctors, Defendant NBME, acting under color of state law, has deprived Plaintiff of her right to the equal protection of the laws, and equal privileges and immunities under the laws, as

guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

56.     By committing the aforesaid acts, by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, specifically by failing to correctly score Plaintiff's USMLE Step 3 examination, Defendant NBME, acting under color of state law, made a manifestly unreasonable determination or classification which has deprived Plaintiff of her right to substantive due process, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

57.     The aforesaid acts and practices of Defendant NBME were willful, purposeful, deliberate and performed with the specific intent of denying Plaintiff medical licensure.

58.     As a result of Defendant NBME's aforesaid violations of 42 U.S.C. §1983, Plaintiff suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendant NBME, and seeks compensatory damages, punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT II
## 42 U.S.C. §1983
## (Plaintiff v. FSMB)

59.     Paragraphs 1 through 58 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

14

60.     The Defendant FSMB, although a private entity, is a state actor, and has acted under color of state law for purposes of 42 U.S.C. §1983 because, *inter alia*:

(a)     Defendant State Board, as are most if not all state medical licensing authorities of the various states, is a member of the FSMB;

(b)     Defendant FSMB is, by express reference in the aforementioned laws and regulations of the Commonwealth, designated as the entity approved to discharge a state function, i.e., the examination of candidates for medical licenses, specifically the administration of the FLEX I AND FLEX II examinations, and is the entity to which that function has been delegated by the Commonwealth pursuant to 49 Pa. Code §§16.1 and 17.1;

(c)     Defendant FSMB is, by express reference in the aforementioned regulations of the Commonwealth, designated as the entity approved to discharge a state function, i.e., the verification of the authenticity of credentials of candidates for medical licenses,  pursuant to 49 Pa. Code §17.9;

(d)     Defendant FSMB is authorized by the State Board to jointly administer, with Defendant NBME, the USMLE;

(e)     Pursuant to the above-referenced authorization by the State Board, Defendant FSMB provides facilities and equipment for the administration of the USMLE including but not limited to the location, facilities, X-ray photographs, computers and other equipment provided in the administration to Plaintiff of the Step 3 portion of her USMLE examination;

15

(f)     Pursuant to the above-referenced authorization by the State Board, Defendant FSMB retains the scores given to persons who have taken the USMLE and reports said scores to the various state medical licensing authorities;

(g)     absent the above-referenced statutory and regulatory authority and recognition accorded the Defendant FSMB by the Defendant State Board, and the deference given to the FSMB's judgment by the State Board, the injury which Plaintiff alleges has been inflicted by the FSMB would not have been possible;

(h)     by rejecting the aforesaid requests of Plaintiff and her former attorney, Ms. Ezold, concerning the manner in which the July, 2005 USMLE Step 3 examination was administered to Plaintiff, Defendant FSMB acted on behalf of the State Board to deny Plaintiff a fair opportunity to pass said examination;

(i)     Defendant State Board has ceded to Defendant FSMB the authority to determine complaints concerning the administration of the USMLE, such as the aforementioned complaints submitted to the FSMB by Plaintiff and Ms. Ezold; and

(j)     by rejecting the complaints of Plaintiff and her previous counsel concerning the administration to Plaintiff of the July, 2005 USMLE Step 3 examination, Defendant State Board and Defendant FSMB have purposely acted in concert, one with the other, and were willfully jointly engaged in denying, or collaborating to deny, Plaintiff a fair opportunity to obtain an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

61.     By committing the aforesaid acts, and by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, Defendant FSMB, acting under color of state law, has deprived Plaintiff of her right to equal privileges and immunities under

16

the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

62.     By committing the aforesaid acts,  by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania,  and by failing to accord Plaintiff equal treatment under the law, as compared to the treatment accorded U.S.-born doctors, Defendant FSMB,  acting under color of state law, has deprived Plaintiff of her right to the equal protection of the laws, and equal privileges and immunities under the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

63.     By committing the aforesaid acts,  by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, specifically  by failing to take action to correct the defects complained of by Plaintiff and her former attorney concerning the administration of Plaintiff's USMLE Step 3 examination,  Defendant FSMB, acting under color of state law, made a manifestly unreasonable determination or classification which has deprived Plaintiff of her right to substantive due process, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

64.     The aforesaid acts and practices of Defendant FSMB were willful, purposeful, deliberate and performed with the specific intent of denying Plaintiff medical licensure.

