IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | : | |
| Defendants | : | No. 06-2019 |

### ORDER

AND NOW, this            day of                      , 2006, upon consideration of the motion to dismiss of defendant Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs State Board of Medicine ("State Board of Medicine") and plaintiff Leslie M. Partem, M.D.'s response thereto, it is hereby ORDERED that said motion is GRANTED. Plaintiff's claims against the State Board of Medicine are hereby DISMISSED.

BY THE COURT:

_____
William H. Yohn, Jr., Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | : | |
| Defendants | : | No. 06-2019 |

## DEFENDANT STATE BOARD OF MEDICINE'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendant Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs State Board of Medicine (hereinafter, "State Board of Medicine" or "State Board") moves the Court to dismiss plaintiff Leslie M. Partem, M.D.'s complaint for the following reasons:

1. Partem fails to state any claim upon which relief may be granted under 42 U.S.C. §§ 1983, 1985, and 1986 or the Fourteenth Amendment.

2. The Eleventh Amendment bars Partem's claims under Sections 1983, 1985, and 1986; similarly, the State Board is not a "person" subject to suit under those statutes.

3. Partem's Fourteenth Amendment equal protection claim fails as a matter of law because nothing in her complaint suggests that the State Board has granted an unrestricted license to any U.S.-born doctor who took Step 3 of the United States Medical Licensing Examination but did not obtain a passing score.

4. Partem's Fourteenth Amendment substantive due process claim fails as a matter of law because there is no fundamental right to obtain a license to practice medicine or any other profession.

5. Partem's Fourteenth Amendment procedural due process claim fails as a matter of law because she fails to allege a protected property or liberty interest:

    a) There is no state-created property interest in obtaining a license to practice medicine; and

    b) Partem does not allege facts showing that the State Board's action imposed a stigma, i.e., a charge based on dishonesty, crime, or immorality, which gave rise to a protected liberty interest.

6. Partem's Section 1985 conspiracy claim is not made with the requisite specificity.

7. Partem's Section 1986 claim fails as a matter of law given the legal insufficiency of her Section 1985 claim.

This motion is supported by the attached memorandum of law.

WHEREFORE, the State Board of Medicine respectfully requests the Court to enter an order substantially in the form attached hereto, granting this motion to dismiss and any such further relief as is proper and just.

                THOMAS W. CORBETT, JR.
                ATTORNEY GENERAL

BY:    <u>s/ Beth Anne Smith</u>
          Beth Anne Smith
          Senior Deputy Attorney General
          Identification No. 47162

          Susan J. Forney
          Chief Deputy Attorney General
          Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | : | |
| Defendants | : | No. 06-2019 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
STATE BOARD OF MEDICINE'S MOTION TO DISMISS**

INTRODUCTION

Plaintiff Leslie M. Partem, M.D. commenced this case pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against, *inter alia*, defendant Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs State Board of Medicine (hereinafter, "State Board of Medicine" or "State Board").[1]  Complaint, Counts III, IV, and V.  Essentially, Partem claims that the State Board of Medicine violated her Fourteenth Amendment rights to equal protection and due process, and conspired with others to violate her civil rights, when it denied her request to "waive exam scores set by the National Board of Medical Examiners and the Federation of State Medical Boards."  *Id.*, Exhibit F.  She seeks injunctive and declaratory relief as well as damages. *Id.*, ¶ 1.

The State Board of Medicine now moves the Court to dismiss Partem's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Assuming for

---

[1] The Bureau and the Board are part of the Pennsylvania Department of State.  See 35 P.S. § 449.21; 42 Pa.C.S.A. § 9561(b).

purposes of this motion only that her allegations are true, Partem nevertheless fails to state any claim upon which relief may be granted. The Court therefore should dismiss her complaint.

