IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | : | |
| Defendants | : | No. 06-2019 |

## ORDER

AND NOW, this       day of                , 2006, upon consideration of plaintiff Leslie M. Partem, M.D.'s motion for preliminary injunction and defendant Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs State Board of Medicine ("State Board of Medicine")'s opposition thereto, it is hereby ORDERED that Partem's motion is DENIED.

BY THE COURT:

_____
William H. Yohn, Jr., Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | : | |
| Defendants | : | No. 06-2019 |

**DEFENDANT STATE BOARD OF MEDICINE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendant Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs State Board of Medicine (hereinafter, "State Board of Medicine" or "State Board") hereby opposes the motion of plaintiff Leslie M. Partem, M.D. for a preliminary injunction. As more fully set forth in the attached memorandum of law, Partem's motion should be denied for the following reasons:

1. This Court lacks subject matter jurisdiction to issue an injunction against the State Board of Medicine because the Eleventh Amendment bars Partem's claims under 42 U.S.C. § 1983.

2. Partem has not demonstrated that she is reasonably likely to succeed on the merits of her Section 1983 claim and/or procedural due process claim under the Fourteenth Amendment.

   a. The State Board of Medicine is not a "person" subject to an injunction under Section 1983.

      b.  Under Pennsylvania law, there is no protected property interest in an unrestricted license to practice medicine where the applicant has not achieved a passing score on the United States Medical Licensing Examination.

3.  Partem has not demonstrated a probability of irreparable harm in the absence of an injunction.

4.  The issuance of an injunction would result in even greater harm to the State Board.

5.  The issuance of an injunction would be against the public interest.

WHEREFORE, Partem's motion for preliminary injunction should be denied.

                                              THOMAS W. CORBETT, JR.
                                              ATTORNEY GENERAL

BY:    s/ Beth Anne Smith
         Beth Anne Smith
         Senior Deputy Attorney General
         Identification No. 47162

         Susan J. Forney
         Chief Deputy Attorney General
         Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | : | |
| Defendants | : | No. 06-2019 |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR A PRELIMINARY INJUNCTION</u>**

<u>INTRODUCTION</u>

Plaintiff Leslie M. Partem, M.D. commenced this case pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against, *inter alia*, defendant Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs State Board of Medicine (hereinafter, "State Board of Medicine" or "State Board").[1]  Complaint, Counts III, IV, and V.  Essentially, Partem claims that the State Board of Medicine violated her Fourteenth Amendment rights to equal protection and due process, and conspired with others to violate her civil rights, when it denied her request to "waive exam scores set by the National Board of Medical Examiners and the Federation of State Medical Boards."  *Id.*, Exhibit F.  She seeks injunctive and declaratory relief as well as damages. *Id.*, ¶ 1.  The State Board of Medicine has moved to dismiss all of Partem's claims against it.

Partem has now moved for a preliminary injunction.  She requests the Court to issue a mandatory injunction requiring the State Board of Medicine to convene and conduct a hearing,

---

[1] The Bureau and the Board are part of the Pennsylvania Department of State.  <u>See</u> 35 P.S. § 449.21; 42 Pa.C.S.A. § 9561(b).

on an expedited basis, to determine the merits of her claim that certain of her responses on Step 3 of the United States Medical Licensing Examination ("Examination") were incorrectly scored and/or counted.

For the reasons set forth below, Partem's motion should be denied.

RELEVANT FACTUAL ALLEGATIONS

The State Board of Medicine is an agency of the Commonwealth of Pennsylvania, established by the Pennsylvania Medical Practice Act of 1985, as amended, 63 P.S. §§ 422.1, *et seq.* (hereinafter, "the Act"). Complaint, ¶ 7. It is responsible for the licensure of medical doctors who wish to practice in Pennsylvania. *Id.*, ¶ 8. In accordance with the Act, examinations of qualified candidates for medical licenses in Pennsylvania are conducted by an "examining agency." *Id.*, ¶ 11 (citing 63 P.S. § 422.22(c) and (d)). The State Board has designated the United States Medical Licensing Examination ("the Examination") as one that is acceptable for the purpose of testing candidates for an unrestricted license. *Id.*, ¶ 13 (citing 49 Pa. Code § 17.1). It has delegated to the National Board of Medical Examiners the task of determining what constitutes a passing score on the Examination. *Id.* The State Board, however, has established the maximum number of examination attempts it will recognize for the purpose of receiving a passing score. *Id.*, ¶ 12 (citing 63 P.S. § 422.24(d)).

