o

LAW OFFICES
**FRANK F!NCH, iii**
ATTORNEY AT LAW

!WO PENN CENTER PLAZA 15TH
& KENNEDY BOULEVARD
**SuriE 950**
PHILADELPHIA. PENNSYLVANIA i 91 02

(215) 567-6996

FAX: (215) 567-1 99B

April 10, 2006

CERTIFIED MAIL, RETURN RECEIPT REQUESTED Dr.
Donald E. Melnick
President
National Board of Medical Examiners
3750 Market Street
Philadelphia, P A 19104-3102

                            RE: Leslie M. Parlem, M.D.
                                Rockledge, Pen~sylvania
                                USMLE #O-575-478=-3

Dear Dr. Melnick:

      Please be advised that on March2T, 2006, this office was retained byLeslieM. Partern, M.D., a naturalized U.S. citizen who formerly practiced medicine in the former Soviet Union, who is currently in her second year of training in the Family Medicine Residency Program at the-Bryn Mawr Hospital. Please promptly forward this letter to the attorney for the NBME and request that the attorney respond as soon as possible.

      This letter is in followup to an exchange of correspondence last year between Dr. Partern and Ms. Stephanie Davis, an NBME Exam Services Specialist, as well as an exchange of email between Dr. Partem's former attorney, Nancy O'Mara Ezold, Esquire, and Mr. David Johnson, Director, USMLE Step 3 Services for the Federation of State Medical Boards. We are sending a copy of this letter to Mr. Johnson. Those earlier communications concerned the administration and scoring of the Step 3 porlion of the USMLE taken by Dr. Partern in July, 2005. The purpose oftms letter is to renew Dr. Partern's request for are-scoring of her July, 2005 Step 3 examination.

      The July, 2005 exa..'T..ination was Dr. Partem's third attempt to obtain a passing score on the Step 3 portion of the USMLE. Her first two attempts were in December, 2003 and December, 2004, respectively. It is my understanding that the Pennsylvania State Board of Medicine requires licensure applicants to pass Step 3 in no more than three (3) attempts. In December, 2005, Dr. Partem took the Step 3 examination for a fourth time, for purposes of Delaware licensure, and was given scores virtually identical to the scores she was given on the July, 2005 examination.

      On the July 2005 Step 3 exam (her last attempt for purposes of licensure in Pennsylvania), Dr. Partem was given scores of74 (overall exam performance) and 182


EXHIBIT A

Dr. Donald E. Melnick
April 10, 2006/Page 2

(Step 3 exam performance) on a scale in which the NBME defined scores of 75 and 184, respectively, as passing. On the December, 2005 USMLE (taken for purposes of Delaware licensure), Dr. Partem was given a score of 74 (overall exam performance) and 183 (Step 3 exam performance) on a scale in which the NBME defmed scores of 75 and 184, respectively, as passing. According to NBME documents, the overall exam performance rating scale has a standard error of measurement of approximately 3 points, and the Step 3 performance rating scale has a standard error or measurement of approximately 6 points.

      Dr. Partem believes that her responses to two of the questions on the July, 2005 examination were scored incorrectly. The NBME denied her requests to adjust the score upward from 74 to compensate for the incorrect scoring. Recently Dr. Partem retained the services of a practicing physician who is an expert in the subject matters of the two disputed -Q1lestions. That physi<::iarLhasprovided a reE0rt SUPP()Iting Dr. Partem's contentions. Dr. Partem has also retained the advice of a professor of a medical university with 35 years of experience in scoring and ethical handling of medical examinations. Dr. Partem believes that her national origin may be a factor in the refusal of the NBME to rescore her July, 2005 examination. Notwithstanding the NBME's refusal, as indicated hereinabove, Dr. Partem's scores are well within the standard errors of measurement on the NBME's rating scales. The NBME's refusal to re-score Dr. Partem's July, 2005 examination precludes her application for Pennsylvania licensure because that exan1ination was her third attempt to pass Step 3.

