**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 06-cv-2019 |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | : | |
| ET AL., | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT STATE BOARD OF MEDICINE'S**
**MOTION TO DISMISS CLAIMS AGAINST STATE BOARD**

### I.   INTRODUCTION

Defendant Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs, State Board of Medicine (hereinafter "State Board") moves to be dismissed from this action, primarily on 11th Amendment grounds. The State Board also moves for dismissal against it of plaintiff's claims brought pursuant to 42 U.S.C. §1983. Specifically, it argues that Dr. Partem's 14th Amendment substantive due process claim against it should be dismissed because Dr. Partem has no fundamental right to obtain a medical license, and that there is no state-created right to obtain a license for purposes of her claim of a deprivation of procedural due process. As to Dr. Partem's 14th Amendment equal protection claim, the State Board argues that nothing in the Complaint suggests that any U.S.-born doctor under similar circumstances has received different treatment. Finally, the State Board argues that Dr. Partem's claims under 42 U.S.C. §§1985 and 1986 should be dismissed for lack of requisite specificity.

Subsequent to the filing of the State Board's motion, plaintiff filed an Amended Complaint adding as defendants in this action the individual members of the State Board,

including Board chairman Charles D. Hummer, Jr., M.D., in both their official and individual capacities. The Amended Complaint also adds the president and CEO, respectively, of the co-defendants National Board of Medical Examiners ("NBME") and Federation of State Medical Boards ("FSMB"). The addition of the members of the State Board as defendants, in both their individual and official capacities, moots the State Board's 11th Amendment argument as to the State Board itself. Plaintiff has no opposition to the dismissal of the State Board as an agency. The State Board's remaining arguments apply with equal force to the individually-named Board members and thus will be addressed hereinbelow. The now individually-named members of the State Board will, for ease of reference, still be collectively referred to herein as the "State Board".

The State Board's motion should be denied for the following reasons:

1. Taking the facts, as pled, as true, Dr. Partem has a state-created statutory *entitlement* to a license without restriction because, as she alleges, she has met all prerequisites of state law. The State Board's denial of her request for a hearing for the purpose of presenting her evidence of entitlement (e.g., that she in fact passed Step 3 of the USMLE) is a denial of procedural due process.

2. Dr. Partem alleges that by failing to direct the NBME to correctly score her USMLE Step 3 examination, the State Board made a manifestly unreasonable determination or classification. Am. Compl., ¶75. She also alleges that the State Board acted with improper motive. Am. Compl. ¶79. Dr. Partem alleges that as a result of these actions of the State Board, fundamental rights have been impaired, i.e., she has been discriminated

against and stigmatized on the basis of her national origin, and her professional opportunities in the United States have been eliminated. Am. Compl. ¶s 54, 61 and 74. Assuming these allegations are true, Dr. Partem states a cognizable claim of a denial of substantive due process.

3. Dr. Partem alleges that the State Board intentionally treated her differently from U.S.-born doctors. Am. Compl. ¶ 74. Assuming this allegation is true, she states a claim under the Equal Protection Clause.

4. Dr. Partem alleges that one or more of the individual defendants have conspired with each other, and with their respective deputies, agents and assistants, to deprive her of the equal protection of the law, and of procedural and substantive due process. Am. Compl., ¶82. Assuming those allegations are true, she states claims under 42 U.S.C. §§1985 and 1986.

## II.     BACKGROUND

The recitation of the background facts which appears on pp. 2-4 of the State Board's Memorandum is accurate. The Amended Complaint makes no changes in those facts.[1] It should be noted that Dr. Hummer, chair of the State Board, is the person to whom plaintiff's letter dated April 11, 2006 to the State Board was addressed. Am. Compl., ¶51 and Ex. E.

---

[1] The Court should note, however, that the paragraphs of the Complaint referred to on pp. 2-4 of the State Board's memorandum are numbered differently in the Amended Complaint, because of the addition of paragraphs identifying the additional defendants. For instance ¶47 of the Complaint, which refers to the April 11, 2006 letter to the State Board, is now ¶51 of the Amended Complaint.

### III.     ARGUMENT

**A.     Standard**

In considering a motion to dismiss under Rule 12(b(6), the court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3rd Cir. 1988)(citations omitted), cert. denied, 489 U.S. 1065 (1989); see Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3rd Cir. 1989). The court must decide whether "relief could be granted on any set of facts that could be proved." Ransom v. Marrazzo, 848 F.2d 398, 401 (3rd Cir. 1988).

