IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

LESLIE M. PARTEM, M.D.      )
                      )    CIVIL ACTION
       v.          )
                      )    NO. 06-2019
NATIONAL BOARD OF MEDICAL    )
EXAMINERS, et al.           )

**ANSWER AND AFFIRMATIVE DEFENSES OF DR. DONALD E. MELNICK TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Dr. Donald Melnick, asserts the following answer and affirmative defenses to Plaintiff, Leslie Partem's, Amended Complaint. Defendant Melnick states as follows:

**I.   INTRODUCTION**

1.   Denies the allegations in this paragraph except that plaintiff has brought the causes of action and seeks the relief described in this paragraph.

**II.   JURISDICTION**

2.   Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies the need to respond to the allegations in this paragraph to the extent they state legal conclusions.

3.   Denies the allegations in this paragraph and denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## III. PARTIES

4.   Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5.   Denies the allegations in this paragraph except as follows: The National Board of Medical Examiners ("NBME") is a private non-profit organization with a principal place of business at 3750 Market Street, Philadelphia, Pennsylvania. NBME's Mission Statement located on its website, a numbered copy of which was produced in this case (N&F 00001), gives a correct general description of NBME, which is as follows:

NBME Organization and Governance

The NBME is an independent, not-for-profit organization that provides high-quality examinations for the health professions. Protection of the health of the public through state of the art assessment is part of the mission of the NBME, along with a major commitment to research and development in evaluation and measurement. The NBME was founded in 1915 because of the need for a voluntary, nationwide examination that medical licensing authorities could accept as the standard by which to judge candidates for medical licensure. Since that time, it has continued without interruption to provide high quality examinations for this purpose and has become a model and a resource of international stature in testing methodologies and evaluation in medicine.

The approximately 80 members of the National Board constitute its governing body, composed of individuals with responsibility and expertise in the health professions, medical education and evaluation, and medical practice, National Board test committee representatives, and representatives of national professional

organizations and the public. The quarter of the
National Board members represented by other
organizations includes individuals from the US
Air Force, Army, Navy, Public Health Service, and
Veterans Affairs, the Federation of State Medical
Boards, the Association of American Medical
Colleges, the American Board of Medical
Specialties, the American Medical Association,
the Council of Medical Specialty Societies, the
American Medical Student Association, the Student
National Medical Association, and the American
Medical Association - Resident Physicians
Section.

NBME Mission Statement.

6.   Denies the allegations of this paragraph except
as stated below and denies the need to respond to the
allegations in this paragraph to the extent they state
conclusions of law.   Admits defendant is President of NBME and
the principal office of NBME is located at 3750 Market Street in
Philadelphia.

7.   Denies the allegations in this paragraph except
as stated below.   The Federation of State Medical Boards of the
United States, Inc. ("FSMB") is a national not-for-profit
organization representing the 70 medical boards of the United
States and its territories, including 14 state boards of
osteopathic medicine; and the principal office of the FSMB is
located at 400 Fuller Wiser Street, Suite 300, Euless, Texas.
On behalf of its member medical boards, the mission of the FSMB
is to continuously improve the quality, safety and integrity of

health care by developing and promoting high standards for physician licensure and practice.

8.   Denies the allegations in this paragraph except as stated below and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.  Admits Defendant Austin is the Senior Vice President and Chief Operating Officer of the FSMB and that the principal office of the FSMB is located at 400 Fuller Wiser Street, Suite 300, Euless, Texas.

9.   Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

10.   Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11.   Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## IV.  ALLEGATIONS OF FACT

### A.  Background

12.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

13.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

14.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

15.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and

the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

16.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

17.   Denies the allegations of this paragraph except as stated below, denies the need to respond to the averments of this paragraph to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.   Admits that: (i) to obtain an unrestricted license from the state medical board to practice medicine in Pennsylvania, an examinee must pass the United States Medical Licensing Examination ("USMLE"); and (ii) NBME recommends minimum passing scores for Steps 1, 2 and 3 of the USMLE based on the recommendations of committees of experts and the work of its staff.   Individual licensing authorities may accept these recommendations or may establish different passing scores for their own jurisdictions.

18.   Admitted.

19.   Denies the allegations in this paragraph except as stated below.   Admits that NBME and FSMB jointly establish

rules for the USMLE and that NBME calculates the standard error of measurement.   Step Committees establish the pass/fail point. These committees are accountable to the Composite Committee, a joint NBME/FSMB (with ECFMG and the public) governing body. NBME has no unique role in determining standards.

20.   Denies the allegations in this paragraph.

21.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

22.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

**B.   Plaintiff's Attempts To Pass the USMLE Step 3**

23.   Denies the allegations in this paragraph because defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

24.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to

form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of law referred to in this paragraph are written and speak for themselves.

25. (a), (b) and (c). Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

26. Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

27. Denies the allegations in this paragraph and denies the allegations in this paragraph on the basis defendant lacks information and knowledge sufficient to form a belief as their truth. Plaintiff's examination records contain this information and speak for themselves.

28. Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.

29.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.

30.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.   Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

31.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.   Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

32.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.   Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

33.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.   Plaintiff's examination

records contain information regarding her performance on the USMLE and speak for themselves.

### C. Allegations Concerning the July and December, 2005 Step 3 Examinations

34. Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth and denies the need to respond to the averments to the extent they state conclusions of law. Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

35. Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth. Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

36. Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to their truth. The NBME documents referred to by plaintiff are written documents that speak for themselves.

37. Denies the allegations in this paragraph and denies the allegations of this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth.

38. Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to

form a belief as to their truth.  The subjects and purposes of the communications referenced in this paragraph are in writings, which speak for themselves.

39. Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

40. Denies the allegations in this paragraph and denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.  Furthermore, NBME thoroughly investigated plaintiff's concerns about the July 2005 Step 3 USMLE and provided plaintiff with information from its investigation.

41. Denies the allegations this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations.

42. Denies the allegations of this paragraph except as follows: NBME received a letter dated April 10, 2006, from plaintiff's counsel addressed to Dr. Donald E. Melnick.  The letter is a written document that speaks for itself.

43. Denies the allegations in this paragraph, except as follows: NBME sent plaintiff's counsel a letter dated April 26, 2006, which is a written document that speaks for itself.

44. Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegations.  The letter referred to by plaintiff is a written document that speaks for itself.

45.  Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  The letter referred to by plaintiff is a written document that speaks for itself.

46.  Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies the need to respond to the averments to the extent they state conclusions of law.

47.  Denies the allegations in this paragraph and states that it is not the practice of the NBME to change examination scores based on the standard error of measurement.

48.  Denies the allegations in this paragraph, denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the need to respond to the allegations of this paragraph to the extent they state conclusions of law.

49.  Denies the allegations in this paragraph, further denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth and denies the need to respond to the

allegations in this paragraph to the extent they state conclusions of law.

50.    Denies the allegations in this paragraph and denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth.

51.    Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth and the letter referenced in this paragraph is a written document that speaks for itself.

52.    Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations and the letter referenced in this paragraph is a written document that speaks for itself.

**D.    Plaintiff's Injuries**

53.    Denies the allegations in this paragraph, denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

54.    Denies the allegations of this paragraph, denies the allegations of this paragraph because defendant lacks knowledge or information sufficient to form a belief as their

truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

55.  Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth.

### COUNT I
### 42 U.S.C. §1983
### (Plaintiff v. NBME and Melnick)

56.  Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

57.  (a), (b), (c), (d), (e), (f), (g) and (h). Denies the allegations in this paragraph, denies the need to respond the allegations in this paragraph to the extent they state conclusions of law, and the letter referenced in this paragraph is a written document that speaks for itself. Admits NBME administers and scores the USMLE.

58.  Denies the allegations in this paragraph, denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law, and the letter referenced in this paragraph is a written document that speaks for itself.  Furthermore, NBME thoroughly investigated

plaintiff's concerns about the July 2005 Step 3 USMLE and provided plaintiff with information from its investigation.

59.   Denies the allegations in this paragraph, denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law, and the letter referenced this paragraph is a written document that speaks for itself.   Furthermore, NBME thoroughly investigated plaintiff's concerns about the July 2005 Step 3 USMLE and provided plaintiff with information from its investigation.

60.   Denies the allegations in this paragraph and denies the need to respond allegations in this paragraph to the extent they state conclusions of law.

61.   Denies the allegations of this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

62.   Denies the allegations of this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

63.   Denies the allegations of this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

64.   Denies the allegations of this paragraph, denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

WHEREFORE, Defendant, Donald E. Melnick, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

**COUNT II**
**42 U.S.C. §1983**
**(Plaintiff v. FSMB and Austin)**

65.   Defendant's foregoing responses to each paragraph the Amended Complaint are incorporated herein as if fully set forth.

66. — 71.Denies the allegations in these paragraphs on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth and denies the need to respond to the allegations in these paragraphs to the extent they state conclusions of law.

WHEREFORE, Defendant, Donald E. Melnick, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### COUNT III
### 42 U.S.C. §1983
### (Plaintiff v. State Board of Medicine, Board Members of the State Board of Medicine and Hummer )

72.  Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

73. – 80. Denies the allegations in these paragraphs on the basis defendant lacks knowledge or information sufficient to form a belief as their truth, denies the need to respond to the allegations in these paragraphs to the extent they state conclusions of law, and the letter referenced in these paragraphs is a written document that speaks for itself.

