IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

LESLIE M. PARTEM, M.D.          )
                                )    CIVIL ACTION
            v.                  )
                                )    NO. 06-2019
NATIONAL BOARD OF MEDICAL       )
EXAMINERS, et al.               )
_____)

**ANSWER AND AFFIRMATIVE DEFENSES OF DALE L. AUSTIN TO PLAINTIFF'S
AMENDED COMPLAINT**

Defendant, Dale L. Austin, asserts the following
answer and affirmative defenses to Plaintiff, Leslie Partem's,
Amended Complaint. Defendant Austin states as follows:

**I.   INTRODUCTION**

1. Denies the allegations in this paragraph except
that plaintiff has brought the causes of action and seeks the
relief described in this paragraph.

**II. JURISDICTION**

2. Denies the allegations of this paragraph on the
basis defendant lacks knowledge or information sufficient to
form a belief as to their truth, denies the need to respond to
the averments to the extent they state conclusions of law.

3. Denies the allegations in this paragraph and
denies the allegations in this paragraph on the basis that
defendant lacks knowledge or information sufficient to form a
belief as to their truth.

## III. PARTIES

4.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.

5.   Denies the allegations in this paragraph.  A correct general description of the National Board of Medical Examiners ("NBME") is contained in its Mission Statement located on its website.  A numbered copy of the Mission Statement (N&F 00001 was produced in this case.   The Mission Statement is quoted in Defendant, Donald E. Melnick's, answer to paragraph 5 of the Amended Complaint and Defendant Austin incorporates by reference here that quotation.

6.   Denies the allegations in this paragraph except as stated below and denies the need to respond to the allegations of this paragraph to the extent they state conclusion of law.  Admits defendant is Senior Vice President and Chief Operating Officer of the Federation of State Medical Boards of the United States, Inc. ("FSMB") and maintains his principle office in Euless, Texas at 400 Fuller Wiser Road, Suite 300.

7.   Denies the allegations of this paragraph except as stated below.  The FSMB is a national not-for-profit organization representing the 70 medical boards of the United States and its territories, including 14 state boards of

osteopathic medicine; and the principal office of the FSMB is located at 400 Fuller Wiser Street, Suite 300, Euless, Texas. On behalf of its member medical boards, the mission of the FSMB is to continuously improve the quality, safety and integrity of health care by developing and promoting high standards for physician licensure and practice.

8.   Denies the allegations of this paragraph except as follows and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law. Defendant Austin is Senior Vice President and Chief Operating Officer of FSMB.   The principal office of FSMB is 400 Fuller Wiser Road, Suite 300, in Euless, Texas.   Further denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

9.   Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

10.   Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11.   Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## IV.  ALLEGATIONS OF FACT

### A.  Background

12.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

13.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

14.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

15.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to

the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

16.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

17.   Denies the allegations of this paragraph except as stated below, denies the need to respond to the averments of this paragraph to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.   Admits that: (i) to obtain an unrestricted license from the state medical board to practice medicine in Pennsylvania, an examinee must pass the United States Medical Licensing Examination ("USMLE"); and (ii) NBME recommends minimum passing scores for Steps 1, 2 and 3 of the USMLE based on the recommendations of committees of experts and the work of its staff.   Individual licensing authorities may accept these recommendations or may establish different passing scores for their own jurisdictions.

18.   Admitted.

19.   Denies the allegations in this paragraph except as stated below.  Admits that NBME and FSMB jointly establish rules for the USMLE and that NBME recommends passing scores and calculates the standard error of measurement.  Step committees establish the pass/fail point.  These committees are accountable to the Composite Committee, a joint NBME/FSMB (with ECFMG and the public) governing body.  NBME has no unique role in determining standards.

20.   Denies the allegations in this paragraph.

21.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

22.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

**B.    Plaintiff's Attempts To Pass the USMLE Step 3**

23.  Denies the allegations in this paragraph because defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

24.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of law referred to in this paragraph are written and speak for themselves.

25.  (a), (b) and (c).  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

26.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.

27.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to

form a belief as to their truth.  Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

28.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.

29.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.

