IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | : | |
| Defendants | : | No. 06-2019 |

## ORDER

AND NOW, this          day of                    , 2006, upon consideration of the

motion of defendants Commonwealth of Pennsylvania Bureau of Professional and Occupational

Affairs State Board of Medicine ("State Board of Medicine"), Radheshyam M. Agrawal, M.D.,

Ollice Bates, Jr., M.D., James W. Freeman, M.D., Bette A. Grey, B.A., Charles D. Hummer, Jr.,

M.D., Rabbi Solomon Isaacson, M.D., Calvin B. Johnson, M.D., MPH, Annette S. McDaniel-

Turner, M.D., Kishor S. Mehta, and Carol E. Rose, M.D. (collectively with State Board of

Medicine, "Commonwealth defendants") to dismiss the amended complaint of plaintiff Leslie M.

Partem, M.D., and plaintiff's response thereto, it is hereby ORDERED that said motion is

GRANTED.  Plaintiff's amended complaint is hereby DISMISSED as to Commonwealth

defendants.

BY THE COURT:

_____
William H. Yohn, Jr., Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LESLIE M. PARTEM, M.D.,    : CIVIL ACTION

      Plaintiff   :

  v.          :

             :

NATIONAL BOARD OF MEDICAL
EXAMINERS, et al.,      :

      Defendants : No. 06-2019

**COMMONWEALTH DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

defendants Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs

State Board of Medicine (hereinafter, "State Board of Medicine" or "State Board") and State

Board members Radheshyam M. Agrawal, M.D., Ollice Bates, Jr., M.D., James W. Freeman,

M.D., Bette A. Grey, B.A., Charles D. Hummer, Jr., M.D., Rabbi Solomon Isaacson, M.D.,

Calvin B. Johnson, M.D., MPH, Annette S. McDaniel-Turner, M.D., Kishor S. Mehta, and Carol

E. Rose, M.D. (collectively with the State Board of Medicine, "Commonwealth defendants")

move the Court to dismiss plaintiff Leslie M. Partem, M.D.'s amended complaint for the

following reasons:

1. Partem fails to state any claim upon which relief may be granted under 42 U.S.C.

§§ 1983, 1985, and 1986 or the Fourteenth Amendment.

2. The Eleventh Amendment bars all of Partem's claims against the State Board of

Medicine, as well as Partem's damage claims against the State Board members in their official

capacities.

3.  The State Board of Medicine is not a "person" subject to suit under Sections 1983, 1985, and 1986; similarly, the State Board members in their official capacities are not "persons" subject to liability under those statutes.

4.  Partem's Fourteenth Amendment equal protection claim fails as a matter of law because nothing in her Amended Complaint suggests that Commonwealth defendants have granted an unrestricted license to any U.S.-born doctor who took Step 3 of the United States Medical Licensing Examination but did not obtain a passing score.

5.  Partem's Fourteenth Amendment substantive due process claim fails as a matter of law because there is no fundamental right to obtain a license to practice medicine or any other profession.

6.  Partem's Fourteenth Amendment procedural due process claim fails as a matter of law because she fails to allege a protected property or liberty interest:

> a)  There is no state-created property interest in obtaining a license to practice medicine; and

> b)  Partem does not allege facts showing that Commonwealth defendants' action imposed a stigma, i.e., a charge based on dishonesty, crime, or immorality, which gave rise to a protected liberty interest.

7.  Partem's Section 1985 conspiracy claim is not made with the requisite specificity.

8.  Partem's Section 1986 claim fails as a matter of law given the legal insufficiency of her Section 1985 claim.

This motion is supported by the attached memorandum of law.

WHEREFORE, Commonwealth defendants respectfully request the Court to enter an order substantially in the form attached hereto, granting this motion to dismiss Partem's amended

complaint and any such further relief as is proper and just.

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY:    <u>s/ Beth Anne Smith</u>
        Beth Anne Smith
        Senior Deputy Attorney General
        Identification No. 47162

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LESLIE M. PARTEM, M.D.,          :   CIVIL ACTION

               Plaintiff      :

      v.                   :

                              :

NATIONAL BOARD OF MEDICAL
EXAMINERS, et al.,            :

             Defendants    :   No. 06-2019

## MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

INTRODUCTION

     Plaintiff Leslie M. Partem, M.D. commenced this case pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against, *inter alia*, defendant Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs State Board of Medicine (hereinafter, "State Board of Medicine" or "State Board").[1] Complaint, Counts III, IV, and V.  Essentially, Partem claimed that the State Board of Medicine violated her Fourteenth Amendment rights to equal protection and due process, and conspired with others to violate her civil rights, when it denied her request to "waive exam scores set by the National Board of Medical Examiners and the Federation of State Medical Boards." *Id.*, Exhibit F.  She sought injunctive and declaratory relief as well as damages.  *Id.*, ¶ 1.

