IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE M. PARTEM, M.D., | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) |
| NATIONAL BOARD OF MEDICAL | ) NO. 06-CV-2019 |
| EXAMINERS, et al., | ) |

**ORDER**

AND NOW, this       day of                    2006, it is hereby ORDERED and DECREED as follows:

1. Defendants', the National Board of Medical Examiners, Federation of State Medical Boards of the United States, Inc., Dr. Donald E. Melnick, and Dale L. Austin, Motion For Leave of Court to Take Plaintiff's Deposition and to Conduct Follow Up Discovery From It, After the December 1, 2006, Discovery Deadline, is GRANTED.

2. Defendants may, after December 1, 2006, take plaintiff's deposition and conduct follow up discovery based on plaintiff's deposition.

_____
William H. Yohn, Jr., Judge

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| LESLIE M. PARTEM, M.D.,          ) | |
|                                   ) | CIVIL ACTION |
|           v.                      ) | |
|                                   ) | |
| NATIONAL BOARD OF MEDICAL         ) | NO. 06-CV-2019 |
| EXAMINERS, et al.,                ) | |

**DEFENDANTS' MOTION FOR LEAVE OF COURT TO TAKE PLAINTIFF'S DEPOSITION AND CONDUCT FOLLOW-UP DISCOVERY FROM IT AFTER THE <u>DECEMBER 1, 2006, DISCOVERY DEADLINE</u>**

Defendants, the National Board of Medical Examiners, Federation of State Medical Boards of the United States, Inc., Dr. Donald E. Melnick, and Dale L. Austin seek leave of court to conduct a limited amount of discovery after the December 1, 2006, fact discovery deadline. Defendants seek leave to take plaintiff's, Dr. Leslie Partem, deposition and follow up discovery from Dr. Partem's deposition. Dr. Partem has declined to be deposed on the basis that under the Court's Order dated October 6, 2006, she has until November 30, 2006, to identify an attorney.

CDG3901
Neil J. Hamburg, Esquire
Craig D. Ginsburg, Esquire
Id. Nos. 32175 and 56445
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590

Attorneys for Defendants
National Board of Medical
Examiners and Federation of
State Medical Boards of the
United States, Inc.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LESLIE M. PARTEM, M.D., | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | |
| NATIONAL BOARD OF MEDICAL | ) | NO. 06-CV-2019 |
| EXAMINERS, et al., | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE OF COURT TO TAKE PLAINTIFF'S DEPOSITION AND CONDUCT FOLLOW-UP DISCOVERY FROM IT AFTER THE DECEMBER 1, 2006, DISCOVERY DEADLINE**

**I.  INTRODUCTION**

This Court's July 6, 2006, Scheduling Order (Doc. 17)(Exhibit 1) sets December 1, 2006 as the deadline for fact discovery.  Defendants, the National Board of Medical Examiners, Federation of State Medical Boards of the United States, Inc., Dr. Donald E. Melnick, and Dale L. Austin, seek leave of court to take the deposition of plaintiff, Dr. Leslie Partem, and to conduct further discovery based on her deposition after the December 1 deadline.

**II.  FACTS**

Plaintiff claims she is seeking new counsel and, on that basis, has refused to engage in discovery.

An August 2, 2006, Order (Exhibit 2)(Doc. 27) permitted plaintiff's former counsel to withdraw his appearance as her lawyer.  Her former counsel filed his withdrawal (Doc. 28) on August 2.

2

Another August 2 Order (Doc. 29)(Exhibit 3) postponed a hearing on plaintiff's preliminary injunction motion ". . . indefinitely pending the entry of appearance of new counsel for the plaintiff or her advising the court that she desires to proceed with the hearing pro se."  August 2, 2006, Order, ¶3 (Exhibit 3).

Plaintiff has not stated she wishes to proceed pro se. Rather, she has consistently maintained she is actively seeking counsel and, on that ground, has obtained from the Court two extensions of time to retain counsel and respond to pending motions.  September 6, 2006 Order (Doc. 30) and October 6, 2006, Order (Doc. 31).  The most recent extension of time gives plaintiff until November 30 to find new counsel and December 20 to respond to pending motions to dismiss.

In August, plaintiff refused to answer defendants' requests for admissions stating that "[w]hether I shall answer the questionnaire or not will be decided by my attorney." August 28, 2006, Partem letter (Exhibit 4).  Defendants, therefore, expected to be contacted by a lawyer, but were not. Plaintiff has not responded to defendants' Requests for Admissions.

Defendants requested plaintiff's deposition, but she refused to attend asserting she has "until November 30 to

3

identify an attorney . . . ." November 18, 2006, Partem letter (Exhibit 5).

**III. ARGUMENT**

Defendants have been diligent in their discovery efforts, but plaintiff has been unwilling to engage in discovery because she wishes to be represented by counsel on all matters in this case, including discovery.

Allowing defendants to take limited discovery after the December 1 deadline does not prejudice plaintiff. She will not have to spend unreasonable amounts of time on discovery because defendants are seeking a very reasonable amount of discovery. The Court recognized in its July 6 Scheduling Order that discovery can be conducted by agreement after the December 1 deadline "so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted." July 6 Order, p.1, ¶2 (Doc. 17). The discovery requested here will not delay a trial or disrupt trial preparation.

Defendants will be prejudiced if they are not allowed to take plaintiff's deposition because it is a critical opportunity to discover facts that can be presented at trial in support of defendants' case. Plaintiff should not be permitted to foreclose discovery by delaying identification of her counsel.

4

**IV. CONCLUSION**

      For the reasons stated above, defendants respectfully request this Court to grant their foregoing motion.

                            Respectfully submitted,

                            CDG3901
                            Neil J. Hamburg, Esquire
                            Craig D. Ginsburg, Esquire
                            Id. Nos. 32175 and 56445
                            HAMBURG & GOLDEN, P.C.
                            1601 Market Street, Suite 3310
                            Philadelphia, PA 19103-1443
                            (215) 255-8590

                            Attorneys for Defendants
                            National Board of Medical
                            Examiners and Federation of
                            State Medical Boards of the
                            United States, Inc.

**CERTIFICATE OF SERVICE**

I, Craig D. Ginsburg, certify that on November 29, 2006, the foregoing Motion for Leave to Take Plaintiff's Deposition and proposed order have been filed electronically and are now available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that I served a copy of the foregoing motion, memorandum, and proposed order by regular mail on:

>Leslie Partem, M.D.
>23 Park Avenue, 2nd Floor
>Rockledge, PA 19046

>Beth Ann Smith, Esquire
>Office of the Attorney General
>Commonwealth of Pennsylvania
>Civil Law Division, Eastern Regional Office
>21 South 12th Street
>Philadelphia, PA  19107-3603

>CDG3901
>Craig D. Ginsburg