65.     As a result of Defendant FSMB's aforesaid violations of 42 U.S.C. §1983, Plaintiff suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendant FSMB, and seeks compensatory damages, punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT III
### 42 U.S.C. §1983
### (Plaintiff v. State Board of Medicine)

66.     Paragraphs 1 through 65 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

67.     By committing the aforesaid acts, and by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, Defendant State Board, acting under color of state law, has deprived Plaintiff of her right to equal privileges and immunities under the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

68.     By committing the aforesaid acts, by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, and by failing to accord Plaintiff equal treatment under the law, as compared to the treatment accorded U.S.-born doctors, Defendant State Board, acting under color of state law, has deprived Plaintiff of her right to the equal protection of the laws, and equal privileges and immunities under the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

69.     By committing the aforesaid acts, by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, specifically by failing to direct Defendant NBME to correctly score Plaintiff's USMLE Step 3 examination, Defendant

State Board, acting under color of state law, made a manifestly unreasonable determination or classification which has deprived Plaintiff of her right to substantive due process, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

70.     By rejecting the requests contained in the aforementioned letter dated from Plaintiff's attorney dated April 11, 2006 (Exhibit "C"), Defendant State Board, acting under color of state law, deprived Plaintiff of her right to procedural due process, as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

71.     The aforesaid acts and practices of Defendant State Board were willful, purposeful, deliberate and performed with the specific intent of denying Plaintiff medical licensure.

72.     As a result of aforesaid violations of 42 U.S.C. §1983 by Defendant State Board, Plaintiff suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendant State Board, and seeks compensatory damages, punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT IV
## 42 U.S.C. §1985
## (Plaintiff v. All Defendants)

73.     Paragraphs 1 through 72 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

19

74.     By committing the above-referenced acts, Defendants have conspired with each other, and with their respective deputies, assistants, agent and employees, to deprive Plaintiff of her right to the equal protection of the laws, the equal privileges and immunities under the laws, and the substantive and procedural due process of the law, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America, in violation of 42 U.S.C. §1985(3).

75.     As a result of Defendants' aforesaid acts and practices, they became willing partners with each other, in depriving Plaintiff of the opportunity to obtain an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

76.     The aforesaid acts and practices of Defendants, in conspiracy one with the other, and with their respective deputies, assistants, agents and employees were willful, purposeful, deliberate and performed with the specific intent of preventing Plaintiff from obtaining an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

77.     As a result of Defendants' aforesaid violations of 42 U.S.C. §1985(3), Plaintiff has suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against all Defendants, and seeks compensatory damages,  punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT V
## 42 U.S.C. §1986
## (Plaintiff v. All Defendants)

78.     Paragraphs 1 through 77 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

79.     Defendants, at all times pertinent hereto, were aware of the aforesaid actions which constitute violations of 42 U.S.C. §1985(3), but callously neglected or intentionally refused to take action to prevent the commission of the said actions, in violation of 42 U.S.C. §1986.

80.     The aforesaid acts and practices of Defendants, in conspiracy one with the other, and with their respective deputies, assistants, agents and employees were willful, purposeful, deliberate and performed with the specific intent of preventing Plaintiff from obtaining an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

81.     As a result of said Defendants' aforesaid violations of 42 U.S.C. §1986, Plaintiff has suffered the injuries stated hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against all Defendants, and seeks compensatory damages, punitive damages, injunctive and declaratory relief, and the costs of this litigation including attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT VI
## Breach of Contract
## (Plaintiff v. NBME)

82.     Paragraphs 1 through 81 hereinabove are incorporated herein by reference as if fully set forth hereinbelow.

21

83.     When Plaintiff registered to take Step 3 of the USMLE in the year 2005, and the Defendant NBME accepted her registration fee and agreed to administer said examination to Plaintiff, the parties entered into a binding, enforceable contract, the terms and conditions of which are set forth in the NBME's Bulletin of Information for the USMLE and related registration documents. A true and correct copy of the 2006 Bulletin of Information is attached hereto and made part hereof as Exhibit "E".

84.     By failing to correctly score Plaintiff's examination, as described hereinabove, Defendant NBME breached its contract with Plaintiff.

85.     By failing to reevaluate and rescore Plaintiff's examination in response to her various requests, as described hereinabove, Defendant NBME breached its contract with Plaintiff.