RELEVANT FACTUAL ALLEGATIONS

The State Board of Medicine is an agency of the Commonwealth of Pennsylvania, established by the Pennsylvania Medical Practice Act of 1985, as amended, 63 P.S. §§ 422.1, *et seq.* (hereinafter, "the Act"). Complaint, ¶ 7. It is responsible for the licensure of medical doctors who wish to practice in Pennsylvania. *Id.*, ¶ 8. In accordance with the Act, examinations of qualified candidates for medical licenses in Pennsylvania are conducted by an "examining agency." *Id.*, ¶ 11 (citing 63 P.S. § 422.2(c) and (d)). The State Board has designated the United States Medical Licensing Examination ("the Examination") as one that is acceptable for the purpose of testing candidates for an unrestricted license. *Id.*, ¶ 13 (citing 49 Pa. Code § 17.1). It has delegated to the National Board of Medical Examiners the task of determining what constitutes a passing score on the Examination. *Id.* The State Board, however, established the maximum number of examination attempts it will recognize for the purpose of receiving a passing score. *Id.*, ¶ 12 (citing 63 P.S. § 422.24(d)).

Persons eligible to apply for an unrestricted license in Pennsylvania may qualify by achieving a passing score, as determined by the National Board of Medical Examiners, on Steps 1, 2, and 3 of the Examination. *Id.*, ¶ 13 (citing 49 Pa. Code §§ 17.1(a) and 17.12c). "If an individual fails to secure a passing score on Step 3 in a third attempt [within a 7-year period], the individual shall repeat a year of graduate medical training at a first or second-year level before retaking Step 3". *Id.*, ¶ 18 (quoting 49 Pa. Code § 17.12c(b)).

Partem obtained her medical degree in the former Soviet Union, where she practiced medicine for 11 years; she then emigrated to the United States. *Id.*, ¶ 19. Because she is a graduate of a foreign medical school, she must complete at least three years of graduate training at an accredited medical institution in the United States in order to obtain a license to practice medicine in the United States. *Id.*. ¶ 20. Partem obtained a graduate license in accordance with 49 Pa. Code § 17.5 and contracted for graduate medical training at Bryn Mawr Hospital in Bryn Mawr, Pennsylvania. Complaint, ¶ 22.

As noted above, to obtain an unrestricted license, Partem was required to pass all three steps of the Examination within seven years. She took and passed Steps 1 and 2 of the Examination on December 11, 1998 and May 17, 2000, respectively. *Id.*, ¶ 23. However, despite four attempts (including three attempts in Pennsylvania), Partem has not passed Step 3. In December 2005, her 7-year period for completing all three steps of the Examination expired. *Id.,* ¶ 25.

By letter dated April 11, 2006, Partem asked the State Board of Medicine to deem her to have passed Step 3 for the purpose of applying for a license without restriction via endorsement pursuant to 49 Pa. Code § 17.2(a). Complaint, ¶ 47 and Exhibit E, p.2. She requested in the alternative that the State Board "promptly refer the matter for a hearing" to determine whether the evidence relating to the 2005 administration and scoring of the Step 3 examinations warranted (1) waiver by the State Board of the requirement of 49 Pa.Code § 17.12c(b) and (2) a grant of leave by the State Board to Partem and Bryn Mawr Hospital to apply for licensure by Board endorsement pursuant to 49 Pa. Code § 17.2(a). Complaint, Exhibit E.

On or about April 19, 2006, the State Board denied Partem's requests. Complaint, ¶ 48. The State Board informed Partem that it "cannot waive exam scores set by the National Board of

3

Medical Examiners and the Federation of State Medical Boards." Complaint, Exhibit E. The State Board further noted that the administration and scoring of the exams was not within its jurisdiction. *Id.* However, the State Board advised Partem that should she succeed in passing Step 3, she could request the State Board to waive the 7-year requirement for passing all three steps of the Examination. *Id.* "In the past, the Board has been lenient in their review of these requests." *Id.*

ARGUMENT

<u>Standard for Dismissal Under Fed.R.Civ.P. 12(b)(1) and (b)(6)</u>

Dismissal on Eleventh Amendment grounds is treated as a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The plaintiff bears the burden of demonstrating the court's subject matter jurisdiction. <u>Givens v. Walker</u>, 2005 WL 1712308, *3 (E.D.Pa. 2005) (citing <u>Carpet Group Int'l v. Oriental Rug Imp. Ass'n</u>, 227 F.3d 62, 69 (3d Cir.2000)). "Without jurisdiction the court cannot proceed at all in any cause." <u>Givens</u>, 2005 WL 1712308, *2 (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94-95 (1998)).