Persons eligible to apply for an unrestricted license in Pennsylvania may qualify by achieving a passing score, as determined by the National Board of Medical Examiners, on Steps 1, 2, and 3 of the Examination. *Id.*, ¶ 13 (citing 49 Pa. Code §§ 17.1(a) and 17.12c). "If an individual fails to secure a passing score on Step 3 in a third attempt [within a 7-year period], the

2

individual shall repeat a year of graduate medical training at a first or second-year level before retaking Step 3". *Id.*, ¶ 18 (quoting 49 Pa. Code § 17.12c(b)).

Partem obtained her medical degree in the former Soviet Union, where she practiced medicine for 11 years; she then emigrated to the United States. *Id.*, ¶ 19. Because she is a graduate of a foreign medical school, she must complete at least three years of graduate training at an accredited medical institution in the United States in order to obtain a license to practice medicine in the United States. *Id.*. ¶ 20. Partem obtained a graduate license in accordance with 49 Pa. Code § 17.5 and contracted for graduate medical training at Bryn Mawr Hospital in Bryn Mawr, Pennsylvania. Complaint, ¶ 22.

As noted above, to obtain an unrestricted license, Partem was required to pass all three steps of the Examination within seven years. She took and passed Steps 1 and 2 of the Examination on December 11, 1998 and May 17, 2000, respectively. *Id.*, ¶ 23. However, despite four attempts (including three attempts in Pennsylvania), Partem has not passed Step 3. In December 2005, her 7-year period for completing all three steps of the Examination expired. *Id.,* ¶ 25.

By letter dated April 11, 2006, Partem asked the State Board of Medicine to deem her to have passed Step 3 for the purpose of applying for a license without restriction via endorsement pursuant to 49 Pa. Code § 17.2(a). Complaint, ¶ 47 and Exhibit E, p.2. She requested in the alternative that the State Board "promptly refer the matter for a hearing" to determine whether the evidence relating to the 2005 administration and scoring of the Step 3 examinations warranted (1) waiver by the State Board of the requirement of 49 Pa.Code § 17.12c(b) and (2) a grant of leave by the State Board to Partem and Bryn Mawr Hospital to apply for licensure by Board endorsement pursuant to 49 Pa. Code § 17.2. Complaint, Exhibit E.

3

On or about April 19, 2006, the State Board denied Partem's requests. Complaint, ¶ 48. The State Board informed Partem that it "cannot waive exam scores set by the National Board of Medical Examiners and the Federation of State Medical Boards." Complaint, Exhibit E. The State Board further noted that the administration and scoring of the exams was not within its jurisdiction. *Id.* However, the State Board advised Partem that should she succeed in passing Step 3, she could request the State Board to waive the 7-year requirement for passing all three steps of the Examination. *Id.* "In the past, the Board has been lenient in their review of these requests." *Id.*

ARGUMENT

Applicable Standards

To obtain a preliminary injunction, a plaintiff must show: 1) a likelihood of success on the merits, 2) the probability of irreparable harm if the relief is not granted, 3) that granting injunctive relief will not result in even greater harm to the other party and 4) that granting relief will be in the public interest. Frank's GMC Truck Center, Inc. v. G.M.C., 847 F.2d 100, 102 (3d Cir.1988); Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). The Court must then balance these four factors to determine whether it should issue an injunction. Frank Russell Co. v. Wellington Management Co., 154 F.3d 97, 101 (3d Cir.1998).

The Court Lacks Subject Matter Jurisdiction Over Partem's Claims Against the Board

As the State Board of Medicine argues in its motion to dismiss, which is incorporated herein by reference, the Eleventh Amendment bars Partem's claim under Section 1983. See, e.g., Quern v. Jordan, 440 U.S. 332, 342-45 (1979); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d

4

Cir. 1981)(citing 42 Pa.C.S.A. § 8521(b)).  The Eleventh Amendment bars even claims for injunctive relief.  <u>Alabama v. Pugh</u>, 438 U.S. 781, 781-82 (1978)(per curiam); <u>see also</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984).  Accordingly, the Court is without subject matter jurisdiction under Section 1983 to order the State Board to conduct a hearing to determine whether the Federal Board of Medical Examiners correctly scored or counted Partem's responses on Step 3 of the Examination.

<u>Partem Cannot Demonstrate Reasonable Likelihood of Success on the Merits</u>

Partem argues that she is reasonably likely to succeed on the merits of her procedural due process claim made pursuant to Section 1983.  Essentially, she maintains that she has indeed obtained a passing score on Step 3 of the Examination, and therefore has a vested property interest in an unrestricted license to practice medicine, which the State Board of Medicine cannot revoke without notice and a hearing.  Partem's argument is flawed, for several reasons.

First, Partem is not reasonably likely to succeed on her Section 1983 claim because the State Board is not a "person" subject to an injunction or any other relief under Section 1983.  <u>See Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71 (1989); <u>Small v. Chao</u>, 398 F.3d 894 (7th Cir. 2005).  Therefore, an injunction cannot issue against the State Board pursuant to Section 1983.  <u>See</u> <u>Toledo, Peoria & Western R. Co. v. State of Ill., Dept. of Transp.</u> 744 F.2d 1296, 1298 (7th Cir.)(reversing grant of mandatory injunction because state agency is not "person" for purposes of Civil Rights Act).