      Dr. Partem has been informed by the Bryn Mawr Hospital that because the NBME has not deemed her to have achieved passing scores on Step 3 of the USMLE, she will lose her position in June of this year because of her ineligibility for Pennsylvania licensure. I am informed that the only impediment to Dr. Partem's eligibility for Pennsylvania licensure is that the NBME has not deemed her to have achieved passing scores on Step 3 of the USMLE. Dr. Partem's inability to practice here may have dire consequences for Dr. Partem and her daughter. After practicing medicine for many years in the former Soviet Union, Dr. Partem and her daughter had to leave that country for political reasons. I'm sure you can appreciate the significance of the NBME's continuing refusal to reconsider its decision not to re-score Dr. Partem's Step 3 examination.

      Dr. Partem has authorized me to resort to the court if this letter is unsuccessfuL We prefer to avoid that option. Kindly have the NBME's counsel promptly advise me whether this is a matter for suit or for amicable resolution.

~.-;C~;~fi~--I-/
~ Fiitch;TII /

FF:f
cc: Leslie M. Partem, M.D.
    Mr. David Johnson (FSMB)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mail piece, or on the front if space permits.

1. Article Addressed to:

vY vonoTc\-:t:. \1\t\Y\ic)(
?WS~C\t n1"~'
~CltiDI\d.\ ~;l1Yc\ of Y'\\echc_c\..\
2x. il\J\ill YlQ.. \(S
~l~)mC\Vie\ St\ee1
r h\\Qc1 t lr\rvle~ ) 'fA \01 \()Y -3 \ u2t---

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  D. Moody
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☒ No

3. Service Type
   - Certified Mail    ☐ Express Mail
   - Registered        ☒ Return Receipt for Merchandise
   - Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)

7D05  1820  0003  1510  6722

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



National Board of Medical Examiners®
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500

April 26, 2006

Frank Finch, III
Two Penn Center Plaza
15th and Kennedy Boulevard
Suite 950
Philadelphia, P A 19102

RE: Leslie M. Partem, M.D.

**Dear** Mr. Finch:

We have completed our review of your client's USMLE test history and her specific concerns regarding the scoring of her July 2005 Step3 examination.

Your client's previous correspondence, as well as your letter dated April 10, 2006, request that the NBME re-score her July 2005 Step 3 Examination, claiming that (1) two items were allegedly scored incorrectly; and (2) her scores were within the standard error of measurement.

First, although you did not specify the "two questions" you believe were scored incorrectly, previous correspondence from Dr. Partem reveals that she had concerns with two case simulations. As previously communicated to Dr. Partem, the issues she reported on the case simulation portion of the July 2005 Step 3 involved pre-test (Le., unscored) materials that were not used in calculating her score. Therefore, even if Dr. Partem's concerns about the content of the questions had merit, they would not provide a valid basis for changing her score.

Second, the USMLE program reports the Standard Error of Measurement (SEM) on all examinee score reports. We do not, however, utilize the SEM to make adjustments to an individual examinee's scores. USMLE is committed to delivering high-quality standardized examinations that provide reliable results to the state licensing authorities for use in granting the initial license to practice medicine. As part of this process, it is important that USMLE is able to assure the state licensing authorities that the scoring procedures are applied in exactly the same way for all examinees, thus providing these authorities with a common system by which to evaluate the numerous applicants seeking licensure.

Further, your letter suggests that the SEM reflects an ambiguity in NBME's scoring of the July 2005 Step 3 Examination. In fact, scores on the examinations are based solely


EXHIBIT B

on the number of items answered correctly. Accordingly, the July 2005 Step 3 score reported to Dr. Partem is her score on that examination. The SEM, however, reflects the degree to which one would expect an examinee's obtained scores to vary if the individual were repeatedly tested over time with comparable test forms. Thus, even though your client may score higher or lower after repeated attempts, her reported scores on the day she took the July 2005 Step 3 exam reflected her performance on that specific day. Therefore, NBME cannot change Dr. Partem's score based on the SEM.

Finally, your letter also expressed a concern that Dr. Partem's "national origin may be a factor in the refusal of the NBI\1E to re-score her July, 2005 examination." The USMLE program and the NBME do not take national origin into consideration in the administration or scoring of USMLE. The scoring process is automated and all examinees are treated equally. Standard procedures ensure that the score reported for each examinee is an accurate reflection of the answers selected.

Based on the foregoing, there is no legitimate basis to apply to Dr. Partem a scoring procedure that is different from that appli ed to other examinees who took th,,~ Stet' 3 at the same time she did, and her request to have her July 2005 Step 3 score considered a passing score is denied. Please do not hesitate to contact me with any further questions.