"The reviewing court must consider only those facts alleged in the complaint and accept all of the allegations as true." Sun Oil Co. v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996)(J. Padova) citing ALA, Inc., v. CCAIR, Inc., 29 F.3d 855, 859 (3rd Cir. 1994). A motion to dismiss may be granted only if the court finds that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). That is, "[t]he inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." Schlichter v. Limerick Township, et al., ____ F. Supp.2d _____, 2005 U.S. Dist. LEXIS 7287 (E.D. Pa. 2005)(J. Joyner), citing In re Rockefeller Ctr. Props. Secs. Litig.., 311 F.3d 198, 215 (3rd Cir. 2002).

**B.     Dr. Partem Has an Entitlement to a Medical License Without Restriction, Which Entitlement is a Protected Property Interest to Which the Due Process Guarantee Applies**

Dr. Partem avers that she received a passing score on Step 3 of the USMLE, but for the incorrect scoring thereof. Am. Compl., ¶ 37. She avers that she otherwise has met all the prerequisites and criteria for an unrestricted medical license which are set forth in the Act[2] and the regulations[3]. Am. Compl., ¶ 50. Where a plaintiff meets the requisite qualifications, as set forth in a statute, for property which, if issued, would be protected from deprivation without procedural due process, he or she establishes an "entitlement" thereto which is also subject to procedural due process protection. Carter v. City of Philadelphia, 989 F.2d 117, 122 (3rd Cir. 1993); Gikas v. Washington School District, et al., 328 F.3d 731, 737-38 (3rd Cir. 2003).

**1.     Dr. Partem has established her entitlement to an unrestricted license**

The right to practice medicine in the Commonwealth of Pennsylvania, including licensing requirements, is governed by the Pennsylvania Medical Practice Act of 1985, *as amended*, , 63 Pa. C.S. §§422.1, et seq. (hereinafter "Act"), and regulations promulgated pursuant thereto at 49 Pa. Code, Chapter 17, §§17.1, *et seq.* Section 422.25(a) of the Act provides, in relevant part, as follows:

> §422.25. Licenses and certificates; biennial registration
>
> (a) ISSUANCE OF LICENSES AND CERTIFICATES.--
> All applicants who have complied with the requirements of the board and who have passed a final examination and who have otherwise complied with the provisions of this act *shall receive from the commissioner*, or whoever exercises equivalent authority acting for the board, a license or certificate entitling them to the right to practice in this Commonwealth.
> [Emphasis added]

---

[2] Pennsylvania Medical Practice Act of 1985, as amended, 63 P.S. §§422.1, et seq.
[3] 49 Pa. Code §§17.1, et seq.

5

Dr. Partem complied with all requirements of the board and passed a final examination, namely Step 3 of the USMLE. Notwithstanding the position of the NBME that she missed, by one point, a passing score on Step 3 of the USMLE, Dr. Partem has evidence that she indeed achieved a passing score as defined by the NBME. Accordingly, by letter dated April 11, 2006 from her attorney to the State Board, Dr. Partem requested to apply for a license without restriction via endorsement pursuant to 49 Pa. Code §17.2(a). Alternatively, in said letter Dr. Partem requested that the Board promptly refer the matter for a hearing for purposes of receiving and evaluating Plaintiff's evidence concerning the 2005 administration and scoring of her USMLE Step 3 examinations, and deciding whether said evidence warrants waiver by the Board of the requirement of 49 Pa. Code §17.12c(b). (Am. Compl., ¶51 and Exhibit "E" attached thereto). In that letter, Dr. Partem also requested prompt action by the Board because of the proximity of the June 30, 2006 termination of her contract with the Bryn Mawr residency program. By letter dated April 19, 2006, the State Board denied the requests. (Am. Compl., ¶52 and Exhibit "F" attached thereto).

The above-quoted language of §422.25(a) of the Act makes clear that Dr. Partem "shall receive" a license upon fulfillment of the Board's requirements. The language leaves no room for a discretionary exercise of the license issuing obligation upon presentation of evidence that the requirements have been met. Hence Dr. Partem has a legitimate claim of entitlement to a property interest, i.e., an unrestricted license to practice medicine in the Commonwealth, which entitlement is derived from state law. She has been deprived of that entitlement without due process.