WHEREFORE, Defendant, Donald E. Melnick, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### COUNT IV
### 42 U.S.C. §1985
### (Plaintiff v. All Defendants)

81.  Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

82.  Denies the allegations in this paragraph, denies the allegations of this paragraph because defendant lacks knowledge or information to form a belief as to the truth of the

allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

83. Denies the allegations in this paragraph, denies the allegations of this paragraph because defendant lacks knowledge or information to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

84. Denies the allegations in this paragraph, denies the allegations of this paragraph because defendant lacks knowledge or information to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

85. Denies the allegations in this paragraph, denies the allegations of this paragraph because defendant lacks knowledge or information to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

WHEREFORE, Defendant, Donald E. Melnick, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### COUNT V
### 42 U.S.C. §1986
### (Plaintiff v. All Defendants)

86.   Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

87.  Denies the allegations in this paragraph, denies the allegations of this paragraph because defendant lacks knowledge or information to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

88.  Denies the allegations in this paragraph, denies the allegations of this paragraph because defendant lacks knowledge or information to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

89.  Denies the allegations in this paragraph, denies the allegations of this paragraph because defendant lacks knowledge or information to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

WHEREFORE, Defendant, Donald E. Melnick, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### COUNT VI
### Breach of Contract
### (Plaintiff v. NBME)

90.   Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

91.   Denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the allegations in this paragraphs to the extent they state conclusions of law, and the documents referenced in this paragraph are written and speak for themselves.

92.   Denies the allegations in this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

93.   Denies the allegations in this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.  Furthermore, NBME thoroughly investigated plaintiff's concerns about the July 2005 Step 3 USMLE and provided plaintiff with information from its investigation.

94.   Denies the allegations in this paragraph, denies the allegations of this paragraph because defendant lacks knowledge or information to form a belief as to the truth of the

allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

WHEREFORE, Defendant, Donald E. Melnick, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### COUNT VII
### Negligence
### (Plaintiff v. NBME and FSMB)

95. Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

96. Denies the allegations in this paragraph, denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

97. Denies the allegations in this paragraph, denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

98. Denies the allegations in this paragraph, denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their

truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

99. Denies the allegations in this paragraph, denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law. Furthermore, NBME thoroughly investigated plaintiff's concerns about the July 2005 Step 3 USMLE and provided plaintiff with information from its investigation.

100. Denies the allegations in this paragraph, denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law. Furthermore, NBME thoroughly investigated plaintiff's concerns about the July 2005 Step 3 USMLE and provided plaintiff with information from its investigation.

WHEREFORE, Defendant, Donald E. Melnick, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

**AFFIRMATIVE DEFENSES**

1.   Plaintiff failed to state a claim upon which relief can be granted.

2.   If Plaintiff suffered any damages or loss, such damages or loss were caused, in whole or in part, by plaintiff's own acts, omissions, and/or conduct.

3.   At all material times, defendant Melnick acted in good faith.

4.   Defendant Melnick cannot be held individually liable on any of plaintiff's claims and is not a proper party to this case.

5.   Plaintiff's claims are barred, in whole or in part, by the doctrine of academic freedom, which applies to Defendant Melnick based on NBME's purpose of protecting the health of the public through assessment of knowledge of medical professionals.

6.   Plaintiff's claims are barred, in whole or in part, because courts do not interfere with academic decision making and NBME engages in such decision making in developing and administering the USMLE.

7.   Defendant Melnick's decisions about and actions regarding the USMLE are of the same nature as a university official's about an academic matter, and, therefore, are

entitled to substantial latitude and should not be second-guessed.

8.   Defendant Melnick cannot be sued in an official capacity.

9.   Defendant Melnick did not commit any wrongful acts towards plaintiff.

10. Neither Defendant Melnick nor NBME are state actors.

11. Plaintiff was treated precisely as required under the Bulletins of Information and other documents regarding the USMLE and any contractual obligations to her were fulfilled.

12. Because plaintiff was treated precisely as required under the Bulletins of Information and other documents regarding the USMLE, any contractual obligations to her were fulfilled.

13. Plaintiff's concerns about the USMLE were thoroughly investigated and she was fully informed about the results of those investigations.

14. Plaintiff does not have a constitutionally protected right to an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

WHEREFORE, defendant, Donald E. Melnick, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

/s/ Craig D. Ginsburg
Neil J. Hamburg, Esquire
Craig D. Ginsburg, Esquire
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590

Attorneys for Defendants
National Board of Medical
Examiners, Federation of State
Medical Boards of the United
States, Dr. Donald E. Melnick and
Dale L. Austin

**CERTIFICATE OF SERVICE**

I, Craig D. Ginsburg, certify that on July 20, 2006, the foregoing Answer and Affirmative Defenses were filed electronically and are now available for viewing and downloading from the Court's Electronic Case Filing System.  I further certify that a copy of the Answer and Affirmative Defenses were served by regular mail upon the following:

> Frank Finch, III
> Two Penn Center Plaza
> Suite 950
> 15th & John F. Kennedy Boulevard
> Philadelphia, PA  19102
>
> Beth Ann Smith
> Senior Deputy Attorney General
> Commonwealth of Pennsylvania
> Office of Attorney General
> 21 S. 12th Street, 3rd Floor
> Philadelphia, PA 19107-3603

> /s/ Craig D. Ginsburg
> CRAIG D. GINSBURG