30.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.  Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

31.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.  Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

32.  Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.  Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

33.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the averments to the extent they state conclusions of law, and the aspects of Pennsylvania law referred to in this paragraph are written and speak for themselves.  Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

**C.   Allegations Concerning the July and December, 2005 Step 3 Examinations**

34.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.   Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

35.   Denies the allegations of this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth.   Plaintiff's examination records contain information regarding her performance on the USMLE and speak for themselves.

36.   Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations.   The NBME documents referred to by plaintiff are written documents that speak for themselves.

37.  Denies the allegations in this paragraph on the basis that defendant lacks information or knowledge sufficient to form a belief as to their truth.

38.  Denies the allegations in this paragraph because defendant lacks information or knowledge sufficient to form a belief as to their truth.

39.  Denies the allegations in this paragraph except as follows: Plaintiff and Nancy O'Mara Ezold contacted FSMB to complain about the manner in which the July 2005 Step 3 USMLE was administered to plaintiff at the test site and alleged defects in computer equipment.  The complaints made were put into writings, which speak for themselves.

40.  Denies the allegations in this paragraph and denies the allegations in this paragraph on the basis that defendant lacks knowledge and information sufficient to form a belief as to their truth.  Furthermore, FSMB thoroughly investigated plaintiff's concerns about the July 2005 Step 3 USMLE and provided plaintiff with information from its investigation.

41.  Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations.

42.  Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a

belief as to the truth of allegations.  The letter referred to in this paragraph is written documentation that speaks for itself.

43.  Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations.  The letter referred to in this paragraph is written documentation that speaks for itself.

44.  Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations.  The letters referred to in this paragraph are written documents that speak for themselves.

45.  Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations.  The letters referred to in this paragraph are written documents that speak for themselves.

46.  Denies the allegations in this paragraph.

47.  Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and further denies that a standard error measurement has anything to do with the scores plaintiff got on the USMLE.

48. Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

49. Denies the allegations in this paragraph, denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

50. Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth.

51. Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth and the letter referenced in the paragraph is a written document that speaks for itself.

52. Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations and the letter referenced in this paragraph is a written document that speaks for itself.

**D.   Plaintiff's Injuries**

53. Denies the allegations in this paragraph, denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

54. Denies the allegations in this paragraph because defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

55. Denies the allegations in this paragraph on the basis that defendant lacks knowledge or information sufficient to form a belief as to their truth.

<u>**COUNT I**</u>
<u>**42 U.S.C. §1983**</u>
<u>**(Plaintiff v. NBME and Melnick)**</u>

56. Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

57. – 64. Denies the allegations in these paragraphs because defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the allegations in these paragraphs to the extent they state

conclusions of law, and the letter referenced in these paragraphs is a written document that speaks for itself.

WHEREFORE, Defendant, Dale L. Austin, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### COUNT II
### 42 U.S.C. §1983
### (Plaintiff v. FSMB and Austin)

65.   Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

66.   (a),(b),(c),(d),(e),(f),(g),(h),(i)and(j). Denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law. Admits FSMB is involved in the administration of the USMLE and that its members include state medical licensing authorities.

67.   Denies the allegations in this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

68.   Denies the allegations in this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

69.   Denies the allegations in this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

70.   Denies the allegations in this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

71.   Denies the allegations in this paragraph and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

WHEREFORE, Defendant, Dale L. Austin, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### COUNT III
### 42 U.S.C. §1983
### (Plaintiff v. State Board of Medicine, Board Members of the State Board of Medicine and Hummer

72.   Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

73. – 80.Denies the allegations in these paragraphs on the basis defendant lacks knowledge or information sufficient to form a belief as their truth, denies the need to respond to the allegations in these paragraphs to the extent they state conclusions of law, and the letter referenced in these paragraphs is a written document that speaks for itself.

WHEREFORE, Defendant, Dale L. Austin, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

<strong><u>COUNT IV</u></strong><br><strong><u>42 U.S.C. §1985</u></strong><br><strong><u>(Plaintiff v. All Defendants)</u></strong>

81. Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

82. Denies the allegations of this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

83. Denies the allegations of this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

84. Denies the allegations of this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

85.   Denies the allegations of this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

WHEREFORE, Defendant, Dale L. Austin, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### COUNT V
### 42 U.S.C. §1986
### (Plaintiff v. All Defendants)

86.   Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

87.   Denies the allegations of this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

88.   Denies the allegations of this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

89.   Denies the allegations of this paragraph because defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

WHEREFORE, Defendant, Dale L. Austin, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### COUNT VI
### Breach of Contract
### (Plaintiff v. NBME)

90.   Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

91. -94. Denies the allegations of these paragraphs on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, denies the need to respond to the allegations of these paragraphs to the extent they state conclusions of law, and the documents referenced in these paragraphs are written and speak for themselves.