     The State Board of Medicine moved to dismiss Partem's complaint in its entirety, arguing, among other things, that the Eleventh Amendment barred Partem's claims.

---

[1] The Bureau of Professional and Occupational Affairs and the State Board of Medicine are part of the Pennsylvania Department of State.  See 35 P.S. § 449.21; 42 Pa.C.S.A. § 9561(b).

Partem has now filed an amended complaint retaining the State Board as a defendant, but naming additional defendants, including State Board members Radheshyam M. Agrawal, M.D., Ollice Bates, Jr., M.D., James W. Freeman, M.D., Bette A. Grey, B.A., Charles D. Hummer, Jr., M.D.,[2] Rabbi Solomon Isaacson, M.D., Calvin B. Johnson, M.D., MPH, Annette S. McDaniel-Turner, M.D., Kishor S. Mehta, and Carol E. Rose, M.D. in their individual and official capacities (collectively with the State Board, "Commonwealth defendants").  Partem continues to seek damages and declaratory and injunctive relief.

Commonwealth defendants now move to dismiss Partem's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Assuming for purposes of this motion only that her allegations are true, Partem still fails to state any claim upon which relief may be granted.  The Court therefore should dismiss her amended complaint.

RELEVANT FACTUAL ALLEGATIONS

The State Board of Medicine is an agency of the Commonwealth of Pennsylvania, established by the Pennsylvania Medical Practice Act of 1985, as amended, 63 P.S. §§ 422.1, *et seq.* (hereinafter, "the Act").  Amended Complaint, ¶ 9.  It is responsible for the licensure of medical doctors who wish to practice in Pennsylvania.  *Id.*, ¶ 12.  In accordance with the Act, examinations of qualified candidates for medical licenses in Pennsylvania are conducted by an "examining agency."  *Id.*, ¶ 15 (citing 63 P.S. § 422.24(c) and (d)).  The State Board has designated the United States Medical Licensing Examination ("the Examination") as one that is acceptable for the purpose of testing candidates for an unrestricted license.  *Id.*, ¶ 17 (citing 49

---

[2] Defendant Hummer is named individually and in his official capacities as a member and Chairman of the State Board.  Amended Complaint, ¶¶ 10-11.  For ease of reference, he is included among the "State Board members."

Pa. Code § 17.1).  It has delegated to the National Board of Medical Examiners the task of determining what constitutes a passing score on the Examination.  *Id.*  The State Board, however, established the maximum number of examination attempts it will recognize for the purpose of receiving a passing score.  *Id.*, ¶ 16 (citing 63 P.S. § 422.24(d)).

Persons eligible to apply for an unrestricted license in Pennsylvania may qualify by achieving a passing score, as determined by the National Board of Medical Examiners, on Steps 1, 2, and 3 of the Examination.  *Id.*, ¶ 21 (citing 49 Pa. Code §§ 17.1(a) and 17.1(c).  "If an individual fails to secure a passing score on Step 3 in a third attempt [within a 7-year period], the individual shall repeat a year of graduate medical training at a first or second-year level before retaking Step 3".  *Id.*, ¶ 22 (quoting 49 Pa. Code § 17.12c(b)).

Partem obtained her medical degree in the former Soviet Union, where she practiced medicine for 11 years; she then emigrated to the United States.  *Id.*, ¶ 23.  Because she is a graduate of a foreign medical school, she must complete at least three years of graduate training at an accredited medical institution in the United States in order to obtain a license to practice medicine in the United States.  *Id.,* ¶ 24.  Partem obtained a graduate license in accordance with 49 Pa. Code § 17.5 and contracted for graduate medical training at Bryn Mawr Hospital in Bryn Mawr, Pennsylvania.  Amended Complaint, ¶ 26.

As noted above, to obtain an unrestricted license, Partem was required to pass all three steps of the Examination within seven years.  She took and passed Steps 1 and 2 of the Examination on December 11, 1998 and May 17, 2000, respectively.  *Id.*, ¶ 27.  However, despite four attempts (including three attempts in Pennsylvania), Partem has not passed Step 3.  *Id.,* ¶¶ 30-33.  In December 2005, her 7-year period for completing all three steps of the Examination expired.  *Id.,* ¶ 29.