86.     As a direct result of the aforesaid acts and failures to act of Defendant NBME, including said breach of contract, Plaintiff suffered the injuries and consequential damages described hereinabove.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendant NBME, and seeks compensatory damages and appropriate declaratory relief.

## COUNT VII
### Negligence
### (Plaintiff v. NBME and FSMB)

87.     Paragraphs 1 through 86 hereinabove are incorporated herein by reference as if fully set forth hereinbelow. This claims contained in this Count are pled in the alternative to those set forth in Counts I to V.

88.     Defendants NBME and FSMB had a duty to Plaintiff to exercise reasonable care in the administration and scoring of the Step 3 portion of Plaintiff's USMLE.

89.     Defendants NBME and FSMB knew or had reason to know that the negligent administration and scoring of the Step 3 portion of Plaintiff's USMLE would cause Plaintiff harm, as said Defendants know that the results of the examination are reported to governmental licensing authorities and employers, and that said results affect Plaintiff's ability to become a licensed practitioner and otherwise engage in her chosen profession.

90.     Defendants NBME and FSMB knew or had reason to know that the negligent refusal to reevaluate and rescore the Step 3 portion of Plaintiff's USMLE would cause Plaintiff harm, for the reasons set forth hereinabove.

91.     The above-described administration and scoring of the Step 3 portion of Plaintiff's USMLE by Defendants NBME and FSMB, and the failure of said Defendants to reevaluate and rescore said examination upon the requests of Plaintiff and her attorneys, was negligent and violated their duty of care to Plaintiff concerning said examination, causing Plaintiff the injuries described hereinabove, to her great detriment and loss.

92.     After Defendants NBME and FSMB were informed or otherwise became aware of the fact that Plaintiff had retained the services of an expert medical consultant who supported her contentions concerning the incorrect scoring of two of the items on the Step 3 portion of the USMLE administered to her by said Defendants in July, 2005, their failure to take prompt corrective action, or to otherwise consider Plaintiff's evidence,

constituted gross negligence and a callous disregard for Plaintiff's well-being, causing

Plaintiff the injuries described hereinabove, to her great detriment and loss.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendants

NBME and FSMB, and seeks compensatory damages, punitive damages, mandatory

injunctive and declaratory relief, an the costs of this litigation including attorney's fees.

FRANK FINCH, III

Attorney for Plaintiff

Two Penn Center, Suite 950
15th & Kennedy Boulevard
Philadelphia, PA 19102
(215) 567-6996

Date: May 12, 2006

24

## **VERIFICATION**

Pursuant to 28 U.S.C. §1746, I Leslie Partem, M.D., hereby declare under penalty of perjury, that I am a plaintiff in this action, that I have read the foregoing Complaint, and that the facts set forth therein are true and correct to the best of my knowledge, information and belief.

*Leslie M. Partem*

LESLIE PARTEM, M.D.

Executed on this _11 th_ day of _May_, 2006.

LAW OFFICES
## FRANK FINCH, III
ATTORNEY AT LAW

TWO PENN CENTER PLAZA
15TH & KENNEDY BOULEVARD
SUITE 950
PHILADELPHIA, PENNSYLVANIA 19102

(215) 567-6996

FAX: (215) 567-1998

April 10, 2006

## CERTIFIED MAIL, RETURN RECEIPT REQUESTED
Dr. Donald E. Melnick
President
National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

RE: **Leslie M. Partem, M.D.**
**Rockledge, Pennsylvania**
**USMLE #0-575-478-3**

Dear Dr. Melnick:

Please be advised that on March 27, 2006, this office was retained by Leslie M. Partem, M.D., a naturalized U.S. citizen who formerly practiced medicine in the former Soviet Union, who is currently in her second year of training in the Family Medicine Residency Program at the Bryn Mawr Hospital. Please promptly forward this letter to the attorney for the NBME and request that the attorney respond as soon as possible.

This letter is in followup to an exchange of correspondence last year between Dr. Partem and Ms. Stephanie Davis, an NBME Exam Services Specialist, as well as an exchange of email between Dr. Partem's former attorney, Nancy O'Mara Ezold, Esquire, and Mr. David Johnson, Director, USMLE Step 3 Services for the Federation of State Medical Boards. We are sending a copy of this letter to Mr. Johnson. Those earlier communications concerned the administration and scoring of the Step 3 portion of the USMLE taken by Dr. Partem in July, 2005. The purpose of this letter is to renew Dr. Partem's request for a re-scoring of her July, 2005 Step 3 examination.