Dismissal of a complaint for failure to state a claim is appropriate where it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Fed.R.Civ.P. 12(b)(6); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d Cir. 1988). On considering a motion to dismiss, the district court must accept all allegations in the complaint as true and draw any reasonable inferences from such allegations in plaintiff's favor. <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1391 (3d Cir. 1994). The court may consider not only the complaint, but also matters of public record, orders, exhibits attached to the complaint and items

4

appearing in the record of the case. *Id.*, at 1384 n.2. "Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to the claim; as such, they may be considered by the court." Pryor v. Nat'l Collegiate Athletic Association, 288 F.3d 548, 560 (3d Cir. 2002)(quoting 62 Fed. Proc., L.Ed. § 62:508).

> The Eleventh Amendment Bars Partem's Claims Against the State Board of Medicine; Similarly, the State Board is Not a "Person" Under Sections 1983, 1985, and 1986.

Partem's equal protection, substantive due process, and conspiracy claims against the State Board of Medicine are predicated on 42 U.S.C. §§ 1983, 1985, and 1986. Complaint, Counts III, IV, and V. The Eleventh Amendment, however, bars Partem's claims.

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.Const., Amend. XI.

The United States Supreme Court has consistently held that the Eleventh Amendment bars the federal courts from entertaining suits by private parties against states, state agencies, and state officials and employees acting in their official capacities unless the state has consented to the filing of such suit. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985); Edelman v. Jordan, 415 U.S. 651, 662 (1974). The Eleventh Amendment bar "extends to suits against departments or agencies of the state having no existence apart from the state." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 280 (1977)). This immunity applies to suits asserting violations of civil rights where the state is named as a defendant. Laskaris, 661 F.2d at 26. Unless a state has

5

waived its Eleventh Amendment immunity or Congress has abrogated it, a state cannot be sued directly in its own name regardless of the relief sought. Alabama v. Pugh, 438 U.S. 781, 781-82 (1978)(per curiam).

The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent to be sued." Laskaris, 661 F.2d at 25 (citing 42 Pa.C.S.A. § 8521(b)). Partem concedes that the State Board of Medicine is an agency of the Commonwealth. Complaint, ¶ 7. Indisputably, the Bureau of Professional and Occupational Affairs and the State Board of Medicine, as part of the Pennsylvania Department of State, are creatures of Pennsylvania law. See 71 P.S. §§ 11, 61 (creating the Department of State); 71 P.S. § 62 (creating State Board of Medicine within the Department of State); Atamian v. Masland, 2001 WL 767604, *2 (E.D.Pa.2001) (holding that officials and employees of Bureau of Professional and Occupational Affairs are entitled to sovereign immunity). The Board, along with its officials acting in their official capacities, is therefore immune from suit. See Laskaris, 661 F.2d at 25-26 (citing Edelman v. Jordan, supra); Seeney v. Kavitski, 866 F.Supp. 206, 209-10 (E.D. Pa. 1994).

It is long settled that, in enacting Sections 1983 and 1985, Congress did not abrogate the states' Eleventh Amendment immunity. See Edelman v. Jordan, *supra* (§ 1983); Seeney, *supra,* 866 F.Supp. at 209 (§ 1985)(citing Quern v. Jordan, 440 U.S. 332, 339-346 (1979)). And, the few courts that have considered the issue have held that Congress did not abrogate the states' Eleventh Amendment immunity from Section 1986 claims. See, e.g., Coffin v. South Carolina Dept. of Social Services, 562 F.Supp. 579, 585 (D.S.C.1983)(§ 1986).

6

Because Pennsylvania has not consented to be sued and Congress has not abrogated the states' immunity from claims under Sections 1983, 1985 and/or 1986, Partem's claims against the State Board of Medicine are barred by the Eleventh Amendment and must be dismissed.