Furthermore, Partem is not reasonably likely to succeed on her procedural due process claim because she cannot show that she has a legitimate claim of entitlement, and therefore, a protected state-created property interest, in an unrestricted license.  By Pennsylvania law, it is

5

within the discretion of the State Board of Medicine to require an applicant to take and pass an examination to the satisfaction of the Board.  63 P.S. § 422.24(a).  In accordance with Pennsylvania statute, the examination is prepared and administered by a qualified and approved professional testing organization.  63 P.S. § 422.24(c).  It is within the State Board's discretion to accept the National Board of Medical Examiners' criteria for passing the examination.  63 P.S. § 422.24(d).  The State Board is authorized to deny a license to an applicant who has not obtained a passing score.  *See* 63 P.S. § 422.42 (a)(1).  Under Pennsylvania law, a license to practice medicine becomes a property right *only after it is obtained by compliance with law.* Shah v. State Board of Medicine, 589 A.2d 783 (Pa. Commw. 1991).  *Cf.* Charry v. Hall, 709 F.2d 139, 144 (2d Cir. 1983)(when applicant fails examination to obtain license, he has no property interest entitled to due process protection).  Only after it is obtained does a license become a valued privilege or right in the nature of property which may not be suspended or revoked without due process.  Balfour Beatty Const. Inc. v. Department of Transp., 783 A.2d 901, 908 (Pa.Commw. 2001); Keeley v. Com., State Real Estate Com'n, 501 A.2d 1155, 1158 (Pa.Commw. 1985)(holding that plaintiff failed to state procedural due process claim; when state-created license is revoked, it is extinguished and former possessor is returned to the same position he occupied had the license or privilege never been issued).

In this case, Partem concedes that the National Board of Medical Examiners has determined that she did not achieve a passing score on Step 3 of the Examination and that the State Board has not issued her an unrestricted license for that reason.  Although Partem nevertheless argues that she is entitled to a license, she appears to recognize the uncertainty underlying even her own version of the facts: tellingly, she does not seek a court order requiring the State Board to issue her an unrestricted license, but rather requests a hearing by the State

6

Board to determine whether she passed Step 3. Because Partem cannot show that she has a legitimate claim of entitlement to an unrestricted license, her procedural due process claim cannot succeed. Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

Because the State Board of Medicine is not a "person" subject to an injunction under Section 1983, and because Partem does not have a protected property interest in obtaining an unrestricted license to practice medicine, Partem cannot succeed on the merits of her Section 1983 and procedural due process claims. For this reason alone, the Court should deny her motion for preliminary injunction against the State Board. See, e.g., Industrial Electronics Corp. v. Cline, 330 F.2d 480, 482 (3d Cir. 1964); Textile Dyeing and Finishing Co., Inc. v. Commerce and Industry Ins. Co., 1992 WL 132508, *4 (E.D.Pa.1992)(conclusion that plaintiffs failed to demonstrate likelihood of success on merits would alone justify denial of request for injunction).

Partem Cannot Show a Probability of Irreparable Harm

In the "Affidavit of Immediate and Irreparable Injury" ("Affidavit") attached to Partem's motion for preliminary injunction, Partem acknowledges that although lacking an unrestricted license to practice medicine she has held a number of jobs in the medical profession. *Id.*, ¶ 6. For instance, Partem was head of the Histotechnology Laboratory at Thomas Jefferson University and prepared teaching and research materials for Human Histology and Neuroanatomy courses. *Id.* She held the position of research assistant and was in charge of the Molecular Biology Laboratory in the university's Department of Emergency Medicine. *Id.*

Given her admissions, Partem has not demonstrated that her lack of an unrestricted license will prevent her from working in the medical profession. The fact that Bryn Mawr Hospital will not renew her employment agreement for 2007 (see Affidavit, ¶ 15) does not mean

7

she will suffer irreparable harm unless the State Board conducts an expedited hearing on her claim. Absent a showing of truly extraordinary circumstances, a plaintiff's loss of income, financial distress or inability to find other employment does not show irreparable harm, however severely plaintiff may be affected.[2] Morton v. Beyer, 822 F.2d 364, 372 (3d Cir. 1987)(citing Sampson v. Murray, 415 U.S. 61, 92 n. 68 (1974); Holt v. Continental Group, Inc., 708 F.2d 87, 90 (2d Cir.1983)).