Sincerely,

*"'i7~~fJ2*

Mary Beth St. John, Esquire
Legal Counsel
National Board of Medical Examiners


cc:
Donald E. Melnick, M.D.
Mr. David Johnson, M.A.

<div style="text-align:center">
LAW OFFICES

# FRANK FiNCH, III
ATTORNEY AT LAW

Two PENN CENTER PLAZA
15TH & KENNEDY BOULEVARD SUITE 950
PHILADELPHIA. PENNSYLVANIA 19102

(215) 567-6996

April 28, 2006

FAX, (215) 567-1998
</div>

Mary Beth SL Jolm, Esquire
Legal Counsel
National Board of Medical Examiners
3750 Market Street
Philadelphia, Pa 19104-3102

        RE: Leslie M. Partern, M.D.

Dear Ms. S1. Jolm:

    This will acknowledge receipt of your letter of April 26, 2006 responding to my letter dated April 10. I am forwarding your letter to Dr. Partern for her review along with a copy of this letter. Thank you for your invitation to follbwup with further inquiries.

    You are correct that the two examination questions referred to in my letter are the two it~ms identified in the previouscorr~spondence the NBME receiyed from Dr. Partem. I am aware from the NBME's responses to Dr. Partem's correspondence that the two items are now described by the NBME as unseored "pre-test" questions. However, it is my understanding from Dr. Partern that those items were not, on the day of the examination, identified as such. If that is correct, Dr. Partem would have had no way of knowing that the items at issue would not be counted and were not part of the examination.

    Please advise if the information I have received from Dr. Partem is corrcct, _i._e., that the two items in question were not identified as unscored pre-test questions on the date of the exam. If Dr. Partem is correct, please advise (1) whether or not, in addition to those two items, the exam contained other unscored, pre-test questions, and (2) how, and at what point, the NBME decided to designate those particular items as such.

    Thank you for your attention to this matter.

<div style="text-align:right">
truly yours,

Frank Frnch,III
</div>

FF:f
cc: Leslie M. Partem, M.D. (w/eneL)





National Board of Medical Examiners® 3750
Market St/-eet
Philadelphia, PA 19104-3]02
215.590.9500

May 8, 2006

Frank Finch, III
Two Penn Center Plaza
15th and Kerilledy Boulevard
Suite 950
Philadelphia, P A 19102

RE: Leslie M. Partem, M.D.

Dear Mr. Finch:

This letter responds to your correspondence dated April 28, 2006 regarding Dr. Leslie Parlem.

You have asked (1) whether the two pre-test questions were identified as such on the examination; (2) whether the examination contained other, unscored, pre-test questions; and (3) how, and at what point, the NBME decided to designate thuseitems as pre-test questions.

The USMLE Bulletin of Information~ which examinees are expected to read prior to taking an examination, informs examinees that unsco!editems are included in the USMLE. Specifically, the Bulletin states:

> Some examination materials are included in the USMLE to enhance the examination system and to investigate the measurement properties of the examinations. Such materials are not scored.

Accordingly, every USMLE test form contains content that is being pretested. Dr. Partem's July 2005 Step 3 test fomi contained pretest material that included, but was not limited to, the t'vvo case simulations that have been the focus of previous correspondence. The NBME identifies such pretest material in its scoring system prior to administration to examinees. As a result, performance on pretest-items and cases is not used in the scoring and reporting ofresuIts.

The NBME collects and analyzes data from pretest material in order to make sure the item is performing as expected, prior to including the content as scored material in a future release of the item pool. In order for pretest data to be useful and meaningful in this process, examinees must put as much effort into responding to these questions as they do on scored material. Therefore, the amount and location of pretest material is not revealed to examinees. Doing so would greatly limit the usefulness of the information collected and compromise the NBME's ability to "enhance the examination system" and "investigate the measurement properties of the examinations."



EXHIBIT D

Please do not hesitate to contact me with any further questions.

Sincerely,

*[signature]*

Mary Beth St. John, Esquire
Legal Counsel
National Board of Medical Examiners


cc:
Mr. David Johnson, M.A.