2.      **Dr. Partem has met the licensure requirements of state law**

The Act, §422.24 (Examinations) provides in relevant part as follows:

>   **§422.24.      Examinations**
>
>   ***
>
>   (d) Examining Agency. – When the board accepts an examination given by an examining agency, the board may establish the criteria for passing, or may accept the criteria for passing, established by the examining agency. If the examination is offered in parts, the board may establish, by regulation, a time period in which the entire examination must be successfully completed. The board may establish, by regulation, a maximum number of examination attempts it will recognize for the purpose of receiving a passing score on an examination recognized but not given by the board.

The State Board, by regulation, designates the USMLE as one of the examinations available pursuant to the above-quoted section of the Act. The regulation, 49 Pa. Code §17.11(d), provides in relevant part as follows:

>   **§17.11.       Examination information for license without restriction**
>
>   ***
>
>   (d)     *USMLE.* This examination is a uniform examination for licensure…Each step is given twice a year. To be eligible for Step 1 or 2 of the examination, an individual shall be a medical student officially enrolled in, or a graduate of, an accredited medical school…To be eligible for Step 3 of the USMLE, the individual shall have obtained a medical doctor degree or equivalent, shall have achieved a passing score on both Step 1 and Step 2 or equivalent, and shall be enrolled in a graduate medical training program….All steps of the examination shall be completed within 7 years. *A passing score on this examination satisfies the examination requirement for a license without restriction.* [Emphasis added]

Dr. Partem passed Steps 1 and 2 of the USMLE on December 11, 1998 and May 17, 2000, respectively. Having begun her USMLE testing in December, 1998, her 7-year period for completing all three steps of the USMLE ended in December, 2005. The various steps of the USMLE may be retaken. However, failure to achieve passing scores

7

on all three steps of the USMLE within the prescribed time requires the individual to repeat a year of graduate medical training. The applicable section of the regulations provides as follows:

> **§17.12c.   Failure on USMLE**
>
> (a) *Retaking examination.* An individual is permitted to retake any Component of the USMLE. Steps 1, 2 and 3 shall be completed within a 7-year period. Because Steps 1 and 2 may be taken in any sequence, the 7-year period begins with the passage of the first step taken.
>
> (b) *Repeating year of graduate medical training.* If an individual fails to secure a passing score on Step 3 in a third attempt, the individual shall repeat a year of graduate medical training at a first or second-year level before retaking Step 3.

Dr. Partem took Step 3 of the USMLE for the first time in July, 2005 and was given scores of 74 (overall exam performance) and 182 (Step 3 exam performance) on a scale which defined scores of 75 and 184, respectively, as recommended passing scores. She took Step 3 again in December, 2005 and was given scores of 74 (overall exam performance) and 183 (Step 3 exam performance) on a scale which defined scores of 75 and 184, respectively, as recommended passing scores.

Dr. Partem possesses a "graduate license" issued pursuant to 49 Pa. Code §17.5. She is currently in her second year of training in the Family Practice Residency Program at Bryn Mawr Hospital. She qualified for participation in graduate medical training at the second-year level by passing Steps 1 and 2 of the USMLE. <u>See</u>, 49 Pa. Code §17.5(d). Dr. Partem is now ready to participate in graduate medical training at the third level and higher. 49 Pa. Code §17.5(e) provides, in relevant part, as follows:

> **§17.5. Graduate license.**
>
> \*\*\*
>
> (e)   To participate in graduate medical training at a third-year level

or higher, the licensee shall secure a passing score on…Step 3 of the USMLE…or hold a license to practice medicine without restriction in this Commonwealth…

The requirements for a license without restriction are set forth in §§17.1 and 17.2.

**§17.1.       License without restriction.**

(a)   Except as provided in §17.2 (relating to license without restriction-endorsement), to secure a license without restriction an applicant shall:

(1)  Have passed a licensing examination acceptable to the Board by having achieved one of the following:
   (i)  A passing score on Step 1, Step 2 and Step 3 of the USMLE, as determined by USMLE completed within a 7-year period.