WHEREFORE, Defendant, Dale L. Austin, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

**COUNT VII**
**Negligence**
**(Plaintiff v. NBME and FSMB)**

95.   Defendant's foregoing responses to each paragraph of the Amended Complaint are incorporated herein as if fully set forth.

96.   Denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

97.   Denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

98.   Denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.

99.   Denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state

conclusions of law.  Furthermore, FSMB thoroughly investigated plaintiff's concerns about the July 2005 Step 3 USMLE and provided plaintiff with information from its investigations.

100. Denies the allegations in this paragraph on the basis defendant lacks knowledge or information sufficient to form a belief as to their truth, and denies the need to respond to the allegations in this paragraph to the extent they state conclusions of law.  Furthermore, FSMB thoroughly investigated plaintiff's concerns about the July 2005 Step 3 USMLE and provided plaintiff with information from its investigations.

WHEREFORE, defendant, Dale L. Austin, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

### AFFIRMATIVE DEFENSES

1.  Plaintiff failed to state a claim upon which relief can be granted.

2.  If Plaintiff suffered any damages or loss, such damages or loss were caused, in whole or in part, by plaintiff's own acts, omissions, and/or conduct.

3.  At all material times, defendant Austin acted in good faith.

4.  Defendant Austin cannot be held individually liable on any of plaintiff's claims and is not a proper party to this case.

5.   Plaintiff's claims are barred, in whole or in part, by the doctrine of academic freedom, which applies to Defendant Austin based on FSMB's purpose of protecting the health of the public through assessment of knowledge of medical professionals.

6.   Plaintiff's claims are barred, in whole or in part, because courts do not interfere with academic decision making and FSMB engages in such decision making in developing and administering the USMLE.

7.   Defendant Austin's decisions about and actions regarding the USMLE are of the same nature as a university official's about an academic matter, and, therefore, are entitled to substantial latitude and should not be second-guessed.

8.   Defendant Austin cannot be sued in an official capacity.

9.   Defendant Austin did not commit any wrongful acts towards plaintiff.

10.   Neither Defendant Austin nor FSMB are state actors.

11.   Plaintiff was treated precisely as required under the Bulletins of Information and other documents regarding the USMLE and any contractual obligations to her were fulfilled.

12.   Because plaintiff was treated precisely as required under the Bulletins of Information and other documents regarding the USMLE, any contractual obligations to her were fulfilled.

13.  Plaintiff's concerns about the USMLE were thoroughly investigated and she was fully informed about the results of those investigations.

14.  Plaintiff does not have a constitutionally protected right to an unrestricted license to practice medicine in the Commonwealth of Pennsylvania.

WHEREFORE, defendant, Dale L. Austin, demands the dismissal of the Amended Complaint, judgment in his favor, and an award of attorneys' fees and costs.

/s/ Craig D. Ginsburg
Neil J. Hamburg, Esquire
Craig D. Ginsburg, Esquire
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590

Attorneys for Defendants
National Board of Medical
Examiners and Federation of
State Medical Boards of the
United States, Dr. Donald E.
Melnick and Dale L. Austin

**CERTIFICATE OF SERVICE**

I, Craig D. Ginsburg, certify that on July 24, 2006, the foregoing Answer and Affirmative Defenses were filed electronically and are now available for viewing and downloading from the Court's Electronic Case Filing System.   I further certify that a copy of the Answer and Affirmative Defenses were served by regular mail upon the following:

        Frank Finch, III
        Two Penn Center Plaza
        Suite 950
        15th & John F. Kennedy Boulevard
        Philadelphia, PA  19102

        Beth Ann Smith
        Senior Deputy Attorney General
        Commonwealth of Pennsylvania
        Office of Attorney General
        21 S. 12th Street, 3rd Floor
        Philadelphia, PA 19107-3603


                            /s/ Craig D. Ginsburg
                            CRAIG D. GINSBURG