By letter dated April 11, 2006, Partem asked the State Board of Medicine to deem her to have passed Step 3 for the purpose of applying for a license without restriction via endorsement pursuant to 49 Pa. Code § 17.2(a).  Amended Complaint, ¶ 51 and Exhibit E, p.2.  She requested in the alternative that the State Board "promptly refer the matter for a hearing" to determine whether the evidence relating to the 2005 administration and scoring of the Step 3 examinations warranted (1) waiver by the State Board of the requirement of 49 Pa.Code § 17.12c(b) and (2) a grant of leave by the State Board to Partem and Bryn Mawr Hospital to apply for licensure by Board endorsement pursuant to 49 Pa. Code § 17.2(a).  Amended Complaint, Exhibit E.

On or about April 19, 2006, the State Board denied Partem's requests.  Amended Complaint, ¶ 52.  The State Board informed Partem that it "cannot waive exam scores set by the National Board of Medical Examiners and the Federation of State Medical Boards."  Amended Complaint, Exhibit F.  The State Board further noted that the administration and scoring of the exams was not within its jurisdiction.  *Id.*  However, the State Board advised Partem that should she succeed in passing Step 3, she could request the State Board to waive the 7-year requirement for passing all three steps of the Examination.  *Id.*  "In the past, the Board has been lenient in their review of these requests."  *Id.*


ARGUMENT

Standards for Dismissal Under Fed.R.Civ.P. 12(b)(1) and 12(b)(6)

Dismissal on Eleventh Amendment grounds is treated as a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).  The plaintiff bears the burden of demonstrating the court's subject matter jurisdiction.  Givens v. Walker, 2005 WL 1712308, *3 (E.D.Pa. 2005) (citing Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F.3d 62, 69 (3d

Cir.2000)).  "Without jurisdiction the court cannot proceed at all in any cause."  <u>Givens</u>, 2005

WL 1712308, *2 (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94-95 (1998)).

Dismissal of a complaint for failure to state a claim is appropriate where it is certain that

no relief could be granted under any set of facts that could be proved consistent with the

allegations contained in the complaint.  Fed.R.Civ.P. 12(b)(6); <u>Hishon v. King & Spalding</u>, 467

U.S. 69, 73 (1984); <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d Cir. 1988).  On considering a

motion to dismiss, the district court must accept all allegations in the complaint as true and draw

any reasonable inferences from such allegations in plaintiff's favor.  <u>Oshiver v. Levin, Fishbein,</u>

<u>Sedran & Berman</u>, 38 F.3d 1380, 1391 (3d Cir. 1994).  The court may consider not only the

complaint, but also matters of public record, orders, exhibits attached to the complaint and items

appearing in the record of the case.  <i>Id.</i>, at 1384 n.2.  "Documents that the defendant attaches to

the motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's

complaint and are central to the claim; as such, they may be considered by the court."  <u>Pryor v.</u>

<u>Nat'l Collegiate Athletic Association</u>, 288 F.3d 548, 560 (3d Cir. 2002)(quoting 62 Fed. Proc.,

L.Ed. § 62:508).

<u>The Eleventh Amendment Bars Partem's Claims Against the State Board of Medicine</u>

Partem's equal protection, substantive due process, and conspiracy claims against the

State Board of Medicine are predicated on 42 U.S.C. §§ 1983, 1985, and 1986.  Amended

Complaint, Counts III, IV, and V.  The Eleventh Amendment, however, bars all of Partem's

claims against the State Board, regardless of the relief sought.

The Eleventh Amendment provides, "The Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against any one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."
U.S.Const., Amend. XI.

The United States Supreme Court has consistently held that the Eleventh Amendment
bars the federal courts from entertaining suits by private parties against states, state agencies, and
state officials and employees acting in their official capacities unless the state has consented to
the filing of such suit.  Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985); Edelman
v. Jordan, 415 U.S. 651, 662 (1974).  The Eleventh Amendment bar "extends to suits against
departments or agencies of the state having no existence apart from the state."  Laskaris v.
Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Mt. Healthy City Board of Education v.
Doyle, 429 U.S. 274, 280 (1977)).  This immunity applies to suits asserting violations of civil
rights where the state is named as a defendant.  Laskaris, 661 F.2d at 26.  Unless a state has
waived its Eleventh Amendment immunity or Congress has abrogated it, a state cannot be sued
directly in its own name regardless of the relief sought.  Alabama v. Pugh, 438 U.S. 781, 781-82
(1978)(per curiam).