The July, 2005 examination was Dr. Partem's third attempt to obtain a passing score on the Step 3 portion of the USMLE. Her first two attempts were in December, 2003 and December, 2004, respectively. It is my understanding that the Pennsylvania State Board of Medicine requires licensure applicants to pass Step 3 in no more than three (3) attempts. In December, 2005, Dr. Partem took the Step 3 examination for a fourth time, for purposes of Delaware licensure, and was given scores virtually identical to the scores she was given on the July, 2005 examination.

On the July 2005 Step 3 exam (her last attempt for purposes of licensure in Pennsylvania), Dr. Partem was given scores of 74 (overall exam performance) and 182



Dr. Donald E. Melnick
April 10, 2006/Page 2

(Step 3 exam performance) on a scale in which the NBME defined scores of 75 and 184, respectively, as passing. On the December, 2005 USMLE (taken for purposes of Delaware licensure), Dr. Partem was given a score of 74 (overall exam performance) and 183 (Step 3 exam performance) on a scale in which the NBME defined scores of 75 and 184, respectively, as passing. According to NBME documents, the overall exam performance rating scale has a standard error of measurement of approximately 3 points, and the Step 3 performance rating scale has a standard error or measurement of approximately 6 points.

Dr. Partem believes that her responses to two of the questions on the July, 2005 examination were scored incorrectly. The NBME denied her requests to adjust the score upward from 74 to compensate for the incorrect scoring. Recently Dr. Partem retained the services of a practicing physician who is an expert in the subject matters of the two disputed questions. That physician has provided a report supporting Dr. Partem's contentions. Dr. Partem has also retained the advice of a professor of a medical university with 35 years of experience in scoring and ethical handling of medical examinations. Dr. Partem believes that her national origin may be a factor in the refusal of the NBME to re-score her July, 2005 examination. Notwithstanding the NBME's refusal, as indicated hereinabove, Dr. Partem's scores are well within the standard errors of measurement on the NBME's rating scales. The NBME's refusal to re-score Dr. Partem's July, 2005 examination precludes her application for Pennsylvania licensure because that examination was her third attempt to pass Step 3.

Dr. Partem has been informed by the Bryn Mawr Hospital that because the NBME has not deemed her to have achieved passing scores on Step 3 of the USMLE, she will lose her position in June of this year because of her ineligibility for Pennsylvania licensure. I am informed that the only impediment to Dr. Partem's eligibility for Pennsylvania licensure is that the NBME has not deemed her to have achieved passing scores on Step 3 of the USMLE. Dr. Partem's inability to practice here may have dire consequences for Dr. Partem and her daughter. After practicing medicine for many years in the former Soviet Union, Dr. Partem and her daughter had to leave that country for political reasons. I'm sure you can appreciate the significance of the NBME's continuing refusal to reconsider its decision not to re-score Dr. Partem's Step 3 examination.

Dr. Partem has authorized me to resort to the court if this letter is unsuccessful. We prefer to avoid that option. Kindly have the NBME's counsel promptly advise me whether this is a matter for suit or for amicable resolution.

Very truly yours,

Frank Finch, III

FF:f
cc: Leslie M. Partem, M.D.
    Mr. David Johnson (FSMB)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dr. Donald E. Melnick
President
National Board of Medical
Examiners
3750 Market Street
Philadelphia, PA 19104-3102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  D. Moody     ☐ Agent
                ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☑ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered         ☑ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
   (Transfer from service label)

7005 1820 0003 1510 6722

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



**National Board of Medical Examiners®**
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500

April 26, 2006

Frank Finch, III
Two Penn Center Plaza
15th and Kennedy Boulevard
Suite 950
Philadelphia, PA  19102

RE: Leslie M. Partem, M.D.

Dear Mr. Finch:

We have completed our review of your client's USMLE test history and her specific concerns regarding the scoring of her July 2005 Step3 examination.

Your client's previous correspondence, as well as your letter dated April 10, 2006, request that the NBME re-score her July 2005 Step 3 Examination, claiming that (1) two items were allegedly scored incorrectly; and (2) her scores were within the standard error of measurement.