For similar reasons, Partem's Section 1983[2], 1985[3] and 1986[4] claims are legally deficient under these statutes. An essential element of each of these statutes is that the alleged wrongdoing was committed by a "person." A state, its agencies, and its officials acting in their official capacities are not "persons" subject to liability under Sections 1983, 1985, or 1986. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)(§ 1983); Small v. Chao, 398 F.3d 894 (7th Cir. 2005)(§§ 1983 and 1985); Sandoval v. Department of Motor Vehicles State of New York, 333 F.Supp.2d 40 (E.D.N.Y.2004) (§ 1985); Carmen v. San Francisco Unified School Dist., 982 F.Supp. 1396, 1405 (N.D.Cal. 1997)(§ 1986).

---

[2] Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

42 U.S.C. § 1983 (emphasis added).

[3] Section 1985 provides in relevant part: "If two or more persons in any State or Territory conspire … for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws … the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C.A. § 1985(3)(emphasis added).

[4] Section 1986 provides in relevant part: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented[.]"

42 U.S.C.A. § 1986 (emphasis added).

Given the Eleventh Amendment bar and because the State Board of Medicine is not a "person" within the meaning of Sections 1983, 1985, or 1986, the Court should dismiss Counts III, IV, and V of Partem's complaint.

In light of the foregoing, the Court need not reach the issue of whether Partem has stated any viable claim under the Fourteenth Amendment or Sections 1985 and 1986. However, as a matter of law, such claims cannot succeed.

Partem Fails to State a Claim Under the Fourteenth Amendment

In Count III of her complaint, Partem claims that the State Board of Medicine's refusal to deem her to have obtained a passing score on her Step 3 examination and grant her an unrestricted license violated her right to equal protection, substantive due process, and procedural due process under the Fourteenth Amendment. Complaint, ¶¶ 67, 69.

*Equal Protection*

According to Partem, the State Board "fail[ed] to accord Plaintiff equal treatment under the law, as compared to the treatment accorded U.S.-born doctors." *Id.*, ¶ 68. Partem indicates that the State Board violated her right to equal protection by refusing to deem her score on Step 3 of the Examination as a passing score. *Id.,* ¶ 70. She fails to state a cognizable equal protection claim.

The Equal Protection Clause guarantees that persons who are similarly situated will be treated similarly. Foxworth v. Pennsylvania State Police, 402 F.Supp.2d 523, 546 (E.D.Pa.

2005) (citing City of Cleburne, Tex. v. Cleburne Living Ctr._,_ 473 U.S. 432, 439 (1985)).  To state an equal protection claim, the plaintiff must allege facts showing that she received different treatment from other similarly situated individuals or groups.  Irene B. v. Philadelphia Academy Charter School, 2003 WL 24052009, *13 (E.D.Pa. 2003)(citing Brown v. Borough of Mahaffey, PA_,_ 35 F.3d 846, 850 (3d Cir.1994)(citing City of Cleburne Living Center_, supra_).

      In this case, Partem alleges that the State Board of Medicine refused to deem her to have passed Step 3 of the Examination because she was not born in the United States.  Complaint, ¶ 68.  She apparently asserts that the State Board is applying a facially neutral law or policy differently on the basis of national origin.  Antonelli v. New Jersey, 419 F.3d 267, 274 (3d Cir. 2005)(citing Yick Wo. v. Hopkins_,_ 118 U.S. 356 (1886)).  However, Partem's allegations do not even meet a threshold test for discrimination: nothing in her complaint suggests that the State Board has granted an unrestricted license to any U.S.-born doctor who took the Examination but did not obtain a passing score on Step 3.  See generally Complaint.  Accordingly, her equal protection claim is legally deficient and should be dismissed.

      *Substantive Due Process*

      Partem asserts that the State Board's failure to direct the National Board of Medical Examiners to "correctly score" her Step 3 exam "made a manifestly unreasonable determination or classification" which deprived her of substantive due process.  *Id.*, ¶ 69.