Because Partem has not demonstrated a probability of irreparable harm in the absence of a preliminary injunction, the Court should deny her motion. Krall v. Com. of Pa., 903 F.Supp. 858, 860 (E.D.Pa.1995)(petitioner seeking injunctive relief must demonstrate probability of irreparable harm as well as likelihood of success on merits)(citing Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1175 (3d Cir.1990)).

An Injunction Would Result in Greater Harm to the State Board

Because the denial of an unrestricted license to practice medicine does not implicate a state created property interest, an applicant who fails to achieve a passing score on the Examination is not entitled to procedural due process, *i.e*., notice and a meaningful opportunity to be heard. "The board, having been created by statute, has only such powers as the legislature has expressly or by necessary implication provided." McKeesport Hospital v. Pennsylvania

---

[2]This case is readily distinguishable from Fitzgerald v. Mountain Laurel Racing, Inc., 607 F.2d 589, 601 (3d Cir.1979), where the Court found irreparable harm to a licensed harness racing trainer and driver following his eviction from a racetrack. In Fitzgerald, the Third Circuit recognized that once a license is issued, its continued possession may become essential in the pursuit of a livelihood. Id. (citing Bell v. Burson, 402 U.S. 535, 539 (1971). Here, Partem has not achieved a passing score on the Examination and consequently has not obtained an unrestricted license; moreover, Partem by her own admission has found work in the medical profession without an unrestricted license.

8

State Board of Medicine, 652 A.2d 827, 829 (Pa. Commw. 1995).  Nothing in Pennsylvania law authorizes the State Board to hold a hearing whenever an applicant fails to achieve a passing score on the Examination and believes that the score was inaccurate or unfair.  On the contrary, Pennsylvania law authorizes the State Board to delegate the administration and scoring of the Examination to a third party examining agency, and gives the State Board the discretion to rely on the National Board of Medical Examiners to establish the passing score.  Had the legislature intended the Board to review the administration and scoring of the examining agency, it would have so provided.  Compare McKeesport, 652 A.2d at 830.

An order requiring the State Board to conduct a hearing to determine whether the National Board of Medical Examiners correctly scored Partem's responses to Step 3 of the Examination would set a burdensome and unnecessary precedent.  As the Commonwealth Court noted in an analogous case, such an order would largely negate the very reason for the State Board's use of an examining agency to administer and score the Examination and determine the passing score. *See id*., at 830.

Public Interest

The legislative purpose of the Medical Practice Act and its licensing requirements was to protect the citizens of the Commonwealth from incompetent medical practitioners.  Firman v. Department, State Bd. of Medicine, 697 A.2d 291, 296 (Pa.Commw.1997).  While the specific provisions of the Medical Practice Act have changed over time, the legislative concern for the protection of the public from unqualified medical practitioners is long-established.  See Com. v. Townley, 1898 WL 3864, *1 (Pa.Quar.Sess. 1898)("An examination of the several acts of assembly providing for the registration and licensing of practitioners of medicine and surgery in

the state, show a fixed purpose to protect the people of the commonwealth against incompetent practitioners of medicine and surgery.")  Overriding the provisions of the Medical Practice Act, even to the extent of an order requiring the State Board of Medicine to determine the validity of the National Board of Medical Examiners' scoring of Partem's responses to Step 3 of the Examination, would be against the public interest.  Compare Torriente v. Stackler, 529 F.2d 498, 501 (7th Cir. 1976)(defendant's construction of Illinois Medical Practice Act is sufficiently reasonable to preclude district court from substituting its judgment for that of the defendant).

CONCLUSION

      For all the reasons stated above, the Court should deny Partem's motion for preliminary injunction.

      Respectfully submitted,

      THOMAS W. CORBETT, JR.
      ATTORNEY GENERAL

BY:   s/ Beth Anne Smith
      Beth Anne Smith
      Senior Deputy Attorney General
      Identification No. 47162

      Susan J. Forney
      Chief Deputy Attorney General
      Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

CERTIFICATE OF SERVICE

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that on June 14, 2006, defendant State Board of Medicine's opposition to Partem's motion for preliminary injunction was filed electronically and is available for viewing and downloading from the ECF system. I further certify that on the same date, a true and correct copy of said document was served by regular United States mail, postage prepaid to:

> Frank Finch, III, Esquire
> Two Penn Center Plaza
> 15th and Kennedy Boulevard
> Suite 950
> Philadelphia, PA 19102

and by electronic notification to registered ECF users Neil J. Hamburg, Esquire at hamburgnj@hamburg-golden.com and Craig D. Ginsburg, Esquire at ginsburgcd@hamburg-golden.com

                                                  THOMAS W. CORBETT, JR.
                                                  ATTORNEY GENERAL

BY:   s/ Beth Anne Smith
           Beth Anne Smith
           Senior Deputy Attorney General
           Identification No. 47162

           Susan J. Forney
           Chief Deputy Attorney General
           Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130