<div align="center">
LAw OFFICES

**FRANK FINCH, III**
ATTORNEY AT LAW

TWo PENN CENTER PLAZA
15TH & KENNEDY BOULEVARD
SU~TE 950
PHILADELPHIA, PENNSYLVANIA 19102
</div>

(215) 567-6996

April 11, 2006

FAX: (215) 567-1998

<u>CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>
Charles D. Hummer, Jr., M.D.
Chairman
State Board of Medicine
Pa. Bureau of Professional and Occupational Affairs
Commonwealth of Pennsylvania Department of State
2601 North 3rd Street
Harrisburg, P A 17110

      RE: <u>-Leslie M. Partem, M.D.</u>

Dear Dr. HlLmmer:

  Please be advised that this office represents Leslie M:-Partem, M.D., a naturalized U,S. citizen who formerly practiced medicine in the fonner Soviet Union, who is currently in her second year of graduate training in the Family Medicine Residency Program at the Bryn Mawr Hospital, in accordance with 49 Pa. Code §17.5. Dr. Partem seeks to continue her graduate mediCaltraining pursuant to 49 Pa. Code §17.5(e).

  One of the conditions for an unrestricted license in the Commonwealth is a passing score, within a 7-year period, on each of the three (3) components or "steps" of the U.S. Medical Licensing Examination (USMLE) administered and scored by the National Board of Medical Examiners (NBME) and the Federation of State Medical Boards. _Se_e, 49 Pa. Code §17.1(a)(1)(i). An individual who fails to secure a passing score on Step 3 in a third attempt must repeat a year of graduate medical training before retaking Step 3. <u>ld</u>., §17.12c(b).

  After passing Steps 1 and 2 ofthe USMLE in 1998 and 2000, respectively, Dr. Partern took Step 3 of the USMLE four (4) times (3 times for purposes of licensure in Pennsylvania) and received a failing score on Step 3 each of the four times. On her last attempt (December, 2005, for purposes oflicensure in Delaware), Dr. Partem received a score which was one (1) point below the score defmed by the NBME as a passing score. On the July 2005 Step 3 exam (her last attempt for purposes of licensure in P *A),* Dr. Partem was given scores of74 (overall exam performance) and 182 (Step 3 exam performance) on a scale in which the NBME defmed scores of 75 and 184, respectively, as passing. On the December, 2005 USMLE, Dr. Partern was given a score of 74 (overall exam performance) and 183 (Step 3 exam performance) on a scale in which the NBME


EXHIBIT E

Charles D. Hummer, M.D.
State Board of Medicine
April 11, 2006
Page Two

defined scores of 75 and 184, respectively, as passing. According to NBME documents, the overall exam performance rating scale has a standard error of measurement of approximately 3 points, and the Step 3 performance rating scale has a standard error or measurement of approximately 6 points.

　　　　The purpose of this letter is to advise the State board of Medicine that Dr. Partem believes that her responses to two of the questions on the July, 2005 examination were scored incorrectly, but that the NBME denied her requests to adjust her score upward from 74 to compensate for the incorrect scoring. Dr. Partern retained the services of a practicing physician who iSm'1 e~pert ip t.}C subjectmatter~ of tb.~Pi\IO disputed questions. That expert has provided a report supporting Dr. Partern's contentions. Dr. Partern believes that her national origin may be a factor in the refusal of the NBME to rescore her July, 2005 examination. Notwithstanding the NBME's refusal, as indicated hereinabove, Dr. Partern's scores are well within the standard errors of measurement on the NBME's rating scales. The NBME's refusal tore':'score Dr. Parlem's July, 2005 examination precludes her application for Pennsylvania licensure, without repeating a year of graduate training, because that examination was her third attempt to pass Step 3. Because of the failing score on the July, 2005 examination, Bryn Mawr Hospital informed Dr. Partem that her contract will not be renewed after June, 2006, and she will be unable to continue her graduate training. Dr. Partem is otherwise qualified to be licensed to practice in Pennsylvania.

　　　　Accordingly, we write to request a determination by the State Board of Medicine that Dr. Partem be deemed to have passed the USMLE which was administered in July, 2005 for purposes of applying for a license without restriction via endorsement pursuant to 49 Pa. Code § 17 .2( a). Upon receipt of such determination from the State Board of Medicine I will instruct Dr. Partem and Bryn Mawr Hospital to process, complete and submit her application papers to the State Board for purposes of licensure. We respectfully request a prompt determination because the Hospital needs the decision before June of this year.