**§17.2.       License without restriction – endorsement**

(a)   *Other qualifications*.  The Board will grant a license without restriction to an applicant who does not meet the standard license requirements enumerated in §17.1 (relating to license without restriction), if the applicant has achieved cumulative qualifications which are endorsed by the Board as being equivalent to the standard requirements for the license.[4]

Thus, assuming Dr. Partem is correct in her claim that she actually passed Step 3 of the USMLE, she has met all of the requirements for a license without restriction.

Under §422.25 of the Act, the Board has a mandatory obligation to issue the license:

**§422.25. Licenses and certificates; biennial registration**

(b) ISSUANCE OF LICENSES AND CERTIFICATES.--
All applicants who have complied with the requirements of the board and who have passed a final examination and who have otherwise complied with the provisions of this act *shall receive from the commissioner*, or whoever exercises equivalent authority acting for the board, a license or certificate entitling them to the right to practice in this Commonwealth.
[Emphasis added]

---

[4] In the aforementioned April 11, 2006 letter to the State Board Dr. Partem, through counsel, alternatively requested that the Board issue to her a license without restriction by endorsement, pursuant to this section. Before coming to the United States, Dr. Partem practiced medicine in the former Soviet Union for 11 years. Am. Compl., ¶23.

9

Where the "plain meaning of the statute, in unequivocal terms grants" an entitlement, the statute creates a property interest for procedural due process purposes, even if the government did not actually grant the entitlement. <u>Gikas v. Washington School District, et al.</u>, 328 F.3d 731, 737-38 (3rd Cir. 2003).[5]

"To have a property interest in a benefit, a person…must…have a legitimate *claim of entitlement* to it." <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972)(emphasis added). Dr. Partem has established her "claim of entitlement" to property (medical license) which, like the property itself, is protected from deprivation without procedural due process.

### 3. <u>Dr. Partem was deprived of procedural due process</u>

Once it is determined that there exists a property interest or entitlement deserving of due process protection, it must be determined what type of "process" is "due" to protect that interest. "The procedural protections required by the Due Process Clause are thus determined with reference to the particular rights and interests at stake in a case." <u>Schlichter v. Limerick Township, et al.</u>, <u>supra</u>., citing <u>Graham v. City of Philadelphia</u>, 402 F.3d 139, 145 (3rd Cir. 2005).

In the letter to the State Board dated April 11, 2006, Dr. Partem, through counsel, requested that "…this matter be promptly referred to a hearing examiner for purposes of a hearing on whether Dr. Partem's evidence concerning the 2005 administration and scoring of her USMLE Step 3 examinations warrant (1) waiver by the

---

[5] Writing for the majority in <u>Castle Rock v. Gonzales</u>, ____ U.S. ____, 123 S. Ct. 2796, 162 L.Ed. 2d 658 (2005), Justice Scalia expressly recognized that a state law-created "entitlement", though not granted by the state, can be a protected property interest under the Due Process Clause. He concluded, however, that the entitlement claimed in that case (that police officials should enforce private restraining orders) was not such an entitlement.

Board of the requirement of 49 Pa. Code §17.12c(b); and (2) the Board's granting of leave to Dr. Partem and Bryn Mawr Hospital to apply for licensure by Board endorsement pursuant to 49 Pa. Code §17.2(a)." Am. Compl., ¶51. That was the process due in this case. In its response, the Board ignored the hearing request, thus denying it. Am. Compl., ¶52. By denying this request for a hearing, the State Board deprived Dr. Partem of procedural due process. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985); Board of Regents of State Colleges v. Roth, supra.  Hence, Dr. Partem states a cognizable procedural due process claim.

**B.     Dr. Partem's Allegations State a Substantive Due Process Claim Which Are Sufficient to Avoid Dismissal Under Rule 12(b)(6)**

It is understood that merely because Dr. Partem articulates a property interest or entitlement worthy of procedural due process protection, she has not necessarily stated an interest which can be the subject of a claim of violation of substantive due process. Gikas v. Washington School District, et al., supra.

"A violation of substantive due process rights is proven: 'if the government's actions in a particular case were in fact motivated by bias, bad faith or improper motive…" Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 692 (3rd Cir. 1993).

However, interests worthy of this protection are not merely state-created property interests (as under the procedural due process concept), but instead "a certain quality" of property interest often described a "fundamental" interests created by the U.S. Constitution. DeBlasio v. Zoning Board of Adjustment, 53 F.3d 592, 590-600 (3rd Cir. 1993); Gikas v. Washington School District, et al., supra.