The Commonwealth of Pennsylvania has not waived its rights under the Eleventh
Amendment.  "By statute Pennsylvania has specifically withheld consent to be sued."  Laskaris,
661 F.2d at 25 (citing 42 Pa.C.S.A. § 8521(b)).  Partem concedes that the State Board of
Medicine is an agency of the Commonwealth.  Amended Complaint, ¶ 9.  Indisputably, the
Bureau of Professional and Occupational Affairs and the State Board of Medicine, as part of the
Pennsylvania Department of State, are creatures of Pennsylvania law.  See 71 P.S. §§ 11, 61
(creating the Department of State); 71 P.S. § 62 (creating State Board of Medicine within the
Department of State); Atamian v. Masland, 2001 WL 767604, *2 (E.D.Pa.2001) (holding that
officials and employees of Bureau of Professional and Occupational Affairs are entitled to

sovereign immunity).  The Board, along with its officials acting in their official capacities, is therefore immune from suit.  See Laskaris, 661 F.2d at 25-26 (citing Edelman v. Jordan, supra); Seeney v. Kavitski, 866 F.Supp. 206, 209-10 (E.D. Pa. 1994).

It is long settled that, in enacting Sections 1983 and 1985, Congress did not abrogate the states' Eleventh Amendment immunity.  See Edelman v. Jordan, *supra* (§ 1983); Seeney, *supra*, 866 F.Supp. at 209 (§ 1985)(citing Quern v. Jordan, 440 U.S. 332, 339-346 (1979)).  And, the few courts that have considered the issue have held that Congress did not abrogate the states' Eleventh Amendment immunity from Section 1986 claims.  See, e.g., Coffin v. South Carolina Dept. of Social Services, 562 F.Supp. 579, 585 (D.S.C.1983)(§ 1986).

Because Pennsylvania has not consented to be sued and Congress has not abrogated the states' immunity from claims under Sections 1983, 1985 and/or 1986, Partem's claims against the State Board of Medicine are barred by the Eleventh Amendment and must be dismissed.[3]

The State Board Is Not a "Person" Subject to Suit Under Sections 1983, 1985, and 1986; Similarly, the State Board Members In Their Official Capacities Are Not "Persons" Subject to Liability Under Those Statutes.

As noted above, Partem's constitutional claims against Commonwealth defendants are premised on Section 1983, 1985 and 1986.  However, to the extent Partem sues the State Board for any type of relief and the State Board members for damages, her claims are legally deficient under these statutes.  An essential element of each of these statutes is that the alleged wrongdoing was committed by a "person."  A state, its agencies, and its officials acting in their

---

[3] To the extent that Partem seeks damages against the State Board members in their official capacities, the Eleventh Amendment bars those claims as well.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1991).

official capacities are not "persons" subject to liability under Sections 1983, 1985, or 1986.[4]

<u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71 (1989)(§ 1983); <u>Small v. Chao</u>,

398 F.3d 894 (7th Cir. 2005)(§§ 1983 and 1985); <u>Sandoval v. Department of Motor Vehicles</u>

<u>State of New York</u>, 333 F.Supp.2d 40 (E.D.N.Y.2004) (§ 1985); <u>Carmen v. San Francisco</u>

<u>Unified School Dist</u>., 982 F.Supp. 1396, 1405 (N.D.Cal. 1997)(§ 1986).

 Given the Eleventh Amendment bar, and because the State Board is not a "person" under

Sections 1983, 1985, or 1986, the Court should dismiss Counts III, IV and V of the amended

complaint against the State Board.  Because the State Board members in their official capacities

are not "persons" subject to liability under Sections 1983, 1985, or 1986, the Court should

---

[4]Section 1983 provides in relevant part: "Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

42 U.S.C. § 1983 (emphasis added).

Section 1985 provides in relevant part: "If two or more <u>persons</u> in any State or Territory conspire … for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws … the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C.A. § 1985(3)(emphasis added).

Section 1986 provides in relevant part: "Every <u>person</u> who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented[.]"