First, although you did not specify the "two questions" you believe were scored incorrectly, previous correspondence from Dr. Partem reveals that she had concerns with two case simulations. As previously communicated to Dr. Partem, the issues she reported on the case simulation portion of the July 2005 Step 3 involved pre-test (i.e., unscored) materials that were not used in calculating her score. Therefore, even if Dr. Partem's concerns about the content of the questions had merit, they would not provide a valid basis for changing her score.

Second, the USMLE program reports the Standard Error of Measurement (SEM) on all examinee score reports. We do not, however, utilize the SEM to make adjustments to an individual examinee's scores. USMLE is committed to delivering high-quality standardized examinations that provide reliable results to the state licensing authorities for use in granting the initial license to practice medicine. As part of this process, it is important that USMLE is able to assure the state licensing authorities that the scoring procedures are applied in exactly the same way for all examinees, thus providing these authorities with a common system by which to evaluate the numerous applicants seeking licensure.

Further, your letter suggests that the SEM reflects an ambiguity in NBME's scoring of the July 2005 Step 3 Examination. In fact, scores on the examinations are based solely



EXHIBIT

B

on the number of items answered correctly. Accordingly, the July 2005 Step 3 score reported to Dr. Partem is her score on that examination. The SEM, however, reflects the degree to which one would expect an examinee's obtained scores to vary if the individual were repeatedly tested over time with comparable test forms. Thus, even though your client may score higher or lower after repeated attempts, her reported scores on the day she took the July 2005 Step 3 exam reflected her performance on that specific day. Therefore, NBME cannot change Dr. Partem's score based on the SEM.

Finally, your letter also expressed a concern that Dr. Partem's "national origin may be a factor in the refusal of the NBME to re-score her July, 2005 examination." The USMLE program and the NBME do not take national origin into consideration in the administration or scoring of USMLE. The scoring process is automated and all examinees are treated equally. Standard procedures ensure that the score reported for each examinee is an accurate reflection of the answers selected.

Based on the foregoing, there is no legitimate basis to apply to Dr. Partem a scoring procedure that is different from that applied to other examinees who took the Step 3 at the same time she did, and her request to have her July 2005 Step 3 score considered a passing score is denied. Please do not hesitate to contact me with any further questions.

Sincerely,

Mary Beth St. John, Esquire
Legal Counsel
National Board of Medical Examiners

cc:
Donald E. Melnick, M.D.
Mr. David Johnson, M.A.

LAW OFFICES
### FRANK FINCH, III
ATTORNEY AT LAW

TWO PENN CENTER PLAZA
15TH & KENNEDY BOULEVARD
SUITE 950
PHILADELPHIA, PENNSYLVANIA 19102

(215) 567-6996

April 28, 2006

FAX: (215) 567-1998

Mary Beth St. John, Esquire
Legal Counsel
National Board of Medical Examiners
3750 Market Street
Philadelphia, Pa 19104-3102

### RE: Leslie M. Partem, M.D.

Dear Ms. St. John:

This will acknowledge receipt of your letter of April 26, 2006 responding to my letter dated April 10. I am forwarding your letter to Dr. Partem for her review along with a copy of this letter. Thank you for your invitation to followup with further inquiries.

You are correct that the two examination questions referred to in my letter are the two items identified in the previous correspondence the NBME received from Dr. Partem. I am aware from the NBME's responses to Dr. Partem's correspondence that the two items are now described by the NBME as unscored "pre-test" questions. However, it is my understanding from Dr. Partem that those items were not, on the day of the examination, identified as such. If that is correct, Dr. Partem would have had no way of knowing that the items at issue would not be counted and were not part of the examination.

Please advise if the information I have received from Dr. Partem is correct, i.e., that the two items in question were not identified as unscored pre-test questions on the date of the exam. If Dr. Partem is correct, please advise (1) whether or not, in addition to those two items, the exam contained other unscored, pre-test questions, and (2) how, and at what point, the NBME decided to designate those particular items as such.

Thank you for your attention to this matter.

Very truly yours,

Frank Finch, III

FF:f
cc: Leslie M. Partem, M.D. (w/encl.)

**EXHIBIT**
**C**



**National Board of Medical Examiners®**
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500

May 8, 2006

Frank Finch, III
Two Penn Center Plaza
15th and Kennedy Boulevard
Suite 950
Philadelphia, PA 19102

RE: Leslie M. Partem, M.D.

Dear Mr. Finch:

This letter responds to your correspondence dated April 28, 2006 regarding Dr. Leslie Partem.