      The Substantive Due Process Clause of the Fourteenth Amendment "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." Daniels v. Williams_,_ 474 U.S. 327, 331 (1986).  "Substantive due process encompasses, in addition to those rights expressly set forth in the Bill of Rights, 'fundamental rights implicit in

9

the concept of ordered liberty, and deeply rooted in this Nation's history and tradition[s].'" Posthumus v. Board of Educ. of Mona Shores Public Schools, 380 F.Supp.2d 891, 898-99 (W.D.Mich.2005)(quoting Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir.1998)). Fundamental rights include the rights to marry, have children, direct the education and upbringing of one's children, marital privacy, use contraception, bodily integrity, abortion, and possibly the right to refuse lifesaving medical treatment. Posthumus (citing Seal v. Morgan, 229 F.3d 567, 574-75 (6th Cir.2000)). "When a fundamental right is not at issue, the government's action must be upheld if it is rationally related to a legitimate state interest." Posthumus (citing Seal v. Morgan, 229 F.3d 567, 574-75 (6th Cir.2000)). See also Pace Resources, Inc. v. Shrewsbury Township, 808 F.2d 1023, 1035-37 (3d Cir.), *cert. denied,* 482 U.S. 906 (1987)(plaintiff had no substantive due process claim where township decisionmakers could have had rational reasons for decisions first approving development plan, then disapproving final plans, then rezoning land for agriculture; court deferred "to legislative judgment unless it can have no rational, legitimate foundation").

There is no "fundamental right" to obtain a license to practice medicine or any other profession. See, e.g., Regents of University of Michigan v. Ewing, 474 U.S. 214, 229-30 (1985) (Powell, J., concurring); North Dakota State Board of Pharmacy v. Snyder's Drug Stores, Inc., 414 U.S. 156, 164-67 (1973); Attwell v. Nichols, 608 F.2d 228, 230 (5th Cir. 1979)(no constitutional right to practice law without passing an examination). Because Partem has no fundamental right to an unrestricted license, the Court must uphold the State Board of Medicine's action if it is rationally related to a legitimate state interest.

Without question, a state has the power to adopt reasonable qualifications and licensing requirements to protect the health of the general public from incompetent medical practice. See,

10

e.g., Neuwirth v. Louisiana State Bd. of Dentistry, 845 F.2d 553, 559 (5th Cir. 1988)(citing Williamson v. Lee, 348 U.S. 483 (1955)(upholding constitutionality of Oklahoma statute against practice by unlicensed optometrists or ophthalmologists). This is so even if the state statute "may exact a needless, wasteful requirement in many cases." Neuwirth, at 559 (quoting Williamson, *supra*). It is the responsibility of the legislature, not the judiciary, to weigh the advantages and disadvantages of the law. *Id*. "[T]he law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it." *Id*.

In this case, the State Board of Medicine's actions were rationally related to the legitimate state interest of protecting the public from incompetent medical practice. It is rational, not arbitrary or capricious, for the State Board to rely on the National Board of Medical Examiners to administer the Examination and determine the passing score. It is rational for the State Board to grant an unrestricted license to those applicants who take the test and obtain a passing score on all three steps. It is rational for the State Board to refuse an applicant's request to waive that requirement.

By her own admission, Partem has not obtained a passing score on Step 3 of the Examination. The State Board's refusal to waive the requirement of a passing score was not arbitrary, capricious, or irrational. See Neuwirth, 845 F.2d at 559-60 (Louisiana's firm policy of requiring all would-be dentists to pass examination, irrespective of professional background, is not arbitrary, capricious, or irrational). Accordingly, the Court should dismiss Partem's substantive due process claim.

*Procedural Due Process*

Partem also claims that by rejecting the requests in her attorney's April 11, 2006 letter, the State Board deprived her of procedural due process. Complaint, ¶ 70. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Independent Enterprises Inc. v. Pittsburgh Water, 103 F.3d 1165, 1177 (3d Cir.1997)(quoting Board of Regents v. Roth, 408 U.S. 564, 569 (1972)). Absent an allegation of a protected liberty or property interest, a plaintiff fails to state a cognizable procedural due process claim.