　　　　Absent such a determination based solely upon this letter (and whatever supporting information the Board may require), we request that this matter be promptly referred to a hearing examiner for purposes of a hearing on whether Dr. Partem's evidence concerning the 2005 administration and scoring of her USMLE Step 3 examinations warrant (1) waiver by the Board of the requirement of 49 Pa. Code §17.12c(b); and (2) the Board's granting ofleave to Dr. Partem and Bryn Mawr Hospital to apply for licensure by Board endorsement pursuant to 49 Pa. Code § 17ol( a).

Charles D Hummer, M.D.
State Board of Medicine
April 11, 2006
Page ThIee



       Your prompt response would be appreciated. Thank you for your attention to this matter.

                                   Very truly yours,

                              ~=~~br(---r(-.

                                 Frank Finch, III

FF:f
cc: Leslie M. Partem, M.D.
    Ms. Joanne T. Troutman, Administrator, State Board of Medicine
    Gerard S. Smith, Esquire, Counsel, State Board of Medicine
    Ms. Sandra Fine, V.P. Medical Edueation, Bryn Mawr Hospital

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mail piece, or on the front if space permits.

1. Article Addressed to:

C ~ q l[f 5 V, Ht /(1/YJ er; J r,) /f) 10,
5-\D-1C bOOX C\ Cl {l{\eo. \U ne ~' VQ
b\J,<eClU ~f \?y ofe'S~'\()0C\ \ uq~c\
0 cc uRC\-t'1 D(\oJ ,A fhJG\XS .
t \JyY\YY\l> Y\ \}Jt It l +,\1 at ~{2Y<Yl ~ \ \.1 CU\)lO~
IX \?)yt (\!1~1~Jcf~-:):z:,-1i:
:;Jlt,O \ \,)o (+\,\3 vd ~\r{£t-
'~0Yr;6D\l'D -PA\1 \ ()

o

X Signat~Q~_

o Agent
o Addressee

B. Received by ( *Printed /llame)*

C. Date of Delivery
APR 1 3 2006

D. Is delivery address different from item 17 ☐ Yes
If YES, enter .delivery address below: ☑ No

;.

3. Se,P"ice Type
- Cg Certified Mail
- o Registered
- o Insured Mail
- O JZXpress Mail
- O' Return Receipt for Merchandise
- O C,O.D.

4. Restricted Delivery? *(Extra Fee)* Dyes

2. Article Number
*(fransferfrom service labe~ •••••.* 700 5 1 B 2 0 0003 1510 b 715

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540



COMMONWEAL TH OF PENNSYLVANIA
DEPARTMENT OF STATE
BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS STATE
BOARD OF MEDICINE
P. O. BOX 2649
HARRISBURG, PENNSYLVANIA 17105
st-medi cine@state.pa.us

April 19, 2006

Frank Finch, III Esq.
Two Penn Center Plaza
15th & Kennedy Boulevard
Suite 950
Philadelphia, P A 19102

Dear Mr. Finch:

Please be advised that we have received and reviewed your letter of April 11, 2006, regarding your client leslie M. Partem, M.D.

As you stated, the Board's regulations indicate that an individual is required to take Steps 1, 2 and 3 of the USMIE and that the ,ste.ps shall be completed within a 7-year period. However, applicants may apply for licensure after passing all three steps of the USMLE and include a request for a waiver of the 7-year requirement for passing all three steps of the exam.

In the past, the Board has been lenient in their revie w of these requests. If all of the necessary licensure requirements have been met, the failure to meet the 7-year period should not be an obstacle for Dr. Partem to obtain an unrestricted license by endorsement in Pennsylvania.

The Pennsylvania State Board of Medicine cannot waive exam scores set by the National Board of Medical Examiners and the-Federation bf State Medical Boards. The Board has no jurisdiction regarding how the exams are administered and scored.

If you have questions or wish to dispute the examination scores, you would need to discuss that matter directly with the organization administering the examination.



Ta~

State Bo£rd of)Medicine ~

Cc: Gerald Smith, Senior Counsel in Charge