In connection with her substantive due process claim, Dr. Partem makes the following allegations in her Amended Complaint (no changes from Complaint):

11

> 53. As a result of the Defendants' aforesaid actions and failures to act, Plaintiff's ability to practice medicine in the state of her residence and graduate training, the Commonwealth of Pennsylvania, has been substantially diminished if not completely foreclosed, to her great detriment and loss.
>
> ***
>
> 74. By committing the aforesaid acts, by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, and by failing to accord Plaintiff equal treatment under the law, as compared to the treatment accorded U.S.-born doctors, Defendant State Board, its individual Board members and Hummer, acting under color of state law, have deprived Plaintiff of her right to the equal protection of the laws, and equal privileges and immunities under the laws, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.
>
> 75. By committing the aforesaid acts, by failing to take actions authorized by the laws of the Commonwealth of Pennsylvania, specifically by failing to direct Defendant NBME to correctly score Plaintiff's USMLE Step 3 examination, Defendant State Board, its individual Board members and Hummer, acting under color of state law, made a manifestly unreasonable determination or classification which has deprived Plaintiff of her right to substantive due process, as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.
>
> ***
>
> 79. The aforesaid acts and practices of Hummer and the individual members of the State Board were willful, purposeful, deliberate and performed with the specific intent of denying Plaintiff medical licensure.

Dr. Partem includes among her injuries stigmatization on the basis of her national origin, and diminishment if not elimination of her opportunities to practice medicine in Pennsylvania, and loss of professional opportunities in the United States. Am. Compl., ¶s 53 and 54.

The State Board appears to concede that the freedom to choose and pursue a career is a liberty interest which qualifies as a fundamental constitutional right, protected from *arbitrary* deprivation by the State. (State Board's memorandum of law at p. 13). The State Board appears to gloss over the fact that ¶53 of the Amended Complaint contains an allegation of such deprivation. The State Board argues that its decision

regarding Dr. Partem was not arbitrary, but made for rational reasons. Such an argument is more appropriate for the summary judgment stage, after discovery, rather than the Rule 12(b)(6) stage. It suffices now to simply recognize that the Amended Complaint contains allegations sufficient to avoid dismissal.

The allegation that in failing to direct the NBME to correctly score Dr. Partem's examination, the State Board, including Dr. Hummer, made a manifestly unreasonable determination or classification, coupled with the allegation that said defendants acted willfully and with specific intent to deny a medical license to Dr. Partem because of her national origin, suffice to state a claim for denial of substantive due process. National origin, like race, is a suspect classification, and the right to be free from unreasonable and intentional classifications on the basis of national origin is a fundamental right secured by the 14th Amendment Equal Protection Clause.

### C. The Conspiracy Claims Under 42 U.S.C. §§1985 and 1986 Are Sufficient to Avoid Dismissal Pursuant to Rule 12(b)(6)

In Counts IV and V of the Amended Complaint, which counts incorporate by reference the earlier §1983 claims, including the 14th Amendment national origin discrimination claims, Dr. Partem alleges that the Defendants conspired with each other by engaging in the aforesaid actions which resulted in the denial of an unrestricted medical license, in violation of 42 U.S.C. §1985(3) and 1986. Relying on summary judgment decisions such as Kelleher v. City of Reading, 2001 WL 1132401 (E.D. Pa. 2001) and cases in which the 42 U.S.C §1985 allegations lacked any claim of race or class-based conspiracy, such as Allstate Transp. Co., Inc. v. SEPTA, 1997 WL 666178 (E.D. Pa. 1997), Defendants argue that Dr. Partem has failed to plead concerted action or agreement with sufficient specificity to avoid dismissal under Rule 12(b)(6).

13

"[T]o state a claim under 42 U.S.C. §1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." Lake v. Arnold, et al., 112 F.3d 682, 685 (3rd Cir. 1997), citing Griffin v. Breckenridge, 403 U.S. 88 (1971); Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993).