42 U.S.C.A. § 1986 (emphasis added).

dismiss Counts III, IV, and V of the amended complaint to the extent Partem seeks damages against those defendants.[5]

### Partem Fails to State a Claim Under the Fourteenth Amendment

In Count III of her Amended Complaint, Partem claims that Commonwealth defendants' refusal to deem her to have obtained a passing score on her Step 3 examination and grant her an unrestricted license violated her right to equal protection, substantive due process, and procedural due process under the Fourteenth Amendment.  Amended Complaint, ¶¶ 73-76.

*Equal Protection*

According to Partem, Commonwealth defendants "fail[ed] to accord Plaintiff equal treatment under the law, as compared to the treatment accorded U.S.-born doctors." *Id.*, ¶ 74. Partem's equal protection claim fails as a matter of law.

The Equal Protection Clause guarantees that persons who are similarly situated will be treated similarly.  Foxworth v. Pennsylvania State Police, 402 F.Supp.2d 523, 546 (E.D.Pa. 2005) (citing City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)).  To state an equal protection claim, the plaintiff must allege facts showing that she received different treatment from other similarly situated individuals or groups.  Irene B. v. Philadelphia Academy

---

[5] To the extent Partem seeks injunctive relief against the State Board members in their official capacities, or damages against the State Board members in their individual capacities, the Eleventh Amendment and the requirements of Sections 1983, 1985 and 1986 are not a bar.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 68, 71 n. 10 (1989).  However, as more fully discussed below, the Court should still dismiss Partem's claims against Commonwealth defendants as legally deficient.

Charter School, 2003 WL 24052009, *13 (E.D.Pa. 2003)(citing Brown v. Borough of Mahaffey, PA, 35 F.3d 846, 850 (3d Cir.1994)(citing City of Cleburne Living Center, *supra*).

In this case, Partem alleges that the State Board of Medicine refused to deem her to have passed Step 3 of the Examination because she was not born in the United States. Amended Complaint, ¶ 68. She apparently asserts that the State Board is applying a facially neutral law or policy differently on the basis of national origin. Antonelli v. New Jersey, 419 F.3d 267, 274 (3d Cir. 2005)(citing Yick Wo. v. Hopkins, 118 U.S. 356 (1886)). However, Partem's allegations do not even meet a threshold test for discrimination: nothing in her amended complaint suggests that the State Board has granted an unrestricted license to any U.S.-born doctor who took the Examination but did not obtain a passing score on Step 3. See generally Amended Complaint. Because Partem does not allege facts indicating that Commonwealth defendants treated her differently from others, similarly situated, on account of her national origin, her equal protection claim is legally deficient and should be dismissed.

*Substantive Due Process*

Partem asserts that the State Board's failure to direct the National Board of Medical Examiners to "correctly score" her Step 3 exam "made a manifestly unreasonable determination or classification" which deprived her of substantive due process. *Id.*, ¶ 75.

The Substantive Due Process Clause of the Fourteenth Amendment "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." Daniels v. Williams, 474 U.S. 327, 331 (1986). "Substantive due process encompasses, in addition to those rights expressly set forth in the Bill of Rights, 'fundamental rights implicit in the concept of ordered liberty, and deeply rooted in this Nation's history and tradition[s].'"

Posthumus v. Board of Educ. of Mona Shores Public Schools, 380 F.Supp.2d 891, 898-99

(W.D.Mich.2005)(quoting Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir.1998)).

Fundamental rights include the rights to marry, have children, direct the education and

upbringing of one's children, marital privacy, use contraception, bodily integrity, abortion, and

possibly the right to refuse lifesaving medical treatment.  Posthumus (citing Seal v. Morgan, 229

F.3d 567, 574-75 (6th Cir.2000)).  "When a fundamental right is not at issue, the government's

action must be upheld if it is rationally related to a legitimate state interest."  Posthumus (citing

Seal v. Morgan, 229 F.3d 567, 574-75 (6th Cir.2000)).  See also Pace Resources, Inc. v.

Shrewsbury Township, 808 F.2d 1023, 1035-37 (3d Cir.), cert. denied, 482 U.S. 906

(1987)(plaintiff had no substantive due process claim where township decisionmakers could

have had rational reasons for decisions first approving development plan, then disapproving final

plans, then rezoning land for agriculture; court deferred "to legislative judgment unless it can

have no rational, legitimate foundation").

There is no "fundamental right" to obtain a license to practice medicine or any other

profession.  See, e.g., Regents of University of Michigan v. Ewing, 474 U.S. 214, 229-30 (1985)

(Powell, J., concurring); North Dakota State Board of Pharmacy v. Snyder's Drug Stores, Inc.,

414 U.S. 156, 164-67 (1973); Attwell v. Nichols, 608 F.2d 228, 230 (5th Cir. 1979)(no

constitutional right to practice law without passing an examination).  Because Partem has no

fundamental right to an unrestricted license, the Court must uphold the State Board of

Medicine's action if it is rationally related to a legitimate state interest.