You have asked (1) whether the two pre-test questions were identified as such on the examination; (2) whether the examination contained other, unscored, pre-test questions; and (3) how, and at what point, the NBME decided to designate those items as pre-test questions.

The USMLE Bulletin of Information, which examinees are expected to read prior to taking an examination, informs examinees that unscored items are included in the USMLE. Specifically, the Bulletin states:

> Some examination materials are included in the USMLE to enhance the examination system and to investigate the measurement properties of the examinations. Such materials are not scored.

Accordingly, every USMLE test form contains content that is being pretested. Dr. Partem's July 2005 Step 3 test form contained pretest material that included, but was not limited to, the two case simulations that have been the focus of previous correspondence. The NBME identifies such pretest material in its scoring system prior to administration to examinees. As a result, performance on pretest items and cases is not used in the scoring and reporting of results.

The NBME collects and analyzes data from pretest material in order to make sure the item is performing as expected, prior to including the content as scored material in a future release of the item pool. In order for pretest data to be useful and meaningful in this process, examinees must put as much effort into responding to these questions as they do on scored material. Therefore, the amount and location of pretest material is not revealed to examinees. Doing so would greatly limit the usefulness of the information collected and compromise the NBME's ability to "enhance the examination system" and "investigate the measurement properties of the examinations."



EXHIBIT
D

Please do not hesitate to contact me with any further questions.

Sincerely,

*Mary Beth St. John*

Mary Beth St. John, Esquire
Legal Counsel
National Board of Medical Examiners


cc:
Mr. David Johnson, M.A.

LAW OFFICES
### FRANK FINCH, III
ATTORNEY AT LAW

Two Penn Center Plaza
15th & Kennedy Boulevard
Suite 950
Philadelphia, Pennsylvania 19102

—

(215) 567-6996

April 11, 2006

FAX: (215) 567-1998

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Charles D. Hummer, Jr., M.D.
Chairman
State Board of Medicine
Pa. Bureau of Professional and Occupational Affairs
Commonwealth of Pennsylvania Department of State
2601 North 3rd Street
Harrisburg, PA 17110

**RE:   Leslie M. Partem, M.D.**

Dear Dr. Hummer:

Please be advised that this office represents Leslie M. Partem, M.D., a naturalized U.S. citizen who formerly practiced medicine in the former Soviet Union, who is currently in her second year of graduate training in the Family Medicine Residency Program at the Bryn Mawr Hospital, in accordance with 49 Pa. Code §17.5. Dr. Partem seeks to continue her graduate medical training pursuant to 49 Pa. Code §17.5(e).

One of the conditions for an unrestricted license in the Commonwealth is a passing score, within a 7-year period, on each of the three (3) components or "steps" of the U.S. Medical Licensing Examination (USMLE) administered and scored by the National Board of Medical Examiners (NBME) and the Federation of State Medical Boards. See, 49 Pa. Code §17.1(a)(1)(i). An individual who fails to secure a passing score on Step 3 in a third attempt must repeat a year of graduate medical training before retaking Step 3. Id., §17.12c(b).

After passing Steps 1 and 2 of the USMLE in 1998 and 2000, respectively, Dr. Partem took Step 3 of the USMLE four (4) times (3 times for purposes of licensure in Pennsylvania) and received a failing score on Step 3 each of the four times. On her last attempt (December, 2005, for purposes of licensure in Delaware), Dr. Partem received a score which was one (1) point below the score defined by the NBME as a passing score. On the July 2005 Step 3 exam (her last attempt for purposes of licensure in PA), Dr. Partem was given scores of 74 (overall exam performance) and 182 (Step 3 exam performance) on a scale in which the NBME defined scores of *75* and *184*, respectively, as passing. On the December, 2005 USMLE, Dr. Partem was given a score of 74 (overall exam performance) and 183 (Step 3 exam performance) on a scale in which the NBME



Charles D. Hummer, M.D.
State Board of Medicine
April 11, 2006
Page Two

defined scores of *75* and *184*, respectively, as passing. According to NBME documents, the overall exam performance rating scale has a standard error of measurement of approximately 3 points, and the Step 3 performance rating scale has a standard error or measurement of approximately 6 points.