*Property Interest*

If Partem is alleging that she has a protected property interest in obtaining an unrestricted license to practice medicine, her due process claim cannot succeed. A property interest protected by the Due Process Clause arises not from the Constitution, but from a "legitimate claim of entitlement" defined by an independent source such as state law. Board of Regents v. Roth, *supra,* 408 U.S. at 577. A person's "abstract need or desire for" or "unilateral expectation of" a benefit does not give rise to a protected property interest. *Id.*

By Partem's own admission, the Commonwealth of Pennsylvania regulates the licensure of medical doctors who wish to practice in Pennsylvania. Complaint, ¶ 8. In accordance with Pennsylvania statute, examinations of qualified candidates for medical licenses are conducted by an "examining agency." *Id.*, ¶ 11 (citing 63 P.S. § 422.2(c) and (d)). The State Board has designated the Examination for the purpose of testing candidates for an unrestricted license. *Id.*, ¶ 13 (citing 49 Pa. Code § 17.1). Pursuant to Pennsylvania law, it has delegated the task of determining what constitutes a passing score on the Examination to the National Board of

Medical Examiners. *Id.* Pursuant to Pennsylvania law, the State Board has established the maximum number of examination attempts it will recognize for the purpose of receiving a passing score. *Id.*, ¶ 12 (citing 63 P.S. § 422.24(d)).

Given the State Board's authority under Pennsylvania law to deny an unrestricted license to a person who does not pass all three steps of the Examination, an applicant for that license does not have a property right in that license protected by the Fourteenth Amendment. See Erdelyi v. O'Brien, 680 F.2d 61, 63 (9th Cir. 1982); Keeley v. Com., State Real Estate Com'n, 501 A.2d 1155, 1158 (Pa.Commw. 1985)(holding that plaintiff failed to state procedural due process claim; when state-created license is revoked, it is extinguished and former possessor is returned to the same position he occupied had the license or privilege never been issued).

*Liberty Interest*

Partem may argue that she has a protected liberty interest in obtaining an unrestricted license to practice medicine. She alleges in conclusory fashion that she "suffered national origin-based stigmatization," "loss of professional esteem among her professional colleagues; and elimination of professional opportunities in the United States[.]" Complaint, ¶ 50. As a matter of law, she has not articulated a liberty interest protected by the Due Process Clause.

The freedom to choose and pursue a career qualifies as a liberty interest which may not be *arbitrarily* denied by the State. Hillside Productions, Inc. v. Duchane, 249 F.Supp.2d 880, 897 (E.D.Mich.2003)(emphasis added)(citing R.S.S.W., Inc. v. City of Keego Harbor, 18 F.Supp.2d 738 (E.D.Mich.1998)). But injury to reputation alone does not implicate a protected liberty interest. Siegert v. Gilley, 500 U.S. 226, 233-34 (1991). A person who claims a

deprivation of liberty must show that the state's action imposed "a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." Board of Regents v. Roth, *supra*, 408 U.S. at 573. A stigma attaches when the government's action is so damaging as to make it difficult or impossible for the person to escape the stigma of those charges such as allegations of dishonesty, immorality, criminality, racism, and the like. Neal v. Fields, 429 F.3d 1165, 1168 (8th Cir. 2005)(citations omitted); Soderback v. Siler, 610 F.2d 643, 646 (9th Cir. 1979). A state may still set high standards of qualifications, and a "stigma" does not attach if the state's standards have a rational connection with the applicant's fitness or capacity to practice his or her profession. See Massachusetts Medical Soc. v. Dukakis, 815 F.2d 790, 797 (1st Cir.1987).

In this case, Partem does not allege that the State Board of Medicine denied her an unrestricted license on account of her dishonesty, crime, or immorality. Rather, she alleges that the State Board denied her an unrestricted license because she has not obtained a passing score on Step 3 of the Examination, which the State Board also requires of U.S.-born doctors. As a matter of law, that requirement is rationally related to the Commonwealth of Pennsylvania's interest in licensing only competent physicians. Compare Massachusetts Medical Soc. v. Dukakis, *supra*, 815 F.2d at 797 (dismissing procedural due process claim because there is nothing irrational about Massachusetts requirement that doctors entering the profession promise to follow rule against balance bidding).

Because Partem has not indicated any facts suggesting that the State Board's denial of a license based on her failure to obtain a passing score on Step 3 of the Examination imposed a stigma that forecloses her freedom to take advantage of other employment opportunities, she fails to allege the deprivation of a protected liberty interest and her procedural due process claim fails as a matter of law.