Dr. Partem's allegations meet this standard. In Count IV she alleges a conspiracy. In the earlier §1983 counts she alleges class-based discriminatory animus, e.g., discrimination against her on the basis of her national origin. Dr. Partem alleges acts in furtherance of the conspiracy such as the alarming deference by the State Board to the NBME's scoring of Dr. Partem's USMLE Step 3 examination notwithstanding an assertion that the scoring is incorrect. And Dr. Partem alleges an injury in the nature of a deprivation of the right to be free from State-inflicted unreasonable discrimination on the basis of national origin, as well as a diminishment, based on irrational action by the State Board and its agent, the NBME, of her liberty interest right to pursue a profession.[6]

These allegations are sufficient to avoid dismissal under Rule 12(b)(6). There has been no discovery, although there were unsuccessful efforts, before suit was filed, to get more information from the NBME. As a practical matter, at the pleading stage,

---

[6] Note that the plaintiffs in the Third Circuit cases cited by the State Board did not make allegations such as Dr. Partem's. In D.R. by L.R. v. Middle Bucks Area Vocational Tech. School, 972 F.2d 1346 (3rd Cir. 1992) the Court's decision is based upon the fact that the plaintiff made no allegation whatsoever of class-based invidious discrimination. Likewise, in Robinson v. McCorkle, 462 F.2d 111 (3rd Cir. 1972), the Complaint lacked any allegation that plaintiffs were denied equal protection of the law. Id., 462 F.2d at 113.

14

particularly in civil rights cases, "[a] court cannot expect a complaint to provide proof of plaintiffs' claims, nor a proffer of all available evidence. In civil rights cases…much of the evidence can be developed only through discovery." <u>Frazier v. Southeastern Pennsylvania Transportation. Auth</u>. 785 F.2d 65, 67 (3rd Cir. 1986). Requiring more at the pleading stage imposes an "impossible burden of knowledge on the plaintiffs." <u>AFSCME District Council 47, AFL-CIO v. Bradley</u>, 795 F.2d 310, 314 (3rd Cir. 1986).

Likewise, for the same reasons Dr. Partem's §1985(3) claims should, for now, survive dismissal, the derivative claims under 42 U.S.C §1986 also meet the requirements insofar as what must be pled, and thus should also remain in the case pending the completion of discovery.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the motion of the State Board to be dismissed from the case pursuant to Fed. R. Civ. P. 12(b)(6) should be denied.[7]

                                                           Respectfully submitted,

                                                           ___FF3651_____
                                                            FRANK FINCH, III
                                                            Attorney for Plaintiff

Two Penn Center, Suite 950
15th & Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (215) 567-6996
Fax:  (215) 567-1998

Date:  June 26, 2006

---

[7] As of this writing, the NBME and FSMB defendants have not filed Rule 12(b)(6) motions. An issue regarding those defendants, particularly the NBME defendants, is whether they can be held liable under 42 U.S.C. § 1983 as "state actors". That issue is addressed in the brief accompanying plaintiff's still-pending motion for a preliminary injunction. It would be somewhat anomalous if the NBME remains in the case and the state actors from whom the NBME defendants, by state law, arguably derive their "state actor" status, are dismissed.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 06-cv-2019 |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | : | |
| ET AL., | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

### **O R D E R**

AND NOW, this          day of                    , 2006, upon consideration of the motion to dismiss of defendant Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs, State Board of Medicine ("State Board of Medicine"), and plaintiff's response thereto, it is hereby **ORDERED** that said motion is **DENIED**.

BY THE COURT:

_____

William H. Yohn, Jr.,       J.

**CERTIFICATE OF SERVICE**

      I, Frank Finch, III, Esquire, do hereby certify that a true and correct copy of the foregoing Plaintiff's Initial Disclosures was served upon the defendants and/or attorneys for the defendants at the addresses listed below via Hand Delivery, this 26th day of June, 2006:

Neil J. Hamburg, Esquire
HAMBURG & GOLDEN, PC
1601 Market Street
Suite 3310
Philadelphia, PA 19103-1443
Attorney for Defendants NBME and FSMB

Beth Ann Smith, Esquire
Senior Deputy Attorney General
Commonwealth of Pennsylvania
Office of Attorney General
Civil Law Div., Eastern Regional Office
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Attorney for Defendant
Commonwealth of Pennsylvania
Bureau of Professional and Occupational Affairs
State Board of Medicine

                    FF3651
                    FRANK FINCH, III
                    Attorney for Plaintiff

Dated: June 26, 2006