Without question, a state has the power to adopt reasonable qualifications and licensing

requirements to protect the health of the general public from incompetent medical practice.  See,

e.g., Neuwirth v. Louisiana State Bd. of Dentistry, 845 F.2d 553, 559 (5th Cir. 1988)(citing

Williamson v. Lee, 348 U.S. 483 (1955)(upholding constitutionality of Oklahoma statute against practice by unlicensed optometrists or ophthalmologists).  This is so even if the state statute "may exact a needless, wasteful requirement in many cases."  Neuwirth, at 559 (quoting Williamson, *supra*).  It is the responsibility of the legislature, not the judiciary, to weigh the advantages and disadvantages of the law.  *Id*.  "[T]he law need not be in every respect logically consistent with its aims to be constitutional.  It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it."  *Id*.

In this case, the State Board of Medicine's actions were rationally related to the legitimate state interest of protecting the public from incompetent medical practice.  It is rational, not arbitrary or capricious, for the State Board to rely on the National Board of Medical Examiners to administer the Examination and determine the passing score.  It is rational for the State Board to grant an unrestricted license to those applicants who take the test and obtain a passing score on all three steps.  It is rational for the State Board to refuse an applicant's request to waive that requirement.

By her own admission, Partem has not obtained a passing score on Step 3 of the Examination.  The State Board's refusal to waive the requirement of a passing score was not arbitrary, capricious, or irrational.  See Neuwirth, 845 F.2d at 559-60 (Louisiana's firm policy of requiring all would-be dentists to pass examination, irrespective of professional background, is not arbitrary, capricious, or irrational).  Accordingly, the Court should dismiss Partem's substantive due process claim.

*Procedural Due Process*

Partem also claims that by rejecting the requests in her attorney's April 11, 2006 letter, the State Board deprived her of procedural due process.  Amended Complaint, ¶ 76.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  Independent Enterprises Inc. v. Pittsburgh Water, 103 F.3d 1165, 1177 (3d Cir.1997)(quoting Board of Regents v. Roth, 408 U.S. 564, 569 (1972)).  Absent an allegation of a protected liberty or property interest, a plaintiff fails to state a cognizable procedural due process claim.

*Property Interest*

If Partem is asserting that she has a protected property interest in obtaining an unrestricted license to practice medicine, her due process claim cannot succeed.  A property interest protected by the Due Process Clause arises not from the Constitution, but from a "legitimate claim of entitlement" defined by an independent source such as state law.  Board of Regents v. Roth, *supra,* 408 U.S. at 577.  A person's "abstract need or desire for" or "unilateral expectation of" a benefit does not give rise to a protected property interest.  *Id.*

By Partem's own admission, the Commonwealth of Pennsylvania regulates the licensure of medical doctors who wish to practice in Pennsylvania.  Amended Complaint, ¶¶ 12-22.  In accordance with Pennsylvania statute, examinations of qualified candidates for medical licenses are conducted by an "examining agency."  *Id.*, ¶ 15 (citing 63 P.S. § 422.24 (c) and (d)).   The State Board has designated the Examination for the purpose of testing candidates for an unrestricted license.  *Id.*, ¶ 17 (citing 49 Pa. Code § 17.1).  Pursuant to Pennsylvania law, it has delegated the task of determining what constitutes a passing score on the Examination to the

National Board of Medical Examiners.[6]  *Id.*  Pursuant to Pennsylvania law, the State Board has established the maximum number of examination attempts it will recognize for the purpose of receiving a passing score.  *Id.*, ¶ 16 (citing 63 P.S. § 422.24(d)).  It is within the State Board's discretion to accept the National Board of Medical Examiners' criteria for passing the examination.  63 P.S. §  422.24(d).  The State Board is authorized to deny a license to an applicant who has not obtained a passing score.  *See* 63 P.S. § 422.42 (a)(1).

Thus, under Pennsylvania law, a license to practice medicine becomes a property right *only after it is obtained by compliance with law.*  Shah v. State Board of Medicine, 589 A.2d 783 (Pa. Commw. 1991).  *Cf.* Charry v. Hall, 709 F.2d 139, 144 (2d Cir. 1983)(when applicant fails examination to obtain license, he has no property interest entitled to due process protection).  Only after it is obtained does a license become a valued privilege or right in the nature of property which may not be suspended or revoked without due process.  Balfour Beatty Const. Inc. v. Department of Transp., 783 A.2d 901, 908 (Pa.Commw. 2001); Keeley v. Com., State Real Estate Com'n, 501 A.2d 1155, 1158 (Pa.Commw. 1985)(holding that plaintiff failed to state procedural due process claim; when state-created license is revoked, it is extinguished and former possessor is returned to the same position he occupied had the license or privilege never been issued).

Given the State Board's authority under Pennsylvania law to deny an unrestricted license to a person who does not pass all three steps of the Examination as that test was scored by the

---

[6]Pursuant to Pennsylvania statute, "[a]ll written, oral, practical or other nonwritten examinations shall be prepared and administered by a qualified and approved professional testing organization under contract to the appropriate board or commission within the Bureau of Professional and Occupational Affairs and approved by the appropriate board or commission, except that where the particular professional and occupational statutes permit the use of national uniform examinations and/or grading services, these examinations and grading services may continue to be used."  71 P.S. § 279.3a.

National Board of Medical Examiners, an unsuccessful applicant does not have a property right

in that license protected by the Fourteenth Amendment.  See Erdelyi v. O'Brien, 680 F.2d 61,

63 (9th Cir. 1982); Keeley v. Com., State Real Estate Com'n, 501 A.2d 1155, 1158 (Pa.Commw.

1985)(holding that plaintiff failed to state procedural due process claim; when state-created

license is revoked, it is extinguished and former possessor is returned to the same position he

occupied had the license or privilege never been issued).


        *Liberty Interest*

        Partem may argue that she has a protected liberty interest in obtaining an

unrestricted license to practice medicine.  She alleges in conclusory fashion that she "suffered

national origin-based stigmatization," "loss of professional esteem among her professional

colleagues; and elimination of professional opportunities in the United States[.]"  Amended

Complaint, ¶ 54.  As a matter of law, she has not articulated a liberty interest protected by the

Due Process Clause.

        The freedom to choose and pursue a career qualifies as a liberty interest which may not

be *arbitrarily* denied by the State.  Hillside Productions, Inc. v. Duchane, 249 F.Supp.2d 880,

897 (E.D.Mich.2003)(emphasis added)(citing R.S.S.W., Inc. v. City of Keego Harbor, 18

F.Supp.2d 738 (E.D.Mich.1998)).  But injury to reputation alone does not implicate a protected

liberty interest.  Siegert v. Gilley, 500 U.S. 226, 233-34 (1991).  A person who claims a

deprivation of liberty must show that the state's action imposed "a stigma or other disability that

foreclosed his freedom to take advantage of other employment opportunities."  Board of Regents

v. Roth, *supra*, 408 U.S. at 573.  A stigma attaches when the government's action is so damaging

as to make it difficult or impossible for the person to escape the stigma of those charges such as

allegations of dishonesty, immorality, criminality, racism, and the like.  Neal v. Fields, 429 F.3d 1165, 1168 (8th Cir. 2005)(citations omitted); Soderback v. Siler, 610 F.2d 643, 646 (9th Cir. 1979).  A state may still set high standards of qualifications, and a "stigma" does not attach if the state's standards have a rational connection with the applicant's fitness or capacity to practice his or her profession.  See Massachusetts Medical Soc. v. Dukakis, 815 F.2d 790, 797 (1st Cir.1987).

In this case, Partem does not allege that the State Board of Medicine denied her an unrestricted license on account of her dishonesty, crime, or immorality.  Rather, she alleges that the State Board denied her an unrestricted license because she has not obtained a passing score on Step 3 of the Examination, which the State Board also requires of U.S.-born doctors. Amended Complaint, Exhibit F (April 19, 2006 letter from the State Board to Partem informing her that it "cannot waive exam scores set by the National Board of Medical Examiners and the Federation of State Medical Boards").  As a matter of law, the requirement that applicants obtain a passing score on Step 3 of the Examination is rationally related to the Commonwealth of Pennsylvania's interest in licensing only competent physicians.  Compare Massachusetts Medical Soc. v. Dukakis, supra, 815 F.2d at 797 (dismissing procedural due process claim because there is nothing irrational about Massachusetts requirement that doctors entering the profession promise to follow rule against balance bidding).

Because Partem has not indicated any facts suggesting that the State Board's denial of a license based on her failure to obtain a passing score on Step 3 of the Examination imposed a stigma that forecloses her freedom to take advantage of other employment opportunities, she fails to allege the deprivation of a protected liberty interest and her procedural due process claim fails as a matter of law.

Partem Fails to Allege Conspiracy with the Requisite Specificity

In Count IV of her amended complaint, Partem asserts a Section 1985 conspiracy claim against all defendants, including Commonwealth defendants.  In the Third Circuit, it is long settled that conspiracy claims, including claims under Section 1985, must be pled with factual specificity.  D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1346, 1377 (3d Cir.1992), cert. denied, 506 U.S. 1079 (1993); Robinson v. McCorkle, 462 F.2d 111, 113-14 (3d Cir.), cert. denied, 409 U.S. 1042 (1972); Kelleher v. City of Reading, 2001 WL 1132401, *2 (E.D.Pa. 2001).  A general averment or mere conclusory allegation that the defendants conspired with one another to deprive plaintiff of his or her constitutional rights is not enough.  Mintz v. U.S., 2000 WL 486609, *3 (E.D.Pa. 2000)(granting motion to dismiss conspiracy claim for lack of factual specificity); Hill v. Borough of Swarthmore, 4 F. Supp.2d 395, 398  (E.D.Pa.1998) (dismissing § 1985 claim where plaintiff did not allege conspiracy with sufficient factual specificity); Allstate Transp. Co., Inc. v. Southeastern Pennsylvania Transp. Authority, 1997 WL 666178, *10 (E.D.Pa. 1997)(same).  Rather, the plaintiff must allege facts showing an agreement between two or more parties.  Allstate (citing Ianelli v. U.S., 420 U.S. 770, 777 (1975).  The plaintiff must also allege facts showing that the agreement was entered into for the purpose of denying equal protection of the laws.  Id. (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 275-276 (1993)).

In this case, Partem does not allege any facts showing that Commonwealth defendants entered into an agreement with others for the purpose of denying her equal protection or due process.  Instead, she makes only general averments or conclusory allegations of conspiracy. See, e.g., Amended Complaint, ¶ 82 ("Defendants have conspired with each other, and their respective deputies, assistants, agent and employees, to deprive Plaintiff of her right to equal

protection of the laws", etc.).  Because the Third Circuit and its district courts have determined

that such conclusory allegations are legally insufficient to state a conspiracy claim, Partem's

Section 1985 claim should be dismissed.


     Partem's Section 1986 Claim Fails as a Matter of Law

       In Count V of her amended complaint, Partem asserts a Section 1986 claim against all

defendants, including Commonwealth defendants.  Relief under Section 1986 is predicated upon

the plaintiff's successful averment of a cause of action under Section 1985.  Armstrong v. School

Dist. of Philadelphia,  597 F.Supp. 1309, 1314 (E.D. Pa.1984)(citing Rogin v. Bensalem Tp., 616

F.2d 680, 696 (3d Cir.1980), *cert. denied,* 450 U.S. 1029 (1981).  Because Partem has failed to

state a viable claim under Section 1985, her Section 1986 claim fails as well.  Armstrong, *supra.*

CONCLUSION

For all the reasons stated above, Partem's amended complaint against Commonwealth defendants should be dismissed in its entirety.

Respectfully submitted,

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY:     s/ Beth Anne Smith
        Beth Anne Smith
        Senior Deputy Attorney General
        Identification No. 47162

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

<u>CERTIFICATE OF SERVICE</u>

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that on July 24, 2006, Commonwealth defendants' motion to dismiss Partem's amended complaint was filed electronically and is available for viewing and downloading from the ECF system.  I further certify that on the same date, a true and correct copy of said document was served by regular United States mail, postage prepaid to:

> Frank Finch, III, Esquire
> Two Penn Center Plaza
> 15th and Kennedy Boulevard
> Suite 950
> Philadelphia, PA 19102

and by electronic notification to registered ECF users Neil J. Hamburg, Esquire at hamburgnj@hamburg-golden.com and Craig D. Ginsburg, Esquire at ginsburgcd@hamburg-golden.com.

 

 

 

          THOMAS W. CORBETT, JR.
          ATTORNEY GENERAL

BY:   <u>s/ Beth Anne Smith</u>
          Beth Anne Smith
          Senior Deputy Attorney General
          Identification No. 47162

          Susan J. Forney
          Chief Deputy Attorney General
          Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130