The purpose of this letter is to advise the State board of Medicine that Dr. Partem believes that her responses to two of the questions on the July, 2005 examination were scored incorrectly, but that the NBME denied her requests to adjust her score upward from 74 to compensate for the incorrect scoring. Dr. Partem retained the services of a practicing physician who is an expert in the subject matters of the two disputed questions. That expert has provided a report supporting Dr. Partem's contentions. Dr. Partem believes that her national origin may be a factor in the refusal of the NBME to re-score her July, 2005 examination. Notwithstanding the NBME's refusal, as indicated hereinabove, Dr. Partem's scores are well within the standard errors of measurement on the NBME's rating scales. The NBME's refusal to re-score Dr. Partem's July, 2005 examination precludes her application for Pennsylvania licensure, without repeating a year of graduate training, because that examination was her third attempt to pass Step 3. Because of the failing score on the July, 2005 examination, Bryn Mawr Hospital informed Dr. Partem that her contract will not be renewed after June, 2006, and she will be unable to continue her graduate training. Dr. Partem is otherwise qualified to be licensed to practice in Pennsylvania.

Accordingly, we write to request a determination by the State Board of Medicine that Dr. Partem be deemed to have passed the USMLE which was administered in July, 2005 for purposes of applying for a license without restriction via endorsement pursuant to 49 Pa. Code §17.2(a). Upon receipt of such determination from the State Board of Medicine I will instruct Dr. Partem and Bryn Mawr Hospital to process, complete and submit her application papers to the State Board for purposes of licensure. We respectfully request a prompt determination because the Hospital needs the decision before June of this year.

Absent such a determination based solely upon this letter (and whatever supporting information the Board may require), we request that this matter be promptly referred to a hearing examiner for purposes of a hearing on whether Dr. Partem's evidence concerning the 2005 administration and scoring of her USMLE Step 3 examinations warrant (1) waiver by the Board of the requirement of 49 Pa. Code §17.12c(b); and (2) the Board's granting of leave to Dr. Partem and Bryn Mawr Hospital to apply for licensure by Board endorsement pursuant to 49 Pa. Code §17.2(a).

Charles D. Hummer, M.D.
State Board of Medicine
April 11, 2006
Page Three

Your prompt response would be appreciated. Thank you for your attention to this matter.

Very truly yours,

Frank Finch, III

FF:f
cc: Leslie M. Partem, M.D.
    Ms. Joanne T. Troutman, Administrator, State Board of Medicine
    Gerard S. Smith, Esquire, Counsel, State Board of Medicine
    Ms. Sandra Fine, V.P. Medical Education, Bryn Mawr Hospital

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Charles D. Hummer, Jr., M.D.
State Board of Medicine
Pa Bureau of Professional and
Occupational Affairs
Commonwealth of Pennsylvania
Department of State
2601 North 3rd Street
Harrisburg, PA 17110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Bud Daniele    ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

APR 1 3 2006

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☒ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7005 1820 0003 1510 6715

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF STATE**
**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS**
**STATE BOARD OF MEDICINE**
**P. O. BOX 2649**
**HARRISBURG, PENNSYLVANIA  17105**
st-medicine@state.pa.us

April 19, 2006

Frank Finch, III Esq.
Two Penn Center Plaza
15th & Kennedy Boulevard
Suite 950
Philadelphia, PA  19102

Dear Mr. Finch:

Please be advised that we have received and reviewed your letter of April 11, 2006, regarding your client Leslie M. Partem, M.D.

As you stated, the Board's regulations indicate that an individual is required to take Steps 1, 2 and 3 of the USMLE and that the steps shall be completed within a 7-year period. However, applicants may apply for licensure after passing all three steps of the USMLE and include a request for a waiver of the 7-year requirement for passing all three steps of the exam.

In the past, the Board has been lenient in their review of these requests.  If all of the necessary licensure requirements have been met, the failure to meet the 7-year period should not be an obstacle for Dr. Partem to obtain an unrestricted license by endorsement in Pennsylvania.

The Pennsylvania State Board of Medicine cannot waive exam scores set by the National Board of Medical Examiners and the Federation of State Medical Boards. The Board has no jurisdiction regarding how the exams are administered and scored.

If you have questions or wish to dispute the examination scores, you would need to discuss that matter directly with the organization administering the examination.

Sincerely,

Tammy Radel
State Board of Medicine

Cc: Gerald Smith, Senior Counsel in Charge

EXHIBIT
F

Telephone:  717-783-1400/717-787-2381
Fax:  717-787-7769
Web Site:  www.dos.state.pa.us/med
Email:  st-medicine@state.pa.us