14

<u>Partem Fails to Allege Conspiracy with the Requisite Specificity</u>

In Count IV of her complaint, Partem asserts a Section 1985 conspiracy claim against all defendants, including the State Board of Medicine. In the Third Circuit, it is long settled that conspiracy claims, including claims under Section 1985, must be pled with factual specificity. <u>D.R. by L.R. v. Middle Bucks Area Vocational Technical School</u>, 972 F.2d 1346, 1377 (3d Cir.1992), *cert. denied,* 506 U.S. 1079 (1993); <u>Robinson v. McCorkle</u>, 462 F.2d 111, 113-14 (3d Cir.), *cert. denied,* 409 U.S. 1042 (1972); <u>Kelleher v. City of Reading</u>, 2001 WL 1132401, *2 (E.D.Pa. 2001). A general averment or mere conclusory allegation that the defendants conspired with one another to deprive plaintiff of his or her constitutional rights is not enough. <u>Mintz v. U.S.</u>, 2000 WL 486609, *3 (E.D.Pa. 2000)(granting motion to dismiss conspiracy claim for lack of factual specificity); <u>Hill v. Borough of Swarthmore</u>, 4 F. Supp.2d 395, 398 (E.D.Pa.1998) (dismissing § 1985 claim where plaintiff did not allege conspiracy with sufficient factual specificity); <u>Allstate Transp. Co., Inc. v. Southeastern Pennsylvania Transp. Authority</u>, 1997 WL 666178, *10 (E.D.Pa. 1997)(same). Rather, the plaintiff must allege facts showing an agreement between two or more parties. <u>Allstate</u> (citing <u>Ianelli v. U.S.</u>, 420 U.S. 770, 777 (1975). The plaintiff must also allege facts showing that the agreement was entered into for the purpose of denying equal protection of the laws. *Id.* (citing <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 275-276 (1993)).

In this case, Partem does not allege any facts showing that the State Board of Medicine entered into an agreement with others for the purpose of denying her equal protection. Instead, she makes only general averments or conclusory allegations of conspiracy. <u>See, e.g.</u>, Complaint, ¶ 74 ("Defendants have conspired with each other, and their respective deputies, assistants, agent and employees, to deprive Plaintiff of her right to equal protection of the laws", etc.). Because

15

the Third Circuit and its district courts have determined that such conclusory allegations are legally insufficient to state a conspiracy claim, Partem's Section 1985 claim should be dismissed.

### Partem's Section 1986 Claim Fails as a Matter of Law

In Count V of her complaint, Partem asserts a Section 1986 claim against all defendants, including the State Board of Medicine. Relief under Section 1986 is predicated upon the plaintiff's successful averment of a cause of action under Section 1985. <u>Armstrong v. School Dist. of Philadelphia,</u> 597 F.Supp. 1309, 1314 (E.D. Pa.1984)(citing <u>Rogin v. Bensalem Tp.</u>, 616 F.2d 680, 696 (3d Cir.1980), *cert. denied,* 450 U.S. 1029 (1981). Because Partem has failed to state a viable claim under Section 1985, her Section 1986 claim fails as well. <u>Armstrong</u>, *supra.*

### CONCLUSION

For all the reasons stated above, the Court should dismiss Partem's claims against the State Board of Medicine.

                Respectfully submitted,

                THOMAS W. CORBETT, JR.
                ATTORNEY GENERAL

BY:   <u>s/ Beth Anne Smith</u>
        Beth Anne Smith
        Senior Deputy Attorney General
        Identification No. 47162

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

CERTIFICATE OF SERVICE

      I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that on June 6, 2006, defendant State Board of Medicine's motion to dismiss was filed electronically and is available for viewing and downloading from the ECF system. I further certify that on the same date, a true and correct copy of said document was served by regular United States mail, postage prepaid to:

    Frank Finch, III, Esquire
    Two Penn Center Plaza
    15th and Kennedy Boulevard
    Suite 950
    Philadelphia, PA 19102

and by electronic notification to registered ECF user Neil J. Hamburg, Esquire at

hamburgnj@hamburg-golden.com.

                        THOMAS W. CORBETT, JR.
                        ATTORNEY GENERAL

            BY:    s/ Beth Anne Smith
                      Beth Anne Smith
                      Senior Deputy Attorney General
                      Identification No. 47162

                      Susan J. Forney
                      Chief Deputy Attorney